# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 NOV 22  PM 2: 43

DEPUTY CLERK _____

3-17 CV 3203 -L

Steven S. Sims
_____
Plaintiff

v.

Civil Action No. _____

United States, Rosaline Chatham-Sims, et al
_____
Defendant

## COMPLAINT

I have electronic device(s) implanted inside of me that I just learned were there. They were put there without my knowledge, and without my consent. Somehow, my ex-wife knew about it the whole time. The device has a shocking component that sends a charge to my body when I don't comply. It was used during my marriage by my wife, and is used now by an unnamed federal agent. I'm seeking Monetary relief in the form of $1M for each count of culpable action per defendants and nonmonetary relief in the form of a Temporary Restraining Order and a Temporary Injunction. For more details please see attached Original Petition to be filed after receiving a response from the Appropriate person(s).

\* Attach additional pages as needed.

| | |
|---|---|
| Date | 11/21/17 |
| Signature | Sims |
| Print Name | STEVEN S. Sims |
| Address | P.O. Box 445511 |
| City, State, Zip | Gapland, TX 75049 |
| Telephone | (214) 429-8542 |

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **STEVEN S. SIMS,** | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| **V.** | ) | **CASE NO. _____** |
| | ) | |
| **THE UNITED STATES,** | ) | **JUDGE_____** |
| **ROSALINE CHATHAM-** | ) | |
| **SIMS et al,** | ) | |
| **DEFENDANTS** | ) | |

### PLAINTIFF'S ORIGINAL PETITION
### & APPLICATION FOR TEMPORARY RESTRAINING ORDER
### & REQUEST FOR DISCLOSURE

PLAINTIFF, STEVEN S. SIMS, SELF- REPRESENTED, FILES THIS ORIGINAL PETITION, AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND REQUEST FOR DISCLOSURE AGAINST DEFENDANTS BOTH IN THEIR OFFICAL AND UNOFFICIAL CAPATICY, ROSALINE CHATHAM-SIMS, GARLAND POLICE DEPARTMENT; DALLAS POLICE DEPARTMENT; DALLAS COUNTY (DISTRICT ATTORNEY'S OFFICE, PARKLAND HOSPITAL); CITY OF DALLAS; GARLAND INDEPENDENT SCHOOL DISTRICT; DALLAS FIRE DEPARTMENT; INTERNAL REVENUE SERVICE DALLAS OFFICE; FEDERAL BUREAU OF INVESTIGATION DALLAS FIELD OFFICE; STATE OF TEXAS (TEXAS RANGERS GARLAND OFFICE); STATE OF TEXAS CHILD SUPPORT DIVISION, JOHN DOE, AND JOHN DOE BUSINESS, AND ALLEGES AS FOLLOWS:

### 1.  DISCOVERY CONTROL PLAN

1.1 PLAINTIFF INTENDS TO CONDUCT DISCOVERY UNDER LEVEL 3 OF TEXAS RULE OF CIVIL PROCEDURE {190.4} AND AFFIRMATIVELY PLEADS THAT THIS SUIT IS NOT GOVERNED BY THE EXPEDITED-ACTIONS PROCESS IN TEXAS RULE OF CIVIL PROCEDURE 169 BECAUSE HE SEEKS INJUNCTIVE RELIEF, AND BECAUSE OF THE COMPLEXITY OF THE FACTUAL ISSUES.

## 2. CLAIM FOR RELIEF

2.1 PLAINTIFF SEEKS MONETARY RELIEF OVER $1M FOR EACH COUNT OF CULPABLE CONDUCT. PLAINTIFF BASES THIS AMOUNT ON THE $1.5M A JURY AWARDED CRAIG TOBIN IN DAMAGES IN HIS WRONGFUL ARREST AND CONSPIRACY CASE AGAINST CHICAGO POLICE OFFICERS. PLAINTIFF ALSO SEEKS NONMONETARY RELIEF IN THE TEMPORARY RESTRAINING ORDER ATTACHED TO THIS DOCUMENT.

2.2 PLAINTIFF'S AGREED DIVORCE DECREE IS MARRED BY FRAUD, WHICH REQUIRES THE COURT TO SET ASIDE COURT ORDERED CHILD SUPPORT BASED ON THE DIVORCE DECREE TO AVOID UNJUST ENRICHMENT. MARTIN V. CADLE CO.,133 S.W.3D 897,903 (TEX. APP.-DALLAS 2004, PET DENIED).

## PARTIES

## 3. PLAINTIFF

3.1 THE PLAINTIFF IN THE CASE IS STEVEN S. SIMS, WHO IS CURRENTLY HOMELESS, BUT CAN BE REACHED BY PHONE AT (214)429-8542, AND AT P.O. BOX 495511, GARLAND, TEXAS, 75049.

## 4. PERSONS WITH KNOWLEDGE OF RELEVANT FACTS

4.1 THE PERSONS WITH KNOWLEDGE OF RELEVANT FACTS IN THE CASE AT THIS TIME ARE AS FOLLOWS:

1. ROSALINE CHATHAM-SIMS, 705 MIDDLE GLEN DRIVE, GARLAND, TX, 75043

2. MICHEL L. SIMS *9800 Harry Hines Dallas, TX 75220*

3. THOMAS WILLIAMS, 1203 VICTORIA AVE., NAVASOTA, TX 77868

4. CAYE MOSES, ADDRESS UNKNOWN

5. WINFRED PARNELL, 7777 FOREST LANE STE. D-560, DALLAS, TX 75230

6. JANE DOE, SECRETARY FOR GARLAND POLICE CHIEF, 1891

FOREST LANE, GARLAND, TX
75042

7.  JANE DOE BUSINESS

8.  GARLAND ISD PRINCIPAL DARREN
    HEMPHILL, 4655 S. COUNTRY
    CLUB RD., GARLAND, TX, 75043

9.  G. CHRISTOPHER BATES, 1406
    NOMAS ST., DALLAS, TX 75212
    (214)742-2022

10. RANDALL RICHARDS, 2309
    FRANKLIN DR, MESQUITE, TX 75150

11. TERRENCE PERKINS, 1143
    CARBONA DR., DALLAS, TX 75217
    (214)524-9334

12. RICKY ROSS, 4802 CAVALCADE RD.,
    HOUSTON, TX 77026

13. RICHARD CARMICHAEL, 8035 EAST
    R.L. THORNTON FWY #424, DALLAS,
    TX 75228 (214)984-3362, (469)328-
    4767

14. GARLAND POLICE CHIEF MITCH
    BATES, 1891 FOREST LANE,
    GARLAND, TX 75042

15. GARLAND ISD STAFF GRADYNE
    BROWN, 501 S. JUPITER RD.,
    GARLAND, TX 75042-710

16. GARLAND POLICE OFFICER
    JAMES BREZIK, 1891 FOREST
    LANE, GARLAND, TX 75042

17. GARLAND POLICE OFFICER
    GREGORY HUNTER, 1891 FOREST
    LANE, GARLAND, TX 75042

18. CITY OF DALLAS EMPLOYEE JO
    GUIDICE, 1515 YOUNG ST.,
    DALLAS, TX 75201

19. GARLAND ISD JOHNATHAN
    JENKINS, 3505 HAYMAN DR.,
    GARLAND, TX 75043

20. GARLAND POLICE DETECTIVE
    JOHN SPEARA, 1891 FOREST
    LANE, GARLAND, TX 75042

21. INTERNAL REVENUE SERVICE
    DALLAS OFFICE MANAGER
    JOHNNY HOLIDAY, 1100
    COMMERCE ST., DALLAS, TX,
    75242

22. TAMU POLICE OFFICER JOSH
    DELEON, 1111 RESEARCH PKWY.,
    COLLEGE STATION, TX 77845

23. STATE OF TEXAS LICENSED
    ATTORNEY JUSTIN GRAHAM,
    LAST KNOWN ADDRESS-501 S.
    JUPITER RD., GARLAND, TX,
    75042

24. STATE OF TEXAS LICENSED ATTORNEY JOE TANGUMA-CURRENT ADDRESS UNKNOWN

25. STATE OF TEXAS ATTORNEY GENERAL KEN PAXTON, 300 W. 15TH ST., AUSTIN, TX, 78701

26. STATE OF TEXAS JUDGE KEN TAPSCOTT, 600 COMMERCE ST., #575, DALLAS, TX, 75202

27. STATE OF TEXAS JUDGE MARTIN E. RICHTER-ADDRESS UNKNOWN

28. GARLAND ISD KENDALL MILLER, 3505 HAYMAN DR., GARLAND, TX 75043

29. DALLAS COUNTY DISTRICT ASST. ATTY KEVIN BROOKS, 133 N. RIVERFRONT BLVD. L.B.19, DALLAS, TX, 75207

30. GARLAND POLICE LIEUTENANT HOLMES, 1891 FOREST LANE, GARLAND, TX, 75042

31. GARLAND ISD EMPLOYEE MARK A. PRINE, 501 S. JUPITER RD., GARLAND, TX, 75042

32. GARLAND POLICE DEPARTMENT, 1891 FOREST LANE, GARLAND, TX 75042

33. DALLAS POLICE DEPARTMENT, 1400 LAMAR ST., DALLAS, TX 75215

34. DALLAS POLICE OFFICER LEHOCKY, 1400 LAMAR ST., DALLAS, TX 75215

35. DALLAS COUNTY'S PARKLAND HOSPITAL, 5201 HARRY HINES BLVD., DALLAS, TX 75235-7708

36. STATE OF TEXAS HEALTH AND HUMAN SERVICES EMPLOYEE JUANA SALOMA ACOSTA, 1345 RIVER BEND DR., STE. 200, DALLAS, TX 75247

37. STATE OF TEXAS HEALTH AND HUMAN SERVICES EMPLOYEE SAM MARTIN, 1818 CORSICANA ST., DALLAS, TX 75201

38. GARLAND ISD EMPLOYEE SUSAN TROUT, 3505 HAYMAN DR., GARLAND, TX 75043

39. GARLAND ISD TERRENEE KNIGHT, 3505 HAYMAN DR., GARLAND, TX 75043

40. TEXAS MEDICAL BOARD, 333 GUADALUPE TOWER 3, STE. 610, AUSTIN, TX, 78701

4

41. DALLAS POLICE CHIEF ULYSHA
HALL, 1400 LAMAR ST., DALLAS,
TX, 75215

42. DALLAS COUNTY PARKLAND
HOSPITAL EMPLOYEE WENDIE
RENEE WILLIAMS, CURRENT
ADDRESS UNKNOWN

43. GARLAND ISD EMPLOYEE
WILLIAM ELLIS, 3505 HAYMAN
DR., GARLAND, TX, 75043

44. GARLAND POLICE OFFICER W.S.
COFFEY, 1891 FOREST LANE,
GARLAND, TX 75042

45. DALLAS COUNTY HEALTH
ADMINITRATOR ZACHARY
THOMPSON, 2377 N. STEMMONS
FWY., DALLAS, TX 75207-2710

46. STATE OF TEXAS LICENSED
ATTORNEY CRAIG BONHAM, 500
ELM ST., DALLAS, TX 75202

47. HURST-EULESS-BEDFORD ISD
EMPLOYEE MIKE FIELDER, 1501
CENTRAL DRIVE, BEDFORD, TX
76022

48. DALLAS FIRE DEPARTMENT, 1551
BAYLOR ST., DALLAS, TX 75226

## 5. JURISDICTION

5.1 THE CONSTITUTION AND 28 U.S.C. $ 1332 VEST FEDERAL COURTS WITH
JURISDICTION TO HEAR CASES THAT "ARISE UNDER THE CONSTITUTION [OR] THE
LAWS OF THE UNITED STATES." U.S. CONST. ART III $ 2.

5.2 THE COURT HAS JURISDICTION IN THESE MULTIPLE CLAIMS INVOLVING
FRAUD/MISREPRESENTATION WITH CONSPIRACY, THE INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS WITH CONSPIRACY, ARSON WITH CONSPIRACY, ABUSE
OF POWER WITH CONSPIRACY, DEFAMATION WITH CONSPIRACY, OFFICIAL
OPPRESSION WITH CONSPIRACY, VIOLATION OF HIPAA WITH CONSPIRACY,
INVASION OF PRIVACY WITH CONSPIRACY, VIOLATION OF WIRETAPPING ACT
WITH CONSPIRACY, WRONGFUL DEATH WITH CONSPIRACY, AGGRAVATED
PERJURY WITH CONSPIRACY, VIOLATION OF CIVIL RIGHTS WITH CONSPIRACY,
AIDING AND ABETTING.

## 6. VENUE

6.1 VENUE FOR THIS SUIT IS MANDATORY IN DALLAS COUNTY UNDER TEXAS CIVIL PRACTICE & REMEDIES CODE SECTIONS 15.015 AND 15.0151 BECAUSE THIS SUIT IS AGAINST A SCHOOL DISTRICT, MUNICIPALITY, HOSPITAL AND/OR AUTHORITY LOCATED IN DALLAS COUNTY.

6.2 THIS COURT HAS JURISDICTION OF THIS CASE UNDER § 24.115 OF THE TEXAS GOVERNMENT CODE. AT ALL TIMES MATERIAL TO THE CAUSE OF ACTION DETAILED BELOW, PLAINTIFF AND DEFENDANT RESIDED IN THE STATE OF TEXAS. FURTHERMORE, THE ACTIONS COMPLAINED OF BELOW AROSE IN WHOLE OR IN PART IN DALLAS COUNTY, TEXAS.

## 7. FACTS

7.1 MEN WITH GREAT VISION ONCE SAID, "WE THE PEOPLE OF THE UNITED STATES, IN ORDER TO FORM A MORE PERFECT UNION, ESTABLISH JUSTICE, INSURE DOMESTIC TRANQUILITY, PROVIDE FOR THE COMMON DEFENSE, PROMOTE THE GENERAL WELFARE, AND SECURE THE BLESSINGS OF LIBERTY TO OURSELVES AND OUR POSTERITY DO ORDAIN AND ESTABLISH THIS CONSTITUTION OF THE UNITED STATES OF AMERICA." EVERY AMERICAN CITIZEN IS ENTITLED TO THESE SEVEN PURPOSES. THE PLAINTIFF WILL PROVE IN COURT THAT UNNAMED AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW AND OTHERS HAVE DEPRIVED PLAINTIFF OF EVERY ONE OF THESE ENTITLEMENTS.

### 7.2 **BIVENS CLAIM**

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW INTRUDED ON PLAINTIFF'S SECLUSION BY HAVING HEALTH CARE PROVIDER(S) IMPLANT ELECTRONIC DEVICE(S) INSIDE OF PLAINTIFF'S HABITUS WITHOUT HIS KNOWLEDGE AND WITHOUT HIS CONSENT, AND USING THE DEVICE(S) ON THE PLANITIFF TO LISTEN TO HIM AND/OR RECORDING HIS WORDS, MONITOR HIM BY TRACKING HIS MOVEMENTS, AND MODIFY HIS BEHAVIOR BY SENDING ELECTRIC CHARGE(S) TO HIS NECK, HEART, AND BLADDER.

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW TOOK PLAINTIFF'S SUGGESTIONS AND INVENTION IDEAS AND DEVELOPED THEM WITHOUT SHARIG REVENUE OR ROYALTIES WITH PLAINTIFF.

7.21 A BLADDER SLING THAT WAS IMPLANTED INSIDE OF THE PLAINTIFF WITHOUT HIS KNOWLEDGE AND WITHOUT HIS CONSENT IS BEING USED IN SUCH A WAY THAT WHEN THE PLAINTIFF'S SNORING DISTURBS THE SLEEP OF UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HE ACTIVATES THE BLADDER SLING WHICH CAUSES THE PLAINTIFF TO WAKE UP AND RUSH TO THE BATHROOM BEFORE HE SOILS HIS CLOTHES.

THIS EVENT IS REPEATED NIGHTLY SO THAT THE PLAINTIFF CAN ONLY GET 60-90 MINUTES OF CONSTANT SLEEP. AFTER THE PLAINTIFF EXPLAINED TO HIS PHYSICIAN, DR. HOWARD ANDERSON JR., THAT IT'S ONLY TRIGGERED AT NIGHT BUT NEVER DURING THE DAYTIME, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW STARTED ACTIVATING THE DEVICE WHILE THE PLAINTIFF IS WORKING. THIS IS EMBARASSING AND HUMILIATING.

7.22 AN ELECTRONIC DEVICE THAT WAS IMPLANTED INSIDE OF PLAINTIFF'S LOWER NECK/SHOULDER AREA WITHOUT HIS NKOWLEDGE AND WITHOUT HIS CONSENT IS BEING USED IN SUCH A WAY THAT WHEN THE PLAINTIFF CATCHES DART TRANSPORTATION UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVATE IT AND INFLICT PAIN ON PLAINTIFF.

THE DEVICE IS ALSO ACTIVATED WHEN THE PLAINTIFF STARTS TO HAVE A CONVERSATION WITH ANY PERSON(S). THE PLAINTIFF'S WIFE USED IT TO WIN ARGUMENTS AGAINST HIM. UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ALSO ACTIVATED THE DEVICE ON SUNDAYS AND WEDNESDAYS WHEN PLAINTIFF TRIED TO PREACH A SERMON OR TEACH A BIBLE STUDY LESSON.

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVATED THE DEVICE WHEN THE PLAINTIFF SENT HIS EX-WIFE A TEXT MESSAGE STATING THAT HE DIDN'T WANT TO HAVE SEX, BUT WHEN SHE RIPPED OFF HIS SHIRT HE COMPLIED WITH HER REQUEST.

7

PLAINTIFF HAS LIMITED MOBILITY WITH LIFTING HIS HANDS OVER HIS HEAD. HE ALSO LOST ROTATION IN SHOULDER CUPS.

7.23 AN ELECTRONIC DEVICE THAT IS ANCHORED AT THE PLAINTIFF'S SHOULDERS AND WRAPS AROUND HIS HEART WITHOUT HIS KNOWLEDGE AND WITHOUT HIS CONSENT IS USED IN SUCH A WAY THAT WHEN UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVATE IT PLAINTIFF EXHIBITS ALL OF THE SIGNS OF HAVING A HEART ATTACK.

THIS DEVICE IS ACTIVATED AT LEAST TWICE A DAY EVERY DAY. THE PLAINTIFF FIRST NOTICED THIS AFTER A PROCEDURE WAS PERFORMED ON HIM AT BAYLOR HOSPITAL IN DALLAS, TEXAS.

USE OF ANY PREVIOUSLY DESCRIBED DEVICE(S) TO LISTEN TO OR RECORD THE PLAINTIFF TALKING IS A VIOLATION OF PLAINTIFF'S RIGHT TO BE SECURE IN HIS PERSON.

USE OF ANY PREVIOUSLY DESCRIBED DEVICE BY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW TO INTENTIONALLY DISTRESS, PUNISH, HARASS, OPPRESS, OR HUMILIATE THE PLAINTIFF IS ILLEGAL.

7.3 ON MARCH 7, 2015 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW TOLD DEFENDANT ROSALINE CHATHAM-SIMS THE WHEREABOUTS OF HER HUSBAND, THE PLAINTIFF, (WENT DOWN TO WFAA-TV TO TRY TO TALK WITH REPORTERS) WHICH SHE USED TO CONFRONT PLAINTIFF WHEN HE RETURNED HOME.

DURING THE WEEK OF MARCH 11-18, 2015, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW KNOWINGLY AND WILLFULLY ATTEMPTED TO MURDER PLAINTIFF AS HE STAYED AT A LOCAL METAL HOSPITAL. UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW CONSPIRED WITH DEFENDANT ROSALINE CHATHAM-SIMS TO CARRY OUT HER REQUEST.

ON SATURDAY, NOVEMBER 11, 2017 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW INTRUDED ON PLAINTIFF'S SECLUSION BY IMPLANTING AN ELECTRONIC DEVICE INSIDE OF PLAINTIFF'S BROTHER'S BODY AND ACTIVATING IT IN THE PRESENCE OF PLAINTIFF. THIS WAS DONE TO INFLICT PAIN ON PLAINTIFF.

IN DECEMBER OF 2015, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW INTRUDED PLAINTIFF'S SECLUSION BY IMPLANTING AN ELECTRONIC DEVICE INSIDE OF PLAINTIFF'S MOTHER'S BODY WHILE SHE WAS ON LIFE SUPPORT, AND ACTIVATING IT IN THE PRESENCE OF PLAINTIFF AND HIS FAMILY MEMBERS. THIS WAS DONE TO INFLICT EMOTIONAL DITRESS ON PLAINTIFF.

IN DECEMBER OF 2015, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW INTRUDED PLAINTIFF'S SECLUSION BY HAVING PLAINTIFF'S MOTHER INVOLVED IN AN ACCIDENT WHICH ALSO CAUSED EMOTIONAL DISTRESS ON PLAINTIFF AND PHYSICAL STRESS ON PLAINTIFF'S MOTHER WHO COMPLAINED OF HAVING A HEADACHE FROM THE TIME OF THE ACCIDENT UNTIL THE DAY SHE HAD AN ANEURISM AND WAS RUSHED TO THE HOSPITAL.

7.4 ON OCTOBER 10, 2017 PLAINTIFF LEARNED FROM A CT SCAN REPORT THAT THERE IS AN ELECTRONIC DEVICE IMPLANTED IN HIS SHOULDER MUSCLE (EXHIBIT 1).

7.5 ON THURSDAY, NOVEMBER 9, 2017, AT 7505 N. MACARTHUR BLVD., IRVING, TEXAS, 75062, DALLAS COUNTY, TEXAS, DEFENDANTS TRIGGERED THIS ELECTRONIC DEVICE TO INFLICT PAIN ON PLAINTIFF (EXHIBIT 2).

7.6 PLAINTIFF LEFT WORK EARLY AND WAS TOLD BY SUPERVISOR NOT TO RETURN TO WORK UNTIL PROPER STEPS HAVE BEEN TAKEN TO PREVENT FUTURE EVENTS FROM HAPPENING.

7.7 THIS IS THE SECOND JOB IN SIX MONTHS THAT PLAINTIFF HAD TO LEAVE EARLY BECAUSE DEFENDANTS TRIGGERED THE DEVICE. REPEATED INJURY IN THIS CASE SUPPORTS A "CONTINUING TORT" CLAIM.

7.8 THIS DEVICE WAS IMPLANTED INSIDE OF PLAINTIFF'S BODY WITHOUT HIS KNOWLEDGE AND WITHOUT HIS CONSENT. PLAINTIFF'S 4TH AMENDMENT RIGHTS HAVE BEEN VIOLATED.

7.9 THE DISCOVERY RULE DEFERS ACCRUAL OF A CAUSE OF ACTION UNTIL PLAINTIFF KNOWS OR SHOULD HAVE KNOWN OF THE FACTS GIVING RISE TO THE CAUSE OF ACTION. THE NATURE OF PLAINTIFF'S INJURY IS INHERENTLY UNDISCOVERABLE AND THE EVIDENCE OF THE INJURY IS OBJECTIVELY VERIFIABLE.

7.10 ALTHOUGH PLAINTIFF WAS NOT IMMEDIATELY AWARE OF THE SOURCE OF HIS PAIN, HIS FORMER WIFE, DEFENDANT ROSALINE CHATHAM-SIMS, KNEW ALL ALONG WHAT WAS DONE TO PLAINTIFF. THE NONDISCLOSURE OF THESE EVENTS SUPPORTS A CAUSE OF FRAUD. A CONTRACT MADE IN CONSIDERATION OF MARRIAGE IS SUBJECT TO THE STATUTE OF FRAUDS. Tex. Bus. &Com. Code $26.01(b)(3).

7.11 DEFENDANT DOES NOT WORK IN THE HEALTH FIELD. THEREFORE, IN ORDER FOR HER TO KNOW DETAILS ABOUT WHAT WAS DONE TO PLAINTIFF THERE HAD TO BE DISCUSSION BETWEEN HER AND OTHERS WHICH SUPPORTS PLAINTIFF'S CLAIM OF CONSPIRACY.

7.12 A PROMISE OR WARRANTY MADE BY A PHYSICIAN OR HEALTH CARE PROVIDER THAT RELATES TO MEDICAL CARE OR THE RESULT OF CARE IS SUBJECT TO THE STATUTE OF FRAUDS. Tex. Bus. & Com. Code $26.01(b)(8);Sterrett v. Jacobs, 118 S.W.3d 877, 879 (Tex App.-Texarkana 2003, pet. Denied);Tex. Civ. Prac. & Rem. Code $74.001(a)(12), (a)(19).

7.13 PARAMEDICS CALLED TO THE SCENE STATED THAT DAMAGE TO PLAINTIFF'S HEART IS IRREPARABLE AS THE HEART DOESN'T REGENERATE MUSCLE.


PLAINTIFF ATTACHES AN AFFIDAVIT AS EXHIBIT A THAT PROVES AT LEAST A SCINTILLA OF THE ALLEGATIONS IN THIS APPLICATION FOR INJUNCTIVE RELIEF AND INCORPORATES IT BY REFERENCE.

### 8. COUNT 1- FRAUD BY NONDISCLOSURE WITH CONSPIRACY

8.11 DEFENDANTS CONCEALED FROM OR FAILED TO DISCLOSE CERTAIN FACTS TO PLAINTIFF. DEFENDANTS HAD A DUTY TO DISCLOSE THE FACTS THAT WERE MATERIAL TO PLAINTIFF.

8.12 DEFENDANTS KNEW PLAINTIFF WAS IGNORANT OF THE FACTS, AND PLAINTIFF DID NOT HAVE AN EQUAL OPPORTUNITY TO DISCOVER THE FACTS.

8.13 DEFENDANTS WERE DELIBERATELY SILENT WHEN THEY HAD A DUTY TO SPEAK. BY FAILING TO DISCLOSE THE FACTS, DEFENDANTS INTENDED TO INDUCE PLAINTIFF TO TAKE SOME ACTION OR REFRAIN FROM ACTING.

8.14 PLAINTIFF RELIED ON DEFENDANTS' NONDISCLOSURE. PLAINTIFF WAS INJURED AS A RESULT OF ACTING WITHOUT THE KNOWLEDGE OF THE UNDISCLOSED FACTS.

8.15 DEFENDANT ROSALINE CHATHAM-SIMS DISCLOSED TO OTHERS WITHOUT DISCLOSING TO PLAINTIFF THAT PLAINTIFF WAS NOT THE BIOLOGICAL FATHER OF CHILD(REN) BORN DURING THEIR MARRIAGE.

8.16 DEFENDANT HAD A DUTY TO DISCLOSE THIS FACT IN THAT THE PLAINTIFF HAD A FIDUCIARY RELATIONSHIP WITH DEFENDANT.

8.17 DEFENDANT BREACHED ITS FUDICIARY DUTY TO PLAINTIFF. DEFENDANT'S BREACH RESULTED IN INJURY TO PLAINTIFF, AND BENEFIT TO DEFENDANT.

8.18 PLAINTIFF AGREED NOT TO PURSUE PATERNITY TESTING AFTER DEFENDANT SWORE UNDER OATH BEFORE THE JUDGE THAT SHE NEVER CHEATED ON PLAINTIFF DURING THEIR MARRIAGE, AND THEREFORE COULD NOT HAVE HAD A CHILD BY ANY OTHER MAN.

8.19 PLAINTIFF WAS HARMED BY NOT HAVING THE OPTION OF DECIDING WHAT HIS ROLE WOULD BE IN THE LIFE OF THE CHILD(REN) FATHERED BY SOMEONE ELSE. PLAINTIFF SUPPORTED THE CHILD(REN) FINANCIALLY AND PHYSICALLY FROM BIRTH WITHOUT ANY ASSISTANCE FROM THE BIOLOGICAL FATHER(S).

8.19 PLAINTIFF SEEKS RELIEF AS OUTLINED IN DIVORCE DECREE WHICH STATES THAT DEFENDANT OWES PLAINTIFF $25,000 FOR EACH YEAR OF PATERNITY FRAUD.

8.120 DEFENDANT MICHAEL L. SIMS DISCLOSED TO OTHERS WITHOUT DISCLOSING TO PLAINTIFF THAT PLAINTIFF WAS RAISING A CHILD BORN DURING HIS MARRIAGE THAT WAS BIOLOGICALLY THE DEFENDANT'S, AND NOT THE PLAINTIFF.

8.121 DEFENDANT BREACHED ITS FUDICIARY DUTY TO PLAINTIFF. DEFENDANT'S BREACH RESULTED IN INJURY TO PLAINTIFF, AND BENEFIT TO DEFENDANT.

## 8.1 COUNT 2 – FRAUD BY FALSE PERSONATION WITH CONSPIRACY

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW IMPERSONATED EMPLOYEES OF THE UNITED STATES AND DEMANDED OR OBTAINED AN UNFAIR SUMMARY JUDGMENT AND PAYMENT OF ATTORNEY FEES.

## 8.2 COUNT 3 – FRAUD BY FALSE RECORDS WITH CONSPIRACY

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW KNOWINGLY AND WILLFULLY FALSIFIED, CONCEALED, OR COVERED UP BY A TRICK, SCHEME, OR DEVICE A MATERIAL FACT, MADE A MATERIALLY FALSE, FICTITIOUS, OR FRAUDULENT STATEMENT OR REPRESENTATION, AND MADE OR USED A FALSE WRITING OR DOCUMENT KNOWING THE SAME TO CONTAIN A MATERIALLY FALSE, FICTICIOUS, OR FRAUDULENT STATEMENT OR ENTRY.

8.31 ON OR ABOUT MARCH 2, 2015, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW MADE CONTACT WITH MICHAEL PARK, WHO PERFORMED A LIE DETECTOR TEST OF DEFENDANT ROSALINE CHATHAM-SIMS. HE ALSO DENIED PLAINTIFF THE PRIVILEGE TO RECORD THE EVENT. THEN FALSIFIED A DOCUMENT PRESENTED TO PLAINTIFF STATING THAT NO RECORDING WAS REQUESTED.

## 8.3 **COUNT 4 – FRAUD BY FALSE REPRESENTATION WITH CONSPIRACY**

BY CONDUCT- UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW MADE THE REPRESENTATION KNOWING IT WAS FALSE OR MADE THE REPRESENTATION RECKLESSLY.

8.41 ON NOVEMBER 9, 2017, ATTORNEY JACK DOWNING SUBMITTED AN OBJECTION TO DEPOSITION BY WRITTEN QUESTIONS TO THE COURT ON BEHALF OF JOCELYN SIMS. MR. DOWNING IS COUNSEL FOR ROSALINE CHATHAM-SIMS (ALTHOUGH HE NEVER ENTERED A MOTION FOR ENTRANCE OF COUNSEL) IN THIS CASE, BUT HE IS NOT LAWFULLY REPRESENTING JOCELYN SIMS. MR. DOWNING'S INSTRUMENT IS A FALSE REPRESENTATION.

## 8.4 **COUNT 5 – FRAUD BY FALSE PRETENSES WITH CONSPIRACY**

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW GAVE FALSE REPRESENTATIONS CONCERNING PAST OR PRESENT FACTS THAT WERE MADE WITH THE INTENT TO DEFRAUD PLAINTIFF.

8.51 ON MARCH 11, 2015, DEFENDANTS MITCH BATES, W.S. COFFEY, AND AN UNKNOWN GARLAND POLICE OFFICER TOOK PLAINTIFF TO A MENTAL HOSPITAL AFTER HIS WIFE FALSELY STATED THAT HE WAS PARANOID BECAUSE HE THOUGHT PEOPLE WERE FOLLOWING HIM, SCHIZOPHRENIC, BIPOLAR, AND HAVING AN EPISODE BECAUSE HE REFUSED TO TAKE HIS MEDICINE. DEFENDANTS KNEW THAT WHAT PLAINTIFF'S WIFE SAID WAS FALSE.

8.53 DEFENDANTS SECURED AND APOWW AGAINST PLAINTIFF WITHOUT HAVING A HEARING. SAID APOWW WAS NOT REQUESTED UNTIL A WEEK LATER WHEN THE EMERGENCY ROOM PHYSICIAN REFUSED TO SEND PLAINTIFF BACK TO THE MENTAL HOSPITAL WITHOUT SEEING THE APOWW.

8.54 PLAINTIFF SUFFERED GREAT EMOTIONAL DISTRESS WHILE IN THE MENTAL HOSPITAL, AND IS UNABLE TO TRUST ANYONE, INCLUDING LAW ENFORCEMENT, TO THIS VERY DAY.

### 8.5 COUNT 6 – FRAUD BY FALSIFICATION (OBSTRUCTING JUSTICE) WITH CONSPIRACY

8.61 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW KNOWINGLY ALTERED, DESTROYED, MUTILATED, CONCEALED, COVERED UP, FALSIFIED, OR MADE A FALSE ENTRY IN A RECORD, DOCUMENT, OR TANGIBLE OBJECT WITH THE INTENT TI IMPEDE, OBSTRUCT, OR INFLUENCE THE INVESTIGATION OR PROPER ADMINISTRATION OF A MATTER WITHIN THE JURISDICTION OF A DEPARTMENT OF THE UNITED STATES, OR IN RELATION TO OR CONTEMPLATION OF A MATTER OR CASE.

8.62 ON JULY 28, 2015, GREEN OAKS MENTAL HOSPITAL ATTORNEY ALEXIS JOHNSON CLAIMED THAT NO MEMBER(S) OF LAW ENFORCEMENT OR GOVERNMENT AGENCY STAYING OVERNIGHT IN THE SAME FACILITY AS PLAINTIFF.

8.63 COUNSEL HAD PLAINTIFF SIGN A RULE 11 AGREEMENT. COUNSEL THEN SUBMITTED THIS FALSE INSTRUMENT TO THE COURT.

8.64 THIS AGREEMENT IS A FALSIFICATION BECAUSE. PLAINTIFF TOLD COUNSEL THAT HE BELIEVED HE SURVIVED A MURDER ATTEMPT BY PERSON(S) WHO WORK(ED) IN LAW ENFORCEMENT.

8.65 PLAINTIFF WAS HARMED BECAUSE HE COULD NOT SECURE MATERIAL FACTS TO SUPPORT A CLAIM OF CONSPIRACY TO COMMIT MURDER.

### 8.6 COUNT 7 – FRAUD BY FRAUDULENT CONCEALMENT WITH CONSPIRACY

8.71 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW USED DECEPTION TO CONCEAL THE TORT. DEFENDANT HAD A DUTY TO DISCLOSE INFORMATION AND ITS SILENCE PREVENTED PLAINTIFF FROM DISCOVERING THE DEFENDANTS' WRONG.

8.72 PURPOSEFUL CONCEALMENT IS CREATED WHEN DEFENDANTS HAD A FIXED PURPOSE TO CONCEAL THE FACTS THE PLAINTIFF NEEDED TO DISCOVER THAT A CAUSE OF ACTION HAD ACCRUED.

8.73 DEFENDANT ROSALINE CHATHAM-SIMS INSTRUCTED LANCE SLOVES TO WITHHOLD EVIDENCE HE WAS GENERATING FROM A FORENSIC ANALYSIS OF HER CELL PHONE FOR DELETED EMAILS AND TEXT MESSAGES.

8.74 MR. SLOVES THEN TOLD PLAINTIFF THAT HE COULDN'T PROVIDE PLAINTIFF WITH A COPY OF EVERYTHING FROM DEFENDANT'S CELL PHONE UNTIL LATER THAT DAY.

8.75 MR. SLOVES ALSO HAD ANOTHER GENTLE JOIN THE MEETING WITH PLAINTIFF AND DEFENDANT WHO PRETENDED TO BE OWNER IN PARTNERSHIP WITH HIM.

8.76 PLAINTIFF WAS HARMED BECAUSE HE COULD NOT SECURE MATERIAL FACTS TO SUPPORT A CLAIM OF INFIDELITY OR CONSPIRACY.

### 8.7 COUNT 8 – FRAUD BY MISREPRESENTATION WITH CONSPIRACY

8.81 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW FRAUDULENT CONCEALMENT PREVENTED PLAINTIFF FROM DISCOVERING THE DEFENDANTS' WRONG.

8.82 ON OCTOBER 5, 2015, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW MADE CONTACT WITH A.D. "SKIP" ENSLEY WHO WAS PERFORMING A SECOND POLYGRAGH EXAMINATION. MR. ENSLEY PRESENTED DEFENDANT WITH A LETTER STATING FACTS THAT WERE IN CONTRADICTION WITH WHAT LAB RESULTS SUGGESTED.

8.83 PLAINTIFF WAS HARMED BECAUSE HE COULD NOT SECURE MATERIAL FACTS TO SUPPORT A CLAIM OF CONSPIRACY OR INFIDELITY.

## 9. COUNT 9- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS WITH CONSPIRACY

9.1 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVATED DEVICE(S) INTENDED TO INFLICT PAIN UPON PLAINTIFF.

9.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTED INTENTIONALLY OR RECKLESSLY WITH CONDUCT THAT WAS EXTREME AND OUTRAGEOUS. THE ACTIONS OF THE UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW CAUSED THE PLAINTIFF EMOTIONAL DISTRESS AND THE EMOTIONAL DISTRESS SUFFERED BY THE PLAINTIFF WAS SEVERE.

9.3 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW CONDUCT PROXIMATELY CAUSED PLAINTIFF'S EMOTIONAL DISTRESS. NO ALTERNATIVE CAUSE OF ACTION WOULD PROVIDE A REMEDY FOR THE SEVERE EMOTIONAL DISTRESS CAUSED BY DEFENDANTS' CONDUCT.

9.4 PLAINTIFF IS SEEKING RELIEF IN HIS INDIVIDUAL CAPACITY.

9.5 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW CONDUCT WAS EXTREME AND OUTRAGEOUS, SO OUTRAGEOUS IN CHARACTER, AND EXTREME IN DEGREE, AS TO GO BEYOND ALL POSSIBLE BOUNDS OF DECENCY, AND TO BE REGARDED AS ATROCIOUS, AND UTTERLY INTOLERABLE IN A CIVILIZED COMMUNITY.

PLAINTIFF IS SO CONDITIONED BY HIS ABUSIVE WIFE CONSTANTLY SOLICITING PERSONS TO SEDUCE HIM THAT EVEN AS A SINGLE MAN WHEN HE SEES AN ATTRACTIVE WOMAN NOW HE ASSUMES IT'S A SETUP AND HE LOOKS FOR A SECOND PERSON WATCHING TO SEE HIS REACTION(S).

9.6 PLAINTIFF ASKS THE COURT TO CONSIDER THE COURSE OF HARASSING CONDUCT. Castro v.Castro, No. 13-13-00186-CV (Tex.App.-CorpusChristi 2014, pet.dism'd)(memo op.; 7-31-14)(party not exempt from liability merely because conduct occurred during troubled marriage).

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIONS CONSTITUTE A CONTINUING CAUSE OF ACTION. UNDER THE CONTINUING-TORT DOCTRINE, A CAUSE OF ACTION OF THIS NATURE ACCRUES WHEN THE ACTS COMPLAINED OF STOP, REGARDLESS OF WHETHER THE CLAIM IS BASED ON A SINGLE ACT OR CONTINUOUS COURSE OF CONDUCT.

9.7 PLAINTIFF SEEKS TO RECOVER ACTUAL DAMAGES FOR MENTAL ANGUISH, LOSS OF SOCIETY, MEDICAL EXPENSES, LOST EARNING CAPACITY.

9.8 PLAINTIFF SEEKS HEDONIC DAMAGES IN THE SUM OF $500,000 OR SUCH HIGHER SUM AS THE JUDGE AND JURY MAY AWARD;

9.9 PLAINTIFF SEEKS EXEMPLARY DAMAGES IN THE SUM OF $500,000, OR SUCH HIGHER SUM AS THE JUDGE AND JURY MAY AWARD;

## 10.COUNT 10- ABUSE OF POWERS WITH CONSPIRACY

10.1 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW KNOWINGLY AND WILLFULLY DISCLOSED TO OTHERS INFORMATION THAT WAS GAINED THROUGH THEIR POSITION OF AUTHORITY, AND USED IT FOR PERSONAL GAIN.

10.2 DEFENDANTS GARLAND POLICE OFFICERS GREGORY HUNTER AND JAMES A. BREZIK CONSPIRED WITH ROSALINE CHATHAM-SIMS TO HAVE PLAINTIFF PUT INTO A MENTAL HOSPITAL. DEFENDANTS USED EQUIPMENT THAT IS ONLY AVAILABLE TO PERSON(S) WORKING UNDER COLOR OF LAW TO ENTERTAIN AND GAIN FAVOR.

10.3 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW MADE AVAILABLE TO PLAINTIFF'S WIFE INFORMATION GAINED THROUGH WIRETAPPING PLAINTIFF'S ELECTRONIC EQUIPMENT.

10.4 ON FRIDAY, SEPTEMBER 25, 2015, DEFENDANT HAD KNOWLEDGE OF AN EMAIL SCAM THAT WAS SENT TO PLAINTIFF CLAIMING TO HIRE PLAINTIFF AT $22/HR IF HE PAYS FOR HIS BACKGROUND CHECK TO FOSTER AND

PARTNERS. PLAINTIFF LEARNED A WEEK LATER THAT THE ORIENTATION CLASS WAS A SCAM.

10.5 IN FEBRUARY OF 2015, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HARASSED PLAINTIFF BY PRETENDING THAT THE RED LIGHTS APPEARING ON HIS PHONE WAS FROM THE IMAGINARY PEOPLE WHO WERE FOLLOWING PLAINTIFF.

10.6 IN THE FALL OF 2015 GREGORY HUNTER USED HIS POSITION OF AUTHORITY TO ROUND UP OTHERS TO HELP HARASS PLAINTIFF AT FOOTBALL GAMES WHERE MR. HUNTER WAS WORKING, AND PLAINTIFF WAS SUPPORTING HIS SON WHO WAS PLAYING.

### 11.COUNT 11- VIOLATION OF HIPAA WITH CONSPIRACY

11.1 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW VIOLATED RULES AND PROCEDURE AS PROTECTED BY THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT BY GAINING ACCESS TO AND INFLUENCING THE PLAINTIFF'S MEDICAL INFORMATION.

11.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW MADE CONTACT WITH HOSPITAL PERSONNEL AT LOCATIONS WHERE PLAINTIFF WENT TO GET ANSWERS TO HIS MEDICAL AILMENTS. UNKN UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW OWN PERSON(S) INSTRUCTED HOSPITAL WORKERS TO GO ALONG WITH HIS METHOD OF HIDING MATERIAL FACTS FROM PLAINTIFF.

11.3 PLAINTIFF WAS HARMED BECAUSE HE COULD NOT SECURE MATERIAL FACTS TO SUPPORT A CLAIM OF CONSPIRACY TO DEPRIVE PLAINTIFF OF HIS 4TH AMENDMENT RIGHTS (BIVENS), AND HIPAA RIGHTS.

### 12.COUNT 12- VIOLATION OF 42 U.S.C.A. $1981 WITH CONSPIRACY

12.1 THE UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW EXHIBITED CONDUCT THAT WAS OPPRESSIVE, MALICIOUS, GROSSLY NEGLIGENT, WILLFUL OR WANTON MISCONDUCT, OR A WRECKLESS DISREGARD FOR THE CIVIL RIGHTS OF THE PLAINTIFF (42 U.S.C.A. $ 1981).

12.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW WORKED IN HARMONY TO KEEP PLAINTIFF FROM FINDING SUCCESS IN ANY AREA OF HIS LIFE. NKNOWN DEFENDANTS FOLLOWED PLAINTIFF, CALLED EVERY PLACE PLAINTIFF VISITED AND INSTRUCTED WORKERS TO CLOSELY GUARD PLAINTIFF. THIS HARASSMENT CONTINUES TODAY.

12.3 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW WORKING WITH ANTHONY SANDIFER ON OR ABOUT OCTOBER 25, 2017 GAINED ENTRY TO PLAINTIFF'S COMPUTER REMOTELY AND MANIPULATED DOCUMENTS.

12.4 IN SEPTEMBER OF 2012, UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW MADE CONTACT WITH HOSPITALS WHERE PLAINTIFF WAS A PATIENT AND HADPROCEDURES PERFORMED ON PLAINTIFF WITHOUT HIS KNOWLEDGE, AND WITHOUT HIS CONSENT TO FOR PERSONAL GAIN INVOLVING PLAINTIFF'S WIFE.

### 13.COUNT 13- VIOLATION OF 28 U.S.C.A. $1983 WITH CONSPIRACY

13.1 INCLUDING, BUT NOT LIMITED TO;

A) 1ST AMENDMENT RIGHT TO FREE SPEECH AND ASSEMBLY

B) 4TH AMENDMENT RIGHT TO BE SECURE IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS, AGAINST UNREASONABLE SEARCHES AND

SEIZURES. INTRUSION OF SECLUSION. DEFENDANTS INTENTIONALLY INTRUDED ON PLAINTIFF'S SOLITUDE, SECLUSION, OR PRIVATE AFFAIRS. THE INTRUSION WOULD BE HIGHLY OFFENSIVE TO A REASONABLE PERSON. PLAINTIFF SUFFERED INJURY AS A RESULT OF DEFENDANTS' INTRUSION. PLAINTIFF SEEKS EQUITABLE RELIEF IN A PERMANENT INJUNCTION TO PROTECT AGAINST DEFENDANTS' ACTS.

C) 5TH AMENDMENT RIGHT TO A PRESENTMENT OR INDICTMENT OF A GRAND JURY; NOT TO BE DEPRIVED OF LIFE, LIBERTY, AND PROPERTY WITHOUT DUE PROCESS OF LAW.

D) 6TH AMENDMENT RIGHT TO BE INFORMED OF NAUTE AND CAUSE OF ACCUSATION; TO BE CONFRONTED BY WITNESSES AGAINST HIM, TO HAVE COMPULSORY PROCESS FOR OBTAINING WTNESSES IN HIS FAVOR.

E) 14TH AMENDMENT RIGHT TO EQUAL PROTECTION UNDER THE LAW.

F) DUTY TO PROTECT, BUT FAILING TO ACT.

G) STATE CREATED DANGER.

### 14. COUNT 14- AGGRAVATED PERJURY WITH CONSPIRACY

14.1 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW COMMITTED PERJURY AS DEFINED IN SECTION 37.02, AND THE FALSE STATEMENT WHICH WAS MATERIAL WAS MADE DURING AN OFFICIAL PROCEEDING.

14.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW INSTRUCTED DEFENDANT TO MAKE FALSE STATEMENTS WHICH WERE MATERIAL DURING A DEPOSITION HEARING WHILE SHE WAS UNDER OATH.

14.3 DEFENDANT MADE FALSE STATEMENTS WHICH WERE MATERIAL DURING A HEARING ON PATERNITY TESTING BEFORE THE ASSOCIATE JUDGE OF THE 256TH DISTRICT COURT OF DALLAS COUNTY WHILE SHE WAS UNDER OATH.

14.4 DEFENDANT MADE FALSE STATEMENTS WHICH WERE MATERIAL DURING A DIVORCE HEARING BEFORE THE JUDGE OF THE 256TH DISTRICT COURT OF DALLAS COUNTY WHILE SHE WAS UNDER OATH.

## 15. COUNT 15- OPPRESSION, HARASSMENT WITH CONSPIRACY

## 16. COUNT 16- WRONGFUL DEATH OF BIOLOGICAL PARENT, WITH CONSPSIRACY

16.1 PLAINTIFF IS A STATUTORY BENEFICIARY OF THE DECEDENT. DEFENDANT IS A PERSON OR CORPORTION. DEFENDANT'S WRONGFUL ACT CAUSED THE DEATH OF THE DECEDENT. DECEDENT WOULD HAVE BEEN ENTITLED TO BRING CTION FOR THE INJURY IF SHE HAD LIVED. PLAINTIFF SUFFERED ACTUAL INJURY.

16.2 DEFENDANT IS A PERSON AS DEFINED BY THE WRINGFUL DEATH ACT. TEX. CIV. PRAC. & REM. CODE $$71.001, 71.002. A PERSON IS AN INDIVIDUAL, ASSOCIATION OF INDIVIDUALS, JOINT-STOCK COMPANY, OR CORPORATION, OR AS A TRUSTEE OR RECEIVER OF ANY OF THOSE PARTIES. TEX. CIV. PRAC. & REM. CODE $$71.001 (2). A CORPORATION IS A MUNICIPAL, PRIVATE, PUBLIC, OR QUASI-PUBLIC CORPORATION OTHER THAN A COUNTY OR SCHOOL DISTRICT. TEX. CIV. PRAC. & REM. CODE $$71.001 (1).

16.3 PLAINTIFF SEEKS RELIEF FOR ACTUAL DAMAGES SUCH AS 1. PRECUNIARY LOSS -LOSS OF ADVICE & COUNSEL, LOSS OF PARENT'S SERVICES, FUNERAL EXPENSES, 2. MENTAL ANGUISH, 3. LOSS OF COMPANIONSHIP & SOCIETY, EXEMPLARY DAMAGES TEX. REV. CIV. STAT. RT. 4590I.

## 17. COUNT 17- VIOLATION OF WIRETAPPING ACT WITH CONSPIRACY

17.1 PLAINTIFF MADE A WIRE, ORAL, OR ELECTRONIC COMMUNICATION. DEFENDANTS INTENTIONALLY INTERCEPTED OR SOLICITED ANOTHER TO INTERCEPT PLAINTIFF'S COMMUNICATION.

17.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW INTENTIONALLY DISCLOSED PLAINTIFF'S COMMUNICATIONS TO ANOTHER PERSON WHEN DEFENDANTS KNEW OR HAD REASON TO KNOW THE INFORMATION WAS OBTAINED THROUGH AN ILLEGAL INTERCEPTION. DEFENDANTS INTENTIONALLY USED THE CONTENTS OF PLAINTIFF'S COMMUNICATION WHEN DEFENDANTS KNEW OR WAS RECKLESS ABOUT WHETHER THE INFORMATION WAS OBTAINED THROUGH ILLEGAL INTERCEPTION.

17.3 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW USED OR SOLICITED ANOTHER TO USE A DEVICE TO INTERCEPT PLAINTIFF'S ORAL COMMUNICATION. 18 U.S.C. $2510 ET SEQ; TEX. CIV. PRAC. & REM. CODE $123.001 ET SEQ; TEX. CODE CRIM. PROC. ART 18.20 $16 (AUTHORIZING RECOVERY OF CIVIL DAMAGES FOR VIOLATIONS OF CRIMINAL STATUTE).

17.4 PLAINTIFF SEEKS STATUTORY RELIEF OF $100 FOR EACH DAY OF VIOLATION OR $10,000, WHICHEVER IS HIGHER.

## 18. COUNT 18- DEFAMATION WITH CONSPIRACY

18.1 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAVE ATTACKED PLAINTIFF'S PROFESSIONAL CHARACTER OR STANDING, HAS CAUSED PLAINTIFF TO BE SHAMED, RIDICULED, HELD IN CONTEMPT, LOWERED IN THE ESTIMATION OF THE COMMUNITY, TO LOSE EMPLOYMENT STATUS PLUS EARNINGS, AND OTHERWISE SUFFER A DAMAGED REPUTATION.

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAVE WORKED IN CONCERT TO HIDE MATERIAL FACTS FROM PLAINTIFF WHEN THEY HAD AN OBLIGATION TO DO SO. THESE OMISSIONS OF FACTS HAVE COST THE PLAINTIFF FINANCIAL HARDSHIP. UNDER THE DISCOVERY RULE THE PLAINTIFF HAS A RIGHT TO RELIEF.

18.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAVE ACTED INTENTIONALLY OR RECKLESSLY WITH CONDUCT THAT WAS EXTREME AND OUTRAGEOUS. THE ACTIONS OF THE DEFENDANTS CAUSED THE PLAINTIFF EMOTIONAL DISTRESS AND THE EMOTIONAL DISTRESS SUFFERED BY THE PLAINTIFF WAS SEVERE.

18.3 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIONS CONSTITUTE A CONTINUING CAUSE OF ACTION, THEREFORE PLAINTIFF IS ENTITLED TO RELIEF FROM THE TIME OF THE FIRST ACT THROUGH THE TIME OF THE LAST ONE.

18.4 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW KNOWINGLY MADE LIGHT OF PLAINTIFF'S UNUSUAL GULLIBILITY AND PUBLISHED OR OTHERWISE DISTRIBUTED THIS INFORMATION. ACTING WITH RECKLESS DISREGARD FOR HIS WELLBEING CAUSED THE PLAINTIFF BODILY INJURY. THE STATEMENTS AND/OR ACTIONS DID NOT FALL INTO A PRIVILEGED CATEGORY.

18.5 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAVE SPOLIATED EVIDENCE WHICH WAS RELEVANT TO THE OUTCOME OF A SUMMARY JUDGMENT IN FAVOR OF DEFENDANT ROSALINE SIMS ORDERED ON JULY 15, 2016 IN THE 14TH DISTRICT COURT OF DALLAS COUNTY, AND WHICH IS RELEVANT TO CASES PRESENTLY SET BEFORE THE 256TH DISTRICT COURT OF DALLAS COUNTY.

18.6 THESE ACTIONS ARE A MATERIAL MISREPRESENTATION, WHICH WAS FALSE, AND WHICH WAS EITHER TO BE FALSE WHEN MADE OR WAS ASSERTED WITHOUT KNOWLEDGE OF ITS TRUTH, WHICH WAS INTENDED TO BE ACTED UPON, WHICH WAS RELIED UPON, AND WHICH CAUSED INJURY.

18.7 PLAINTIFF SEEKS TO RECOVER SPECIAL DAMAGES FOR PHYSICAL PAIN, MENTAL ANGUISH, DISFIGUREMENT, PHYSICAL IMPAIRMENT, MEDICAL EXPENSES, LOSS OF EARNING CAPACITY, LOSS OF CONSORTIUM, AND LOSS OF SERVICES.

## 19. COUNT 19- GROSS NEGLIGENCE WITH CONSPIRACY

23

19.1 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAD A DUTY TO PROTECT, BUT FAILING TO ACT. THESE ACTIONS WHENI VIEWED OBJECTIVELY FROM THE STANDPOINT OF THE DEFENDANTS AT THE TIME OF ITS OCCRRENCE INVOLVES AN EXTREME DEGREE OF RISK, CONSIDERING THE PROBABILITY AND MAGNITUDE OF THE POTENTIAL HARM TO PLAINTIFF; AND OF WHICH THE DEFENDANTS HAD ACTUAL, SUBJECTIVE AWARENESS OF THE RISK INVOLVED, BUT NEVERTHELESS PROCEEDED WITH CONSCIOUS INDIFERENCE TO THE RIGHTS, SAFETY, AND WELFARE OF PLAINTIFF.

UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW WITH KNOWLEDGE OF ILLEGAL ACTS AGAINST THE PLAINTIFF DID NOTHING TO HELP PROTECT PLAINTIFF OR HIS ASSOCIATES. UNKNOWN DEFENDANTS HAD A DUTY TO PROTECT, BUT FAILED TO ACT.

PLAINTIFF REPORTED TO STATE AGENCY AND LOCAL POLICE THAT UNKNOWN PERSON(S) WAS BURNING HIS FLESH WITH LASER LIGHTS AT NIGHT AS HE SLEPT. NOTHING CAME TO LIGHT AS A RESULT OF PLAINTIFF TRYING TO FILE A COMPLAINT.

STATE CREATED DANGER CONTRIBUTED TO PLAINTIFF'S WOES.

## 20. COUNT 20- AIDING AND ABETTING WITH CONSPIRACY

### 20.1 ASSISTING AND ENCOURAGING.

20.11 PRIMARY ACTOR COMMITTED A TORT. UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAD KNOWLEDGE THAT THE PRIMARY ACTOR'S CONDUCT CONSTITUTED A TORT.

20.12 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAD THE INTENT TO ASSIST THE PRIMARY ACTOR IN COMMITTING THE TORT. DEFENDANTS GAVE THE PRIMARY ACTOR ASSISTANCE OR ENCOURAGEMENT.

20.13 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ASSISTANCE OR ENCOURAGEMENT WAS A SUBSTANTIAL FACTOR IN

24

CAUSING THE TORT. UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW WHO ENCOURAGES THE PRIMARY ACTOR IN A WRONGFUL ACT IS CONSIDERED TO BE AS RESPONSIBLE AS THE PERSON WHO ACTUALLY CMMITTED TH ACT. STEIN, 748 S DEFENDANT BREACHED ITS FUDICIARY DUTY TO PLAINTIFF. DEFENDANT'S BREACH RESULTED IN INJURY TO PLAINTIFF, AND BENEFIT TO DEFENDANT. 518-19; FRANCIS, 246 S.W.2D AT 281.

ON SUNDAY, NOVEMBER 19, 2017, UNNAMED FEDERAL AGENT/PERSON WORKING UNDER COLOR OF LAW SHOWED OTHERS HOW TO SEARCH ON THEIR PHONE AND DOWNLOAD AND APP THAT GIVES THEM CONTROL OF THE DEVICE(S) IMPLANTED INSIDE OF PLAINTIFF'S HABITUS.

WHEN PLAINTIFF RETURNED FROM THE RESTROOM AND RECOGNIZED THAT THE DEVICE AROUND HIS HEART HAD ALSO BEEN ACTIVATED HE LEFT THE AUSTIN STREET SHELTER AND SPENT THE LAST OF HIS ONLY PAYCHECK FROM KROGER TO PAY FOR A MOTEL ROOM.

20.2 **ASSISTING AND PARTICIPATING**.

20.21 PRIMARY ACTOR'S ACTIVITY ACCOMPLISHED A TORIOUS RESULT. UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW PROVIDED SUBSTANTIAL SSISTANCE TO THE PRIMARY ACOR IN ACCOMPLISHING THE TORTIOUS RESULT.

20.22 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW OWN CONDUCT, SEPARATE FROM THE PRIMARY ACTOR'S, WAS A BREACH OF DUTY TI THE PLAINTIFF. DEFENDANT'S PARTICIPATION WAS A SUBSTANTIAL FACTOR IN CAUSING THE TORT.

## 21. ARSON WITH CONSPIRACY

21.1 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW CONSPIRED TO SET PLAINTIFF'S BUSINESS ON FIRE IN AUGUST, 2012, AND HAVE HIM TAKE THE FALL FOR PLANNING AND SETTING THE FIRE.

21.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW WORKED WITH DEFENDANT ROSALINE CHATHAM-SIMS, AND RANDALL RICHARDS WHO CAME TO PLAINTIFF'S CHURCH AS AN ELECTRICIAN AN PLANTED THE

THOUGHT OF SETTIGN A FIRE AND USING INSURANCE MONEY TO MAKE NEEDED IMPROVEMENTS TO THE PROPERTY.

21.3 DESPITE PLAINTIFF'S EFFORTS TO PREVENT A FIRE FROM HAPPENING, THE PLAINTIFF'S BUSINESS WAS DESTROYED AND NEVER RECOCVERED, AND THE INSURANCE MONEY WAS SPENT ON PAYING UNNAMED FEDERAL AGENTS WHO FOUND PROBLEMS WITH THE WORK UNTIL FUNDS WERE DEPLETED.

21.4 THE PLAINTIFF SUFFERED SEVERE EMOTIONAL DISTRESS.

## CONSPIRACY

21.5 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW WAS A MEMBER OF A COMBINATION OF TWO OR MORE PERSONS. THE BJECT OF THE COMBINATION WAS TO ACCOMPLISH AN UNLAWFUL PURPOSE, OR A LAWFUL PURPOSE BY UNLAWFUL MEANS.

21.6 THE MEMBERS HAD AMEETING OF THE MINDS ON THE OBJECT OR COURSE OF ACTION. ONE OF THE MEMBERS COMMITTED AN UNLAWFUL, OVERT ACT TO FURTHER THE OBJECT OR COURSE OF ACTION. THE PLAINTIFF SUFFERED INJURY AS A PROXIMATE RESULT OF THE WRONGFUL ACT.

21.7 IN A CIVIL CONSPIRACY, THE FOCUS OF THE CLAIM IS THE WRONG COMMITTED ACCORDING TO THE DEFENDANTS' AGREEMENT; THE CONSPIRACY BY ITSELF DOES NOT CREATE LIABILITY.

21.8 IN A CRIMINAL CONSPIRACY, THE FOCUS OF THE CLAIM IS THE DEFENDANTS' AGREEMENT; THE CONSPIRACY BY ITSELF CREATES LIABILITY. 15A CJS CONSPIRACY $1 (2012 $ SUPP.2016).

## 21.9 JOINT AND SEVERAL LIABILITY.

CONSPIRATORS ARE JOINTLY AND SEVERALLY LIABLE FOR ALL ACTS DONE BY ANY OF THEM IN FURTHERANCE OF THE UNLAWFUL COMBINATION.

## 22. DAMAGES

2 6

22.1 AS A RESULT OF UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIONS COMPLAINED OF IN THIS PETITION, PLAINTIFF SUFFERED THE FOLLOWING NONECONOMIC DAMAGES:

(A) LOSS OF EMPLOYMENT AS PASTOR EARNING $780/WK SINCE 2012;

(B) (F) INJURY TO BUSINESS REPUTATION IN THE COMMUNITY, AND EMPLOYMENT OPPORTUNITIES

(C) MEDICAL BILLS;

(D) LOSS OF PREFERRED CREDIT SCORE;

(D) MENTAL PAIN AND ANGUISH.

(E) LOSS OF CONSORTIUM

(G) DISFIGUREMENT

(H) PHYSICAL IMPAIRMENT

(I) LOSS OF CONSORTIUM

(J) LOSS OF COMPANIONSHIP AND SOCIETY

(K) LOSS OF ENJOYMENT OF LIFE

(L) INCONVENIENCE

(M) ALL OTHER NONPECUNIARY LOSSES OTHER THAN EXEMPLARY DAMAGES.

22.2 PLAINTIFF REQUESTS REIMBURSEMENT FOR LOSS OF INCOME, AND PERSONAL INJURY IN THE AMOUNT OF NO LESS THAN $250,000.

## 23. ADDITIONAL RELIEF REQUESTED

23.1 IN ADDITION TO ITS REQUEST FOR REIMBURSEMENT FOR DAMAGES, PLAINTIFF REQUESTS THE COURT TO HOLD THAT:

23.2 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ARE GUILTY OF CLAIMS MADE BY PLAINTIFF.

27

23.3 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIONS CONSTITUTE PERSONAL INJURY.

23.4 UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIONS WERE NOT THE RESULT OF MISTAKE OR A BONA FIDE ERROR BUT, RATHER WERE INTENTIONAL, KNOWING, AND MALICIOUS. THE COURT SHOULD THEREFORE ENTER A FINDING THAT DEFENDANT'S ACTS WERE INTENTIONAL.

23.5 THE UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW AGGRAVATED CONDUCT INVOLVES ILL WILL OR DEMONSTRATES RECKLESS INDIFFERENCE FOR THE CONSEQUENCES OF THAT CONDUCT (26 U.S.C.A. $104(A)(2).

## 24. REMEDIES REQUESTED

24.1 BASED ON THE ABOVE, PLAINTIFF REQUESTS THE COURT TO AWARD PLAINTIFF THE FOLLOWING REMEDIES;

(A) PAYMENT FOR ALL DEBTS INCURRED BY PLAINTIFF CAUSING HIM TO HAVE POOR CREDIT SCORE, RENTAL OR LEASING HISTORY DURING THE TIME PERIOD OF HARM CAUSED BY DEFENDANTS.

(B) EXEMPLARY DAMAGES IN THE AMOUNT OF TWICE THE AMOUNT OF ECONOMIC DAMAGES, PLUS NON-ECONOMIC DAMAGES OF $500,000, OR SUCH HIGHER SUM AS THE JURY AND/OR JUDGE MAY AWARD FOR DEFENDANT ACTING WITH A SPECIFIC INTENT TO CAUSE A SUBSTANTIAL HARM TO THE PLAINTIFF. TEX. CIV. PRAC. & REM. CODE $41.003, 41.004, 41.008(B)

(C) DAMAGES FOR LOSS OF PLAINTIFF'S PROFIT AND WAGES BECAUSE OF THE LOSS OF INCOME IN THE AMOUNT OF $780 PER WEEK FROM 09/2012 TO PRESENT.

(D) RECOVERABLE DAMAGES FOR COURT COSTS INCLUDING CLERKE FEES AND SERVICE FEES, COURT REPORTER FEES, FEES FOR MASTERS, INTERPRETERS AND GUARDIANS AD LITEM, AND OTHER COSTS PERMITTED BY LAW. TXE. CIV. PRAC. & REM. CODE $31.007(B)(4).

(E) HEDONIC DAMAGES IN THE AMOUNT OF $500,000 OR SUCH HIGHER SUM AS THE JURY AND/OR JUDGE MAY AWARD FOR PAST AND FUTURE MEDICAL BILLS, PAST AND FUTURE LOST EARNING CAPACITY, PAST AND FUTURE PHYSICAL IMPAIRMENT, PAST AND FUTURE DISFIGUREMENT, PAST AND FUTURE MENTAL ANGUISH, PAST AND FUTURE PAIN AND SUFFERING.

24.2 AS AN ALTERNATIVE, PLAINTIFF ASKS THE COURT TO INSTRUCT DEFENDANTS THAT INSTEAD OF PAYING FOR DAMAGES, DEFENDANTS CAN HAVE DONE TO THEM WHAT ALL WAS DONE TO PLAINTIFF.

Humbly Submitted,

*Steven S. Sims*

Steven S. Sims, Pro Se
P.O. Box 495511
Garland, TX 75049
(214)429-8542
s3.sims@yahoo.com

29

## 25. APPLICATION FOR TEMPORARY RESTRAINING ORDER

25.1 PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER IS
AUTHORIZED BY TEX. CIV. PRAC. & REM. CODE $65.01 WHICH STATES ...

25.2 PLAINTIFF ASKS THE COURT TO PREVENT DEFENDANTS FROM COMING
WITHIN 100 FEET OF PLAINTIFF, AND TO PREVENT DEFENDANTS AND ANY
MEMBER(S) OF THE GROUP REPRESENTED BY DEFENDANTS FROM ACTIVATING
THE ELECTRONIC DEVICE(S) IMPLANTED WITHIN PLAINTIFF'S HABITUS.

25.3 IT IS PROBABLE THAT PLAINTIFF WILL RECOVER FROM DEFENDANTS
REQUESTED RELIEF AFTER A TRIAL ON THE MERITS BECAUSE FACTUAL EVIDENCE
SHOWS INTENT TO CAUSE HARM, AND THE MOUNTAIN OF EVIDENCE IS
OVERWHELMING.

### REQUESTING *EX PARTE* RELIEF

25.4 IF PLAINTIFF'S APPLICATION IS NOT GRANTED, HARM IS IMMINENT BECAUSE
EACH TIME DEVICE(S) INSIDE OF PLAINTIFF ACTIVATES IT LOWERS THE
PLAINTIFF'S QUALITY OF LIFE WHICH CONDEMNS HIM TO WATCH LIFE'S
AMENITIES PASS BY, OR POSSIBLY CAUSE PERMANENT INJURY TO PLAINTIFF.

25.5 THE HARM THAT WILL RESULT IF THE TEMPORARY RESTRAINING ORDER IS
NOT GRANTED IS IRREPARABLE BECAUSE, IN THE PARAMEDIC'S OWN WORDS,
"THE HEART DOESN'T REGENERATE LIKE OTHER MUSCLES IN THE BODY, SO THE
DAMAGE YOU ARE HAVING IS INCREASINGLY MAKING YOUR CONDITION WORSE."

25.6 PLAINTIFF HAS NO ADEQUATE REMEDY AT LAW BECAUSE DAMAGES ARE
INCALCULABLE BY ANY CERTAIN PECUNIARY STANDARD.

THERE IS NOT ENOUGH TIME TO SERVE NOTICE ON RESPONDENTS AND TO HOLD
A HEARING ON THIS APPLICATION. Dallas Cty. Loc. R. 2.02(b).

## 26. REQUEST FOR TEMPORARY INJUNCTION

26.1 PLAINTIFF ASKS THE COURT TO SET HIS APPLICATION FOR TEMPORARY INJUNCTION FOR A HEARING AND, AFTER THE HEARING, ISSUE A TEMPORARY INJUNCTION AGAINST DEFENDANTS.

26.2 PLAINTIFF ASKS THE COURT TO PREVENT DEFENDANTS FROM COMING WITHIN 100 FEET OF PLAINTIFF, AND TO PREVENT DEFENDANTS AND ANY MEMBER(S) OF THE GROUP REPRESENTED BY DEFENDANTS FROM ACTIVATING THE ELECTRONIC DEVICE(S) IMPLANTED WITHIN PLAINTIFF'S HABITUS.

26.3 PLAINTIFF ASKS THE COURT TO ORDER THAT ANY PERSON WHO VIOLATES THIS TEMPORARY INJUNCTION IS PLACING PLAINTIFF'S LIFE IN EMMINENT DANGER.

26.4 PLAINTIFF ASKS THE COURT TO ORDER THAT PLAINTIFF OR SOMEONE HE SOLICITED IS AUTHORIZED TO USE DEADLY FORCE AGAINST PERSON(S) WHO VIOLATE THIS TEMPORARY RESTRAINING ORDER.

26.5 PLAINTIFF HAS NOT JOINED ALL INDISPENSIBLE PARTIES UNDER TEXAS RULE OF CIVIL PROCEDURE 39. PLAINTIFF NEEDS THE HELP OF THE COURT TO SECURE AN INVESTIGATOR WHO IS KNOWLEDGEABLE AND EQUIPPED TO PERFORM A COMPLETE AND THOROUGH INVESTIGATION INTO ALL MATTERS BEFORE THE COURT.

26.6 PLAINTIFF ASKS COURT TO ORDER AN INVESTIGATING GRAND JURY TO INVESTIGATE EVENTS HAPPENING TO PLAINTIFF AND DECIDE THE FOLOWING:

A. WHETHER BIAS PLAYED A ROLE IN THE DELAY OF THE DECISION ON PLAINTIFF'S APPEAL DECISION IN THE FIFTH COURT OF APPEALS CASE NUMBER 05-16-00984-CV TC DC-16-03445.

B. WHETHER BIAS OR UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW PLAYED A ROLE IN THE DELAY OR GATHERING OF EVIDENCE IN PLAINTIFF'S CIVIL AND FAMILY CASE NUMBER DF-15-06205.

C. THE VALUE OF THE DEVICE(S)/EQUIPMENT USED ILLEGALLY TO DETERMINE WHETHER CONDUCT CONSTITUTES A FELONY OF A HIGHER DEGREE.

D. WHETHER THE DEVICE(S) USING SHORT WAVE FREQUENCY. IF SO, THEN THE PERSON(S) ACTIVATING THE DEVICE HAS TO BE WITHIN 30 FEET OF PLAINTIFF.

E. WHETHER STATE CREATED DANGER CONTRIBUTED TO PLAINTIFF'S HOSTILE ENVIRONMENT.

F. WHETHER ANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW HAD A DUTY TO PROTECT, BUT FAILED TO ACT.

G. WHETHER ANY UNJUST ENRICHMENT WAS GAINED BY ANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW.

H. WHETHER ANY OR HOW MANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVELY PARTICIPATED IN USING ELECTRONIC DEVICE(S) ON PLAINTIFF TO INTENTIONALLY INFLICT PAIN ON HIM.

I. WHETHER ANY OR HOW MANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVELY PARTICIPATED IN USING ELECTRONIC DEVICE(S) ON PLAINTIFF'S MOTHER WHILE SHE WAS ON LIFE SUPPORT.

J. WHETHER ANY OR HOW MANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW CONSPIRED TO TAKE THE LIFE OF PLAINTIFF'S MOTHER.

K. WHETHER ANY OR HOW MANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVELY PARTICIPATED IN NEGATIVELY INLFUENCING THE FOOTBALL CAREER OF PLAINTIFF'S SON.

L. WHETHER ANY OR HOW MANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW ACTIVELY PARTICIPATED IN CAUSING HARM TO PLAINTIFF'S FRIENDS AND RELATIVES.

M. WHETHER THE INJURY TO PLAINTIFF IS AN ISOLATED EVENT, EXHIBITS A PATTERN OF BEHAVIOR DEPARTMENT WIDE, STATE WIDE, OR NATION WIDE.

N. WHETHER THERE IS A NEED FOR A DEDICATED PHONE NUMBER (13) TO REPORT COMPLAINTS OF:

1. PERSON(S) WHO HAD A RUN IN WITH UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW AND SUDDENLY GOT A TRAGIC BILL OF HEALTH REPORT FROM THEIR PHYSICIAN.

2. PERSON(S) DYING OR BEING MURDERED WHOSE SPOUSE OR SIGNIFICANT OTHER WAS/IS DATING AN UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW.

3. UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW THREATENING TO EXPOSE SEX TAPE RECORDINGS OF PERSONS WHO DON'T COMPLY WITH INSANE REQUESTS.

4. ANY UNNAMED FEDERAL AGENT(S)/PERSON(S) WORKING UNDER COLOR OF LAW IS INVOLVED WITH CONSPIRING TO COMMIT MURDER, ATTEMPTING TO MURDER, OR PUTTING "HITS" OUT ON AMERICAN CITIZENS.

### 27. JURY DEMAND

27.1 PLAINTIFF DEMANDS A JURY TRIAL AND TENDERS THE APPROPRIATE FEE WITH THIS PETITION.

### 28. CONDITIONS PRECEDENT

33

28.1 ALL CONDITIONS PRECEDENT TO PLAINTIFF'S CLAIM FOR RELIEF HAVE BEEN PERFORMED OR HAVE OCCURRED.

## 29. PRAYER

29.1 PLAINTIFF PRAYS THAT DEFENDANT BE CITED TO APPEAR AND ANSWER THE ALLEGATIONS CONTAINED IN THIS PETITION AND THAT AFTER NOTICE AND HEARING DEFENDANT BE TEMPORARILY ENJOINED AND RESTRAINED FROM PUBLISHING IN ANY MANNER WHATSOEVER ANYTHING DEFAMATORY CONCERNING PLAINTIFF.

29.2 PLAINTIFF FURTHER PRAYS THAT DEFENDANT BE CITED TO SHOW CAUSE WHY THIS COURT SHOULD NOT ISSUE ITS WRIT TEMPORARILY ENJOINING DEFENDANT FROM ANY OF THE FOREGOING ACTIVITIES UNTIL ALL WRONGFUL ACTIONS ARE RETURNED TO PLAINTIFF AND THAT PLAINTIFF HAVE AND RECOVER FROM DEFENDANT THE FOLLOWING:

(A) EXEMPLARY DAMAGES IN THE AMOUNT OF $500,000, OR SUCH HIGHER SUM AS THE JUDGE AND JURY MAY AWARD;

(B) LOST PROFITS AND BUSINESS INCOME IN THE AMOUNT OF $780 PER WEEK FROM 09/2012 TO PRESENT;

(C) PREJUDGMENT AND POSTJUDGMENT INTEREST AT THE MAXIMUM RATE ALLOWED BY LAW, AND

(D) ANY AND ALL OTHER JUST RELIEF, AT LAW OR IN EQUITY, TO WHICH PLAINTIFF IS DULY ENTITLED, INCLUDING COSTS OF COURT EXPENDED IN PLAINTIFF'S BEHALF.

## 30. REQUEST FOR DISCLOSURE

30.1 UNDER TEXAS RULE OF CIVIL PROCEDURE 194, PLAINTIFF REQUESTS THAT DEFENDANTS DISCLOSE, WITHIN 50 DAYS OF THE SERVICE OF THIS REQUEST, THE INFORMATION OR MATERIAL DESCRIBED IN RULE 194.2.

30.2 PLAINTIFF REQUESTS THAT DEFENDANT ROSALINE CHATHAM-SIMS DISCLOSE THE FOLLOWING:

A. THE IDENTITY OF THE PERSON(S) WHO SENT HER A TEXT FROM PHONE NUMBER (979)487-9855 ON NOVEMBER 8, 2012 STATING THAT THEY WOULD BE HOME IN BRYAN FOR THANKSGIVNIG.

B. THE IDENTITY OF PERSON(S) WHO OWNED THESE PHONE NUMBERS SAVED WITHOUT NAMES IN HER OLD PHONE;

1. (214)793-6176

2. (214)418-4130

3. (214)876-9484

4. (469)774-4226

5. (512)295-5599

6. (972)495-3997

7. (MISSING) 393-7339

C. Defendant to disclose blocked phone numbers made to (214)497-0878 on;

1. 3/23/15 at 4:13pm,
2. 12/9/14 at 5:23pm,
3. 11/8/14 at 2:36pm and 3:01pm,
4. 11/28/14 at 6:06pm,
5. 7/3/14 at 6:18pm,
6. 7/5/14 at 12:56pm,
7. 7/18/14 at 3:00pm,
8. 2/21/14 at 9:05pm,
9. 8/10/13 at 12:03pm,
10. 12/13/13 at 12:31pm,
11. 4/11/13 at 1:08pm,
12. 4/18/13 at 4:44pm,
13. 2/5/13 at 11:24am,
14. 2/11/13 at 12:11pm,
15. 2/21/13 at 4:45pm,
16. 2/26/13 at 6:58pm,
17. 2/28/13 at 8:47am,
18. 7/26/13 at 7:27am and 9:14am,

35

19. 7/31/13 at 5:05pm,
20. 6/1/13 at 10:07am, 10:24am, 6:12pm, and 6:19pm;
21. 6/3/13 at 8:18pm,
22. 6/4/13 at 10:23am,
23. 6/7/13 at 12:34pm,
24. 6/10/13 at 8:14am and 4:44pm,
25. 5/1/13 at 10:47am,
26. 5/10/13 at 10:52pm,
27. 5/17/13 at 4:45pm ,
28. 3/12/13 at 2:35pm and 2:48pm,
29. 3/21/13 at 4:43pm.

30. A LIST OF DEFENDANT'S EMAIL ADDRESSES OTHER **THAN;**
    1. rsims@khhcorp.com
    2. aggie_rds@yahoo.com
    3. aggierds@gmail.com
    4. rsims@garlandisd.net

31. A LIST OF **ALL** PASSWORDS FOR PREVIOUSLY LISTED EMAIL ADDRESSES.

32. A LIST OF **ALL** SOURCES OF INCOME THAT DEFENDANT HAS RECEIVED OVER THE PAST TEN YEARS.

33. THE IDENTITY OF THE PERSON WHO REMOVED HER TORN SKIRT AND OLD CELL PHONE FROM PLAINTIFFF'S CAR THAT HE WAS KEEPING AS EVIDENCE.

34. THE IDENTITY OF WHO SHE WAS COMMUNICATING WITH ON HER LAPTOP EACH WEEK WHILE THE FAMILY WATCHED THE ABC SERIES "HOW TO GET AWAY WITH MURDER."

35. THE IDENTITY OF THE PERSON WHO PUT PLAINTIFF'S SON UP TO ASKING TO DRIVE PLAINTIFF'S CAR TO A PARTY ALONE.

36. THE SUBJECT AND SCOPE OF ALL CONVERSATIONS SHE WITH NEIGHBOR RICHARD CARMICHAEL WITHOUT THE PLAINTIFF'S KNOWLEDGE.

38. WHAT SHE HAD CUSTOMER CARE DO TO YOUR PHONE ON THE DAY SHE HAD YOUR HUSBAND DRIVE YOU TO THE SPRINT STORE, BUT ASKED HIM TO STAY IN THE CAR.

39. HOW SHE KNEW THAT THE MAN IN THE RED SHIRT FOLLOWED YOU AND PLAINTIFF INTO THE SPRINT STORE IN MARCH OF 2015.

40. ANY UNLAWFUL AND DANGEROUS PRACTICE(S), PROCEDURE(S), DEVICE(S), DISEASE(S), EQUIPMENT, OR EXPERIMENT(S) USED ON PLAINTIFF THAT SHE KNEW ABOUT BUT HE DIDN'T.

41. HER KNOWLEDGE OF PERSON(S) FOLLOWING/HARASSING PLAINTIFF AT HIS WORKPLACE(S) OR RESIDENCE(S).

42. A COPY OF HER CONTRACT WITH ATTORNEY JACK DOWNING AND DWAIN DOWNING, AND DESCRIBE HOW SHE CAME IN CONTACT WITH THE DOWNING LAW FIRM.

PLAINTIFF PRAYS THAT THE COURT WILL GRANT ALL THE RELIEF REQUESTED IN THESE DOCUMENTS.

Humbly Submitted,

*Steven S. Sims*

Steven S. Sims, Pro Se
P.O. Box 495511
Garland, TX 75049
(214)429-8542
s3.sims@yahoo.com

37

FILED
DALLAS COUNTY
11/9/2017 12:27 PM
FELICIA PITRE
DISTRICT CLERK

Brittany King

NO. <u>DF-15-06205</u>

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| STEVEN S. SIMS | § | |
| | § | 256TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | DALLAS COUNTY, TEXAS |

### JOCELYN SIMS' OBJECTIONS TO DEPOSITION BY WRITTEN QUESTIONS AND MOTION FOR PROTECTIVE ORDER

Jocelyn Sims' Objections to Deposition by Written Questions and Motion for Protective Order is brought by Movant, Jocelyn Sims, who shows in support:

1.      Jocelyn Sims has been subpoenaed to testify through written and/or oral means in this case by Petitioner, Steven S. Sims. Jocelyn Sims is the daughter of the parties to this suit.

2.      In the interest of justice, Jocelyn Sims seeks a protective order to prevent undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights. She objects to the Deposition by Written Questions because in them Petitioner intends to subject her to undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights.

3.      Petitioner intends to ask Jocelyn Sims inappropriate and unnecessary questions that serve no valid purpose. Examples of the questions that Petitioner intends to ask Jocelyn Sims are as follows:

"Do you think that any person(s) should pay for the wrong deeds they've done? Explain your answer;"

"Did you walk in on your father ignoring your cousin Zaria Jefferson as she was rubbing her hips on your his lap? If so, please identify if this was someone else's idea, and what was discussed when you took her to the other room;" and

"Has your mother ever told you that she was in love with someone other than your father? If so, identify all parties, and describe events."

4.      Jocelyn Sims requests that she not be required to respond to any discovery requests regarding this case, such as the deposition by written questions served on her on November 6, 2017.

Jocelyn Sims pray that the Court grants a protective order.

Respectfully submitted,

LAW OFFICE OF DWAIN DOWNING
1178 W. Pioneer Parkway
Arlington, Texas 76013
Tel: (817) 860-5685
Fax: (817) 916-8804

/s/ Jack Downing
State Bar No. 24101708
jack@downinglaw.net
Attorney for Jocelyn Sims

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on November 9, 2017.

/s/ Jack Downing

**ED Provider Notes (continued)**

ED Provider Notes by Neff, Justin Michael, MD at 07/31/15 1628 (continued)

**Labs: No results found for this visit on 07/31/15.**

**Radiology:**
CT Spine Cervical, WO IV Contrast (CT SPINE CERVICAL WO CON)
**Final Result**
Addendum 1 of 1
Prominence of the adenoids and tonsils is nonspecific, most likely
reactive.
Electronically Signed by: David Heasley JR, M.D. on 7/31/2015 6:58 PM
######################################

Final
CERVICAL SPINE CT SCAN WITHOUT CONTRAST

CLINICAL INFORMATION: Traumatic neck injury. Fall within amnesia to event.

COMPARISON: None.

TECHNIQUE: Axial noncontrast CT scan from skull base through T3.
Multiplanar views were reconstructed.

FINDINGS:

There is no evidence of an acute fracture. The C6 body is slightly wedged
anteriorly, chronic. The other bodies are normal in height. Lordosis is
straightened.

The bony cervical canal is unusually shallow (midline depth of only 9 mm).

At T1-2 and C7-T1, detail is mostly obscured by artifact from the
patient's large body habitus, but there is no obvious disc protrusion or
epidural hematoma. The facet joints are degenerated.

At C6-7, there is loss of disc height. The cord is severely compressed
(about 4 mm midline depth) by a diffuse calcified disc bulge eccentric to
the left. The left foramen is markedly narrowed by uncovertebral joint
spurs. The right is moderately
narrowed by the same.

At C5-6, the cord is moderately compressed (6 mm midline depth) by diffuse
disc bulging and ligamentum flavum thickening. The right foramen is
minimally narrowed by facet joint spurs and hypertrophy. The left foramen
is not significantly narrowed.

At C4-5, there is minimal loss of disc height posteriorly. The cord is
severely compressed (4 to 5 mm midline depth) by a broad midline disc
protrusion with shallow underlying osteophytes. The foramina are narrowed
by uncovertebral and facet joint spurs,
 left markedly and right moderately.

At C3-4, there is loss of disc height. The left cord is moderately
compressed by an asymmetric calcified disc protrusion. The right cord is

TEXAS HEALTH DALLAS        Sims, Steven S
                           MRN: 1655275
                           Acct #: 4604269353
                           Admit Date:  7/31/2015





RIGHT UPPER BACK AREA OF PAIN SAG



**Scubey Sims**
October 11, 2016 · Edited ·

Setting off metal detector!

| Tag Video | Add Location | Edit |

118 Views

Like    Comment    Share

1 share

Write a comment...

Sponsored                                    Create Ad



★★ New Size Options Available (7-15) ★★
amex-mall.com
Come check out this Epic Sale (40% OFF)! - Fast Shipping
& Delivery ;)



SHIPPING DEPT.
9095817632
EMEMEXIT
9955 6TH ST. UNIT A
RANCHO CUCAMONGA CA 91730

**11 LBS**

DWT: 2.2.2

(Exhibit 9)

1 OF 1

SHIP TO:
RICHARD CARMICHAEL
4693284767
722 VILLA RIDGE DR
GARLAND TX 75043 – 2657



# TX 751 9 – 04



**UPS GROUND**
TRACKING #: 1Z 1F3 73Y 03 9494 1066

BILLING: P/P

Reference No.1: Order 8658

  NV46 08.0A 01/7016



THE WORLD ON SHIPPED regarding UPS Terms and notice of limitation of liability. Tribute afforded by law; shipper authorizes UPS to act as forwarding agent for export control and forwarding purposes. If exported from the US, Viewer variables from the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.



*Exhibit 9*

**Estevan Troche**

---

| | |
|---|---|
| **Subject:** | CC-13-03215-D: RICHARD CARMICHAEL, SR vs. STEVEN S SIMS, COUNTER CLAIM |
| **Location:** | DCDRC |
| | |
| **Start:** | Wed 1/29/2014 9:00 AM |
| **End:** | Wed 1/29/2014 1:00 PM |
| | |
| **Recurrence:** | (none) |
| | |
| **Meeting Status:** | Meeting organizer |
| | |
| **Organizer:** | DRC |
| **Required Attendees:** | da.heil@yahoo.com |
| | |
| **Categories:** | Green Category |

REFERRAL: CCL #4 (JUDGE KEN TAPSCOTT)
TYPE: JP APPEAL - DAMAGES (NON COLLISION)
MEDIATOR:  **DEBRA HEIL**
OBSERVER: JOY NAMA
OUTCOME: **full settlement**
PLAINTIFF: RICHARD CARMICHAEL SR -
PCOUNSEL: PRO SE
DEFENDANT: STEVEN S SIMS
DCOUNSEL: AUDREY MOREHEAD, Mary McDonald Paralegal
NOTES: CASE WAS SET ON SHORT NOTICE.  EMAILED CONFIRMATION TO THE PARTIES ON 01/23/14.

FILED
DALLAS COUNTY
12/17/2015 2:14:33 PM
FELICIA PITRE
DISTRICT CLERK

Jesus Rangel

CAUSE NO. DF-15-06205

| | | |
|---|---|---|
| STEVEN S. SIMS | § | IN THE 256TH |
| | § | |
| VS. | § | JUDICIAL DISTRICT |
| | § | |
| ROSALINE DEANN | § | DALLAS COUNTY, TEXAS |
| CHATHAM-SIMS | § | |

## MOTION TO QUASH THE SUBPOENA OF DARRIN HEMPHILL AND MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF THE COURT:

Garland Independent School District ("GISD" or "District") and Mr. Darrin Hemphill ("Hemphill") files this Motion to Quash the Subpoena for Darrin Hemphill and Motion for Protective Order, and in support shows the following:

1. Hemphill is not a party to this proceeding, nor is GISD. In filing this Motion to Quash and Motion for Protective Order, Hemphill objects to the subpoena in full and seeks the rights afforded to him in not having to comply unless otherwise ordered by the Court under Tex. R. Civ. P. 176.6.

2. On or about September 22, 2015, Hemphill was served the attached subpoena, attached as Exhibit A, and issued at the request of Steven Sims in the above-styled action. The subpoena requires personal appearance in the above-referenced matter, and production of all non-work related emails, phone call history for 972-240-3720, extension 15240, for the past *7 years*, and documents on investigations into allegations of Rosaline Sims having sex/affair in the workplace.

3. Hemphill is the principal at Lyles Middle School, which is a school within Garland Independent School District, a political subdivision of the State of Texas.

4. Steve Sims, a party to the proceedings, is married to Rosaline Sims, a teacher at Lyles Middle School. Hemphill does not have a relationship with either Steve Sims or Rosaline Sims outside of his role as the chief administrator at Lyles Middle School. He has no personal knowledge of their relationship or marriage.

5. Hemphill objects and moves to quash and seek protection from this subpoena. The subpoena on its face is unduly burdensome, broad, vague, and harassing in scope, particularly considering it is directed to a non-party.

6. The subpoena is impermissibly vague in that it seeks "all non-work related emails" without even specifying whose emails are sought.

7. The subpoena is impermissibly broad, harassing, annoying, oppressive, unduly burdensome and would require the incurrence of an undue expense. Approximately 89 employees work at Lyles Middle School; yet only one employee is subject to this suit. The subpoena arguably seeks the production of all non-work related emails of all employees, which is a broad, unduly burdensome, costly and vague request for a potentially large amount of information which would not be relevant or likely to lead to the production of admissible evidence. Even a subpoena seeking the production of all non-work related emails of specified individuals, which this subpoena does not designate, is unduly burdensome and broad, particularly given the limited likelihood of relevance of the information to proceedings in this Court. Providing emails that might be responsive to this subpoena would require the review of each individual e-mail account and each e-mail within such account to determine whether or not it is work-related, putting an undue burden on Hemphill and the District as nonparties to this matter. Further, requiring testimony is unduly burdensome.

8. Additionally, the subpoena is overly broad, harassing, annoying, oppressive, unduly burdensome and seeks the production of information that could be considered private, confidential or privileged. The request for non-work related e-mails of employees inherently invokes communications of District personnel that may be personal in nature and certainly unrelated to Sims or any of the issues he wishes to present in this matter. The District has neither the resources nor the time to fund or assist in the litigation development of Sims' case through such a broad and harassing subpoena.

9. The subpoena seeks *7 years* of e-mails and phone call history records for a non-party, without any explanation as to why this information is necessary, valid, or even relevant to any of the issues presented in this matter. The time and expense that would be incurred by the District and/or Hemphill in culling through, reviewing and obtaining documents from the past seven years that may or may not even be responsive to this vague request is not only unduly burdensome and harassing, but also presents an impossible request to comply with given the short timeframe for compliance, the timing of the request, and the fact that the District is closed for operations and Hemphill is traveling for the winter holiday during this time period.

10. The information requested is also impermissibly harassing in that it seeking information that can be obtained from a more convenient source---a party to the lawsuit who bears an interest in the matter. The subpoena seeks information that the issuing party may discover from some other source that is more convenient. Specifically, the subpoena seeks "non-work related emails." To the extent e-mails from Rosaline Sims are sought, she is better situated to provide responsive emails as a party to this suit.

11. The subpoena compels appearance of Hemphill on December 29, 2015, which falls during the District's winter holiday when it is closed for operations and also a time when Hemphill

traditionally takes a yearly trip to visit family in North Carolina for the holidays. This trip has been scheduled annually. As such, the December 29, 2015, date is unduly burdensome and harassing to Hemphill as a non-party with no personal knowledge relevant to any of the proceedings or issues presented.

12. Moreover, the subpoena is harassing and should be quashed. The subpoena constitutes a pattern of harassing conduct directed towards Hemphill and the District. Sims has repeatedly engaged in a pattern of attempting to intertwine the District and Hemphill into his personal and marital affairs, which are not relevant to the District.

13. To wit, in February of 2015, Steven Sims repeatedly contacted Hemphill about Sims' personal matters. Specifically, Steven Sims requested to install a camera in his wife's classroom at Lyles Middle School. Rosaline Sims is a teacher at Lyles Middle School, where Hemphill is the principal. Steven Sims also indicated a belief that his wife was having an affair with another employee at the school. Hemphill advised Steven Sims to call the District's Fraud and Abuse Hotline if he felt concerned.

14. On March 11, 2015, Steven Sims went to the Garland Police Station to further his allegations that his wife was having an affair with Lyles Middle School's School Resource Officer, Officer James Brezik, who is an officer with the Garland Police Department working in Lyles Middle School.

15. Based upon information from the Garland Police Department, it is the District's understanding that on March 11, 2015, Sims was transported to Green Oaks for a psychological evaluation.

16. On March 27, 2015, Steven Sims submitted a public information request to the District, seeking all video footage from Lyles Middle School in the 2014-2015 school year. After Steven Sims narrowed his request to seek video footage of the spring 2015 semester from 8 a.m. to 5 p.m., the District sought protection from the Texas Attorney General's Office from disclosing this video footage. The Texas Attorney General made the determination that the safety of the campus required that the footage be withheld from disclosure.

17. After receiving the ruling form the Attorney General, Sims subpoenaed Hemphill and the District's Director of Secondary Human Resources, Gradyne Brown, to testify in an August 3, 2015 hearing. Copies of the subpoenas are attached hereto as Exhibit B. The subpoenas requested extensive records from the District, including video footage sought in the public information request. Like the current subpoena, Sims sought documents related to investigations of an affair or sex in the workplace against Rosaline Sims. The District has no such documents and has conducted no such investigation. After conversations with the District's legal counsel, Sims eventually agreed to release Brown and Hemphill from personally appearing or providing most records, in exchange for copies of certain videos.

18. During the summer of 2015, Steven Sims also contacted Keith Chapman, Director of Security and Telephones, to inquire about the location of other District security cameras.

19. On August 11, 2015, Steven Sims sent Officer Brezik an email, apologizing for accusing him of having an affair, and admitting that he has no proof of the affair. The email reinforces that Sims' conduct towards the District has been harassing, improperly motivated, not based on factual information or evidence and therefore not likely to lead to any relevant evidence for the proceeding at hand.

20. On September 9, 2015, Steven Sims contacted the Garland Police Department Internal Affairs about Brezik's alleged conduct. Garland Police Department found no validity to the claims.

21. Thereafter, on September 22, 2015, Hemphill received the subpoena to appear, bring evidence, and testify, in a hearing on December 29, 2015. Despite Steven Sims frequent contacts with Hemphill and other District personnel, the District has no direct knowledge of facts relevant to his marriage or a potential affair. The District has not conducted an investigation into a possible affair because no credible evidence suggests that such an investigation is relevant to conducting school business or educating children. Steven Sims' frequent, repetitive contacts are harassing and serve no other purpose to disturb and impermissibly seek to involve District personnel in matters that take them away from the education of public school students, at District expense.

## CONCLUSION AND PRAYER

The Garland Independent School District and Mr. Hemphill respectfully moves that this Court quash the outstanding subpoena, grant the request Motion for Protective Order, and invokes Tex. R. Civ. P. 176.6 (d) and (e) which relieves Mr. Hemphill from compliance unless ordered by the Court.  As shown herein, such an order should not issue and neither Mr. Hemphill, nor any other representative of the Garland Independent School District, should be required to undergo the expense and burden of responding to the vague, harassing, oppressive, annoying and irrelevant request for information or otherwise be compelled to be in attendance in Court on December 29, 2015.

Respectfully submitted,

/s/  *Joe R. Tanguma*
Joe R. Tanguma
State Bar No. 24028025
Leasor Crass, P.C.
302 W. Broad Street
Mansfield, Texas 76063

(682) 422-0009 Phone
(682) 422-0008 Facsimile
joe@leasorcrass.com
Attorneys for GISD and Hemphill

Justin Graham
Justin Graham
State Bar No. 24066815
General Counsel
Garland Independent School District
501 S Jupiter
Garland, TX 75042
(979) 487-3023 Phone
(979) 485-4936 Fax
jrgrah@garlandisd.net

COUNSEL FOR THE GARLAND
INDEPENDENT SCHOOL DISTRICT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on December 17, 2015, on the following via certified mail, return receipt requested and via email as follows:

Steven Sims
PO Box 495511
Garland, TX 75043

CMRRR: 70132250000220761156
s3.sims@yahoo.com

/s/ Joe R. Tanguma
Joe R. Tanguma





# MH Progress Note



## Metrocare
### SERVICES

**Metrocare - the provider of choice**

\#\#\#\#\#\#\#\#

| | |
|---|---|
| Name: | Sims, Steven |
| Record No: | 40170242 |
| DOB: | 02/18/1970      Age: 46 |
| Attend/Clinician: | Scheen, Jerry |
| Primary/Clinician: | Askew, Alison |
| RU/Dept.: | 534      Lifenet Bridge Svcs |

| | |
|---|---|
| Procedure: | 3993     MH Outreach |
| Start/End Time: | 12/9/16 10:00 am    to   12/9/16 10:30 am      Status:   Completed |
| Billable Duration: | 30    Type:    Minutes     POS:   Office |
| CSPP: | MH     LIFENET     534      SPA |
| Status: | Completed and Signed |
| Clinician: | Juana Acosta |
| Billing: | Juana Acosta |

**Contact With** With individual at The Bridge, appropriately dressed, orientedx4, session in English, denies si/hi and copsd: none

**Metrocare** y

**Behavior** Met with individual to refer, coordinate services. Individual doesnt meet criteria for one of the diagnosis cover by northstar.

**Interv Resp** Instructed individual on psychotherapy and providers ( Dr. Brix, Susan and Adres Moran) at parkland and the benefits of psychotheraphy. Cw instructed individual on legal aid as well since states feel the hospital tried to kill him and wants to figure out if they did or not. Cw instructed individual on how to set an appointment, see the services refer to and how they will benefits

**Prog Assess** Mr. Sims states he appreciates the help becuase one of his goals is to get to the bottom of things

**Plan Rec** Cw will assist individual as needed.

Doc 14169759Electronically Signed on Dec 12 2016 10:59AM by AUTHOR Juana S. Acosta, M.A., Title: Clinical Manager 2
DMS Staff ID #:  201401

# MH Progress Note

| | |
|---|---|
| Name: | Sims, Steven |
| Record No: | 40170242 |
| DOB: | 02/18/1970    Age: 46 |
| Attend/Clinician: | Scheen, Jerry |
| Primary/Clinician: | Askew, Alison |
| RU/Dept.: | 534    Lifenet Bridge Svcs |

**Metrocare**
SERVICES

Metrocare - the provider of choice

########

| | | | | | | |
|---|---|---|---|---|---|---|
| Procedure: | 3993 | MH Outreach | | | | |
| Start/End Time: | 1/6/17  8:10 am | to   1/6/17  8:40 am | | | Status: | Completed |
| Billable Duration: | 30 | Type: | Minutes | POS:  Office | | |
| CSPP: | MH | LIFENET | 534 | SPA | | |
| Status: | Completed and Signed | | | | | |
| Clinician: | Alison Askew | | | | | |
| Billing: | Alison Askew | | | | | |

**Contact With** Ind- in the office- session in english- denies SI/HI

**Metrocare** y

**Behavior** QMHP met with individual to refer and coordinate services. Individual doesnt meet criteria for one of the diagnosis cover by northstar.

**Prompting** 1

**Interv Resp** QMHP prompted individual to discuss their presented needs, Steven states he needs to find another place to live, and find another counselor. Steven reports he is having a difficult time getting to his current therapist, and missed his last appointment with her due to missing the bus. He expressed interested in seeing a therapist that is closer to him. QMHP referred ind. to Susan LPC at Parkland Clinic. QMHP instructed individual to go to the parkland clinic after his MH appointment to schedule an appointment with Susan as soon as he can. Individausl also stated he needs to get a physical, QMHP referred individual to make an appt with the Parkland doctor while he schedules an appt with Susan. QMHP reviewed and discussed information and resources/services concerning Metrocare MH clinic, shelter and homeless services, housing like the pathways program, and employment programs like WorkPath through CitySquare.

**Prog Assess** Individual states he appeciriates the help and will continue to use the resources he has to reach his goal of finding a nearby therapist, and applying for housing.

**Plan Rec** Individual doesnt meet criteria for one of the diagnosis cover by northstar. Steven was encouraged to return to MH clinic should he feel the need for MH services/assessment.

Doc 14277185Electronically Signed on Jan 6 2017 10:57AM by AUTHOR Alison  Askew, Qualified Mental Health Professional - Bachelors, Title: Qualified Mental Health Prof
DMS Staff ID #:  206714

CLINTON LAWRENCE @ LIBRARY



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS



RECEIVED
JAN 3 0 2017
BY _____
DALLAS CITY ATTORNEY'S

January 26, 2017

Ms. Heather Silver
Assistant City Attorney
Office of the City Attorney
City of Dallas
1500 Marilla Street, Room 7DN
Dallas, Texas 75201

OR2017-01785

Dear Ms. Silver:

You ask whether certain information is subject to required public disclosure under the Public Information Act (the "Act"), chapter 552 of the Government Code. Your request was assigned ID# 642802.

The City of Dallas (the "city") received a request for specified security video and computer activity and usage from the J. Erik Johnson Library on a specified date. You state the city does not have any information responsive to a portion of the request.[1] You claim the submitted information is excepted from disclosure under section 552.124 of the Government Code. We have considered the exception you claim and reviewed the submitted representative sample of information.[2]

---

[1]The Act does not require a governmental body that receives a request for information to create information that did not exist when the request was received. *See Econ. Opportunities Dev. Corp. v. Bustamante*, 562 S.W.2d 266 (Tex. Civ. App.—San Antonio 1978, writ dism'd); Open Records Decision Nos. 605 at 2 (1992), 563 at 8 (1990), 555 at 1-2 (1990), 452 at 3 (1986), 362 at 2 (1983).

[2]We assume that the "representative sample" of records submitted to this office is truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.

Ms. Heather Silver - Page 2

Section 552.124 of the Government Code makes confidential, with certain exceptions that are not applicable here, "[a] record of a library or library system, supported in whole or in part by public funds, that identifies or serves to identify a person who requested, obtained, or used a library material or service[.]" Gov't Code § 552.124(a)-(b); *see also* Open Records Decision No. 100 at 3 (1975) (identifying information of library patrons in connection with object of their attentions is confidential by constitutional law). Upon review, we find some of the submitted information identifies individuals who requested, obtained, or used library materials or services; therefore, the city must withhold this information under section 552.124 of the Government Code. However, you have failed to demonstrate the remaining information, which we have indicated, specifically identifies or serves to identify a person who requested, obtained, or used a library material or service, and the city may not withhold it under section 552.124. The city must release the information we have indicated.

This letter ruling is limited to the particular information at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other information or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For more information concerning those rights and responsibilities, please visit our website at http://www.texasattorneygeneral.gov/open/orl_ruling_info.shtml, or call the Office of the Attorney General's Open Government Hotline, toll free, at (877) 673-6839. Questions concerning the allowable charges for providing public information under the Act may be directed to the Office of the Attorney General, toll free, at (888) 672-6787.

Sincerely,

Paige Lay

Paige Lay
Assistant Attorney General
Open Records Division

PL/som

Ref:    ID# 642802

Enc.   Submitted documents

c:     Requestor
       (w/o enclosures)

## C001699-110216 - Open Records Request

### Open Records Request Details

#### Open Records Request Details

Please be as specific as possible, including dates, names, numbers, or other identifiers that will assist in locating the information you seek. Examples: "I hereby request the City's file on [event, project, incident, etc.]" "I need Police report [number], dated [date], and involving [description and date]". "I am requesting a certificate of occupancy for [X address]."

| | |
|---|---|
| Describe the document(s) you are requesting: | I hereby request the City's security video of the J. Erik Johnson Library's first and third floor entrance, elevator, lobby, and computer areas for Sunday, October 30, 2016 between the hours of 1pm-5pm. Also, if available, a copy of the computer activity and usage of third floor computers number 15 and 16.. |
| Preferred Method to Receive Documents: | Pick-Up Copies |

### Department with Record(s)

### Message History

Date

On 11/2/2016 9:32:28 AM, Open Records DistroList wrote:
Dear Steven Sims:

Thank you for your interest in public records of the City of Dallas. Your request has been received and is being processed in accordance with Chapter 552 of Texas Government Code, the Public Information Act. Your request was received in this office on 11/2/2016 and given the reference number: C001699-110216 for tracking purposes.

Records Requested: I hereby request the City's security video of the J. Erik Johnson Library's first and third floor entrance, elevator, lobby, and computer areas for Sunday, October 30, 2016 between the hours of 1pm-5pm. Also, if available, a copy of the computer activity and usage of third floor computers number 15 and 16..

Your request will be sent to the relevant City department(s) to locate the information and determine any costs that may be due. You will receive an email when your request has been completed. If your request is received on the weekend or after business hours, it will be processed the next business day.

You can monitor the progress of your request at the link below and you'll receive an email when your request has been completed. Again, thank you for using the Public Records Center.

City of Dallas

To monitor the progress or update this request please log into the Public Records Center.

On 11/2/2016 9:32:27 AM, wrote:
Request was created by customer

### Request Details

| | |
|---|---|
| Reference No: | C001699-110216 |
| Create Date: | 11/2/2016 9:32 AM |
| Update Date: | 11/4/2016 2:15 PM |

KTB
7-2-16   Per patient want to pick up Records

s3.sims@yahoo.com  By 8-15-16
7-2-16

Please Email

Date Request Completed/Faxed:
Total Pages Released:
Request Completed By: H001149326

## Section A: This section must be completed for all Authorizations (Texas)

**Patient Name:** Le'la Amiyah Sims
**Date of Birth:** 06/23/09
**Patient's Phone Number:** (214) 435-5049
**Last Four Digits SSN (optional):**

**Provider's Name:** City Dallas
Mel Steven Sims
**Recipient's Name:** Steven S. Sims

**Provider's Address:**
**Address 1:** 4117 Logan St.
**Address 2:**
**Recipient's Phone:** (214) 435-5049
**City:** Irving   **State:** TX   **Zip:** 75062

Request Delivery (If left blank, a paper copy will be provided): ☑ Paper Copy  ☐ Electronic Media; if available (e.g., USB drive, CD/DVD)
☑ Encrypted Email  ☐ Unencrypted Email
NOTE: In the event the facility is unable to accommodate an electronic delivery as requested, an alternative delivery method will be provided (e.g., paper copy). There is some level of risk that a third party could see your PHI without your consent when receiving unencrypted electronic media or email. We are not responsible for unauthorized access to the PHI contained in this format or any risks (e.g., virus) potentially introduced to your computer/device when receiving PHI in electronic format or email.

**Email Address (if email checked above please print legibly):**

Unless a shorter time period is specified, this authorization will expire 180 days after the date it is signed. (Fill in the Date or the Event but not both.)
**Date:** 06-23-2017   **Event:**

**Purpose of disclosure:** Personal

### Description of information to be used or disclosed

Is this request for psychotherapy notes? ☐ Yes, then this is the only item you may request on this authorization. You must submit another authorization for other items below. ☐ No, then you may check as many items below as you need.

| Description: | Date(s): | Description: | Date(s): | Description: | Date(s): |
|---|---|---|---|---|---|
| ☑ All PHI in medical record | | ☐ Operative Information | | ☑ Labor/delivery summary | |
| ☐ Admission form | | ☐ Cath lab | | ☑ OB nursing assess. | |
| ☐ Dictation reports  All | | ☐ Special test/therapy | | ☐ Postpartum flow sheet | |
| ☐ Physician orders | | ☐ Rhythm strips | | ☐ Itemized bill | |
| ☑ Intake/outtake  Records | | ☐ Nursing information | | ☐ UB-04: | |
| ☐ Clinical test | | ☐ Transfer forms | | ☐ ECT OR Psych. Info. | |
| ☐ Medication sheets | | ☐ ER information | | ☐ Other: | |

I hereby authorize the Hospital marked below to release records to the recipient party designated above.

**DFW Sites:**
☐ Denton Regional Medical Center   ☐ Las Colinas Medical Center   ☐ Medical Center of Plano   ☑ Medical City Dallas
☐ Green Oaks Hospital   ☐ Medical Center of Lewisville   ☐ North Hills Hospital   ☐ Medical City Alliance
☐ Medical Center Arlington   ☐ Medical Center of McKinney/Wysong   ☐ Plaza Medical Center

I acknowledge, and hereby consent to such, that the released information may contain alcohol, drug abuse, genetic information, psychiatric, HIV testing, HIV results or AIDS information. _____ (Initial)
If this authorization is for disclosure of genetic information, please describe: _____

I understand that:
1. I may refuse to sign this authorization and that it is strictly voluntary.
2. My treatment, payment, enrollment or eligibility for benefits may not be conditioned on signing this authorization.
3. I may revoke this authorization at any time in writing; but if I do, it will not have any affect on any actions taken prior to receiving the revocation. Further details may be found in the Notice of Privacy Practices.
4. If the requester or receiver is not a health plan or health care provider, the released information may no longer be protected by federal privacy regulations and may be redisclosed.
5. I understand that I may see and obtain a copy of the information described on this form, for a reasonable copy fee, if I ask for it.
6. I get a copy of this form after I sign it.

## Section B: Is the request of PHI for the purpose of marketing and/or does it involve the sale of PHI? ☐ Yes  ☐ No

If yes, the health plan or health care provider must complete Section B, otherwise skip to Section C.

Will the recipient receive financial remuneration in exchange for using or disclosing this information?   ☐ Yes  ☑ No
If yes, describe:
May the recipient of the PHI further exchange the information for financial remuneration?   ☐ Yes  ☑ No

## Section C: Signatures

I have read the above and authorize the disclosure of the protected health information as stated.

**Signature of Patient/Patient's Representative:** Steven S Sims   **Date:** July 11, 2016

**Print Name of Patient's Representative:** Steven S. Sims   **Relationship to Patient:** father

**PARALLON**
10030 N. MacArthur Blvd., Irving, TX 75063
(888) 749-7952

**AUTHORIZATION TO RELEASE PROTECTED HEALTH INFORMATION (PHI)**

PATIENT IDENTIFICATION
Patient address at birth
705 Middle Glen Dr.
Garland, TX 75043

HEALTHPORT
JUL 12 2016

WHITE - Medical Record   YELLOW - Patient   DPC00224 (Rev. 05/15)



SIMS, STEVEN
9910494217CTL
12/18/1970  M  45Y

# 9091/53CTL
STUDY 1455615120309897
12/3/2015
5:04:29 PM
1 IMA 1

TOUCHSTONE IMA
DHARMA

C-Spine LAT

LT

MESSAGES

Latasha BROWN

Thu, Nov 8, 2012

979-487-9855

ill b h'm 4 Thanksgiving

Fri, Nov 2, 2012

214-868-4465

Wed, Oct 31, 2012

SEND MSG          OPTIONS

CAUSE NO. _DF-15-06205_

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| STEVEN SIMS | § | |
| AND | § | 256th JUDICIAL DISTRICT |
| ROSALINE CHATHAM-SIMS | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| | § | DALLAS  COUNTY, TEXAS |
| | § | |
| CHILDREN | § | |

## PETITIONER'S REQUEST FOR ADMISSIONS

To: **ROSALINE CHATHAM-SIMS,**•

**STEVEN SIMS**, Petitioner, requests that Respondent, **ROSALINE CHATHAM-SIMS**, admit to these questions and return a notarized copy to the Petitioner within 15 days of receiving this request.

1. Have you had sex during the school day since you've been a teacher?

   **No, I have never had sex during the school day with anyone other than my husband since I became a teacher.**

2. At your high school class reunion did you go to the hotel room with a male classmate?

   **No, I did not go into a private hotel room with any of my male classmates during my class reunion.**

3. Did you have sex with a classmate at your high school class reunion in his hotel room?

   **I did not have sex with any classmate at my high school class reunion in his hotel   room.**

4. Is there a sex tape of you with someone other than your husband? If so, explain.

   **There is not a sex tape of me having sex with anyone other than my husband that I am aware of.**

5. Have you ever had sex of any kind with Thomas Williams? If so, explain.

   **No, I have never had sex of any kind with Thomas Williams.**

I swear that these answers are true and complete to the best of my knowledge.

_____   7/9/15
Rosaline DeAnn Chatham-Sims              Date

ERIC LUNA
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-02-16



**Time Warner Cable®**

**Customer service**
Call us anytime 1-972-742-5892
Visit us at twc.com

**Account number**
**8260 13 022 2118468**
Customer code **0393**



| Due date | Service period | Amount due |
|---|---|---|
| Jul 21, 2015 | 07/11 - 08/10 | **$87.89** |

**Service address**
Rosaline Sims
Account Phone 214-497-0878
705 Middle Glen Dr
Garland, TX 75043-2654

**Previous balance & payments**

| | |
|---|---|
| Balance last statement | 88.12 |
| Payments received as of Jul 1, 2015 | -88.12 |

**Current month**

| | |
|---|---|
| Monthly services | 77.99 |
| Surcharges | 2.36 |
| Taxes and fees | 7.54 |

| **Total due by Jul 21, 2015** | **$87.89** |
|---|---|

## ENJOY TWC BETTER

Watch Live TV on your devices, at home or on-the-go, with our
free TWC TV® app. Now available for Starter TV customers on
PC, iOS, Android, Xbox One and Roku.

Now with our Unlimited Calling you can make free calls to the
US, Canada, Puerto Rico, Mexico, China, Hong Kong and India.

Now enjoy having your upgraded services installed at your
convenience with a 1-hour appointment window.

Now access over 400,000 free TWC WiFi® hotspots nationwide.
Use our WiFi Finder app to easily get online.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**Time Warner Cable®**

Please enclose this coupon with your payment.

**\*\*Please allow 7-10 days for delivery and payment
processing. See reverse side for more convenient
payment options.**

3301 W ROYAL LN IRVING TX 75063
8260 1300 NO RP 01 07022015 NNNNNNNN 01 992682

ROSALINE SIMS
705 MIDDLE GLEN DR
GARLAND, TX 75043-2654



Payment due date
Jul 21, 2015

| Total amount due |
|---|
| **$87.89** |

| Amount enclosed |
|---|
| |

Account number
**8260 13 022 2118468**

Please write your account
number on your check.

TIME WARNER CABLE
PO BOX 60074
CITY OF INDUSTRY CA  91716-0074

826013022211846800087890

**Thank you for choosing Sprint**

426

1765 N. TOWN EAST BLVD, SUITES 133-135
MESQUITE, Texas

6942878-73704165

egister:      3
ate:                              3/21/2015 12:44:44
erved By:   RAFAEL G.
ustomer:    ROSALINE/ STEVEN            OTC Sale
ustomer No.: 162999462

## Original

*7 3 7 0 4 1 6 5 *

ther Services:
Customer Maintenance:        First Name: ROSALINE/
                             Steven

All returns must be made with receipt to original
place of purchase. Customers must
return/exchange your device within 14 days of
activation/purchase. A $35 restock fee ($75 for
Tablets, Notebooks/Netbooks) may apply. For
details, visit Sprint.com/returns. If you signed a
ease agreement in conjunction with an item noted
on this receipt, please remember Sprint owns title
to that device.





Garland Independent School District
Office of General Counsel

May 21, 2015

Office of the Attorney General
Open Records Division
P.O. Box 12548
Austin, Texas 78711

VIA CMRRR: 7014-2120-0002-7215-6855

Street Address
Harris Hill Administration Building
501 S. Jupiter Rd.
Garland, TX
75042

Phone
972-487-3396

FAX
972-485-4936

Re:   Public Information Act Disclosure Determination Request #572436

Dear Sir or Madam:

On Thursday, March 26, 2015, Garland Independent School District (referred to herein as "Garland ISD or "District") received a request for information (the "Initial Request") from Mr. Steven Sims. Thereafter, the District timely requested clarification of this overly broad request. On Thursday, April 30, 2015, Mr. Sims clarified this request for information (hereinafter referred to as the "Request"). For your reference a copy of the Request is attached hereto as Exhibit A. Garland ISD believes some information sought may not be subject to public disclosure or may be private under current law. As such, the District wishes to obtain a ruling on withholding from public disclosure such information and asserts that Texas Government Code Section 552.101 (Confidentiality under Specific Statutes and Judicial Decision), and/or other laws under 552.022 and/or other rules requiring confidentiality, apply to information sought in the Request. The District seeks the opinion of the Office of the Attorney General regarding whether it may withhold certain information sought in the Request and respectfully requests your determination as to whether the exception to required disclosure asserted by Garland ISD applies to such information sought in the Request.

As noted, the Initial Request was received by the District on March 25, 2015. The District and its Administration offices were closed on Friday, April 3, 2015 for a District-wide holiday. Open Records Letter Ruling 2005-02099 states that the Attorney General's office "does not count any holidays, including skeleton crew days observed by a governmental body, as business days for the purpose of calculating a governmental body's deadline under the Public Information Act." On Friday, April 6, 2015, the District sent a timely request for clarification and narrowing to Mr. Sims. On Thursday, April 30, 2015, Mr. Sims submitted the clarified Request. Garland ISD asserts that this request is timely under the Texas Government Code.

In the Request, the Requestor seeks "copies of video recordings between 8 am and 5 pm for the Spring Semester 2015 for Lyles Middle School."

Information relating to the requests are attached hereto as Exhibit B in three flash drives. Exhibit B is a representative sample of the documents responsive to the Request. Due to the volume of information responsive to the Request, a representative sample is being provided for your review

Page 2

and consideration. Exhibit C is instructions on viewing the videos on the flash drives attached as Exhibit B. Please note that because security cameras at Lyles Middle School are motion sensitive, video recording for each camera is not continuous, so screens for individual cameras will be blank sometimes. Garland ISD seeks the opinion of the Office of the Attorney General as to whether it may withhold or redact certain information responsive to the Request.

§§ 552.101 & 418.182

Pursuant to Texas Government Code Chapter 552, Garland ISD respectfully requests your determination as to whether the following exceptions to required disclosure apply: section 552.101 and Texas Government Code § 418.182. Section 552.101 excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code § 552.101. This exception encompasses information other statutes make confidential. Section 418.182 was added to the Texas Government Code as part of the Texas Homeland Security Act ("HSA"). Section 418.182 provides in part:

(a) Except as provided by Subsections (b) and (c), information, including access codes and passwords, in the possession of a governmental entity that relates to the specifications, operating procedures, or location of a security system used to protect public or private property from an act of terrorism or related criminal activity is confidential.

In *Tex. Dep't of Pub. Safety v. Abbott*, 310 S.W.3d 670 (Tex. App.—Austin 2010, no pet.), the court found video recordings containing images recorded by security cameras in the Texas Capitol hallway were confidential under section 418.182 of the HSA because the specifications of the security system includes the cameras' capabilities and the video recording demonstrated those capabilities through characteristics, quality, and clarity of images recorded. The court recognized that "the legislature cast a protective shroud over all information that relates to the specifications, thereby giving section 418.182(a) quite a broad reach in protecting information regarding security systems designed to protect public property. *Id.* at 676.

Similarly, the requested information is confidential under Texas Government Code section 418.182 because it relates to the specifications and location of the District's security system at Lyles Middle School. Release of the requested information by the District would compromise the District's ability to protect its campuses from terrorism and related criminal activity. The requested information was recorded by the 48 security cameras at Lyles Middle School. The security cameras are part of the District's security system, which is designed to protect the District, including Lyles Middle School, from terrorism or related criminal activity. The request reveals not only the characteristics, quality, clarity, and capabilities of the District's security system through the images recorded, but also the capabilities and operating procedures of the District's overall security system. The Request seeks months' worth of videos from every security camera at Lyles Middle School from 8 a.m. to 5 p.m. Responsive information will reveal ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the exact location of all of the cameras at Lyles Middle School, the level of detail captured, quality and scope of the District's security system and video recordings, and security system operating procedures. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Page 3

▮▮▮▮▮▮ As such, the information in the requested videos relate to the specifications of the District's security system and so should be excepted from public disclosure.

Responsive information not at issue in this request for an opinion from the Office of the Attorney General will be made available to the requestor. If any responsive information being produced to the requestor are protected by FERPA, the information will be withheld or, as appropriate, redacted in the information provided.

Garland ISD respectfully requests that the office of the Attorney General advise Garland ISD on the District's duty of release of any of the information **or portions** of information so submitted.

By copy of this letter, I am hereby notifying the requestor of the District's request for opinion from the office of the Attorney General.

Thank you for your attention in this matter.

Sincerely,

Justin Graham
GARLAND INDEPENDENT SCHOOL DISTRICT
GENERAL COUNSEL

Enclosures
AFS/

Page 4

cc: (redacted w/o enclosures)

Steven Sims                              VIA CMRRR: 7014-2120-0002-7215-6862
705 Middle Glen Dr.
Garland, Texas 75043





P.O. Box 469026
Garland, TX
75046-4923
www.garlandisd.net

**Garland Independent School District**
Office of General Counsel

April 9, 2015

Mr. Steven S. Sims
705 Middle Glen Drive
Garland, TX 75043

VIA CMRRR – 7014-2120-0002-7215-6671

**Street Address**
Thomas Hill Administration Building
501 S. Jupiter Rd.
Garland, TX
75042

**Phone**
972-487-3396

**FAX**
972-485-4936

Re:     Public Information Request

Dear Mr. Sims,

I am General Counsel at Garland Independent School District (referred to herein as "Garland ISD" or "District"). This letter is written in response to a request for information you submitted. The District received your request on March 26, 2015. This letter seeks clarification of the request for records set forth in the letter. Specifically, pursuant to Texas Government Code §552.222, the District asks that you clarify and/or narrow the scope of the request. Please note that the District is not inquiring into the purpose for which the information will be used.

Specifically, you request the following: Copies of all video surveillance security footage contained at Lyles Middle School for the school year of 2014-2015.

With regard to your request the District seeks clarification and/or narrowing. According to the Texas Government Code, Section 552.222(b) provides that if a large amount of information has been requested, the governmental body may discuss with the requestor how the scope of the request might be narrowed." Tex. Gov't Code §552.222(b).

The District seeks clarification and/or narrowing based on the overly broad nature of the information sought in the request, which has not been clarified or limited in scope or nature, asking for all video surveillance from Lyles Middle School for an entire year. Lyles Middle School has 48 different video cameras, each recording twenty-four hour per day, seven days per week. Although the District may not maintain videos for an entire year based on the District's video retention schedule, and some videos cannot be provided because they are protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), the videos available for release still constitute a large volume of information. To illustrate, fifteen minutes of video from one camera is almost a gigabyte of data. It is up to you to decide how to rephrase, define, or explain the request in order to identify with sufficient or reasonable particularity the information requested. By way of example, if you are able to provide the District with more defined parameters of days, times, and areas of the school for which video sought, then the District may be able to identify and provide responsive information to your request.

Once we receive clarification as stated above, we will begin processing the request and provide an estimated date of completion and costs, if applicable. Additionally, if required, we will proceed with a request to the Texas Attorney General. If you do not respond in writing to this inquiry by the 61st day after the date this request for clarification and/or narrowing of the

*Diverse Community. Shared Vision. Exceptional Education.*

scope of your request is sent, the request will be considered withdrawn. Tex. Gov't Code §552.222(d).

Thank you for your cooperation and assistance in this matter.  Please do not hesitate to contact me should you have additional questions regarding this letter.

Sincerely,

Justin Graham
GARLAND INDEPENDENT SCHOOL DISTRICT
GENERAL COUNSEL

cc:   Darrin Hemphill            VIA EMAIL: dlhemphi@garlandisd.net
      Principal, Lyles Middle School





P.O. Box 469026
Garland, TX
750464993
www.garlandisd.net

**Garland Independent School District**
Office of General Counsel

May 14, 2015

VIA CMRRR: 7014-1050-0000-8849-6999

**Street Address**
Harris Hill Administration Building
501 S. Jupiter Rd.
Garland, TX
75042

**Phone**
972-487-3396

**FAX**
972-485-4936

Office of the Attorney General
Open Records Division
P.O. Box 12548
Austin, Texas 78711

*Re:*   Public Information Act Disclosure Determination Request

Dear Sir or Madam:

On Thursday, March 26, 2015, Garland Independent School District (referred to herein as "Garland ISD or "District") received a request for information (the "Initial Request") from Mr. Steven Sims. Thereafter, the District timely requested clarification of this overly broad request. On Thursday, April 30, 2015, Mr. Sims clarified this request for information (hereinafter referred to as the "Request"). For your reference a copy of the Request is attached hereto as Exhibit A. Garland ISD believes some information sought may not be subject to public disclosure or may be private under current law. As such, the District wishes to obtain a ruling on withholding from public disclosure such information and asserts that Texas Government Code Section 552.101 (Confidentiality under Specific Statutes and Judicial Decision), and/or other laws under 552.022 and/or other rules requiring confidentiality, apply to information sought in the Request. The District seeks the opinion of the Office of the Attorney General regarding whether it may withhold certain information sought in the Request and respectfully requests your determination as to whether the exception to required disclosure asserted by Garland ISD applies to such information sought in the Request.

As noted, the Initial Request was received by the District on March 25, 2015. The District and its Administration offices were closed on Friday, April 3, 2015 for a District-wide holiday. Open Records Letter Ruling 2005-02099 states that the Attorney General's office "does not count any holidays, including skeleton crew days observed by a governmental body, as business days for the purpose of calculating a governmental body's deadline under the Public Information Act." On Friday, April 6, 2015, the District sent a timely request for clarification and narrowing to Mr. Sims. On Thursday, April 30, 2015, Mr. Sims submitted the clarified Request. Garland ISD asserts that this request is timely under the Texas Government Code.

Responsive information not at issue in this request for an opinion from the Office of the Attorney General will be made available to the requestor. If any responsive information being produced to the requestor are protected by FERPA, the information will be withheld or, as appropriate, redacted in the information provided.

*Diverse Community. Shared Vision. Exceptional Education.*

Page 2

Pursuant to Texas Government Code Section 552.301(e), not later than the fifteenth business day after the day of receiving the Request, the District will submit to the Attorney General written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld and labeled copies of the specific information requested that Garland ISD seeks to withhold. The District respectfully requests that the office of the Attorney General advise Garland ISD on the District's duty of release of any of the documents or portions of documents so submitted.

By copy of this letter, I am hereby notifying the requestor of the District's request for opinion from the office of the Attorney General.

Thank you for your attention in this matter.

Sincerely,

Justin Graham
GARLAND INDEPENDENT SCHOOL DISTRICT
GENERAL COUNSEL

Enclosures
AFS/

Page 3

cc: (w/o enclosures)

Steven Sims                           VIA CMRRR: 7014-2870-0001-6985-3421
705 Middle Glen Dr.
Garland, Texas 75043

Print

**Subject:** Your Application for Employment

**From:** Robert Greenberg (robert@ussecuritysrvs.com)

**To:** s3.sims@yahoo.com;

**Date:** Thursday, September 24, 2015 9:44 PM



**US SECURITY SERVICES**

353 N. CLARK ST. CHICAGO, IL 60654  (800) 450-9170

September 24, 2015

Dear Steven,

I wanted to personally thank you for your interest in US Security Services. We received your application and we think you would be a great addition to our team.  We are currently expanding our unarmed security operations here in Dallas and think your desire to explore new opportunities and your solid work experience in this field would equal success with US Security Services.  We would like to officially invite you to attend the New Hire Orientation on October 24th.  And coincidently, we have the same birthday.  I was born on February 18th as well, just many years before you.

As you know, US Security Services has built a reputation as being the leader in the security guard & security officer industry for over a 19 years.  We know that every interaction with our customers is a direct representation of our company.  Because of this, we make every attempt to ensure all employees are content and satisfied at all times.  Our management staff is here to help you and our Human Resources Department is available for your assistance Monday thru Friday during regular business hours. We have a complete in-house training program to help you obtain or renew ALL the required certifications necessary to maintain your license as a security guard in Texas.  Starting pay, while in training, is $22.19/hour for unarmed positions.  Currently, we only have unarmed positions available.  After 90 days, you will qualify for health insurance and the other benefits offered by US Security Services.  You will also undergo an "Initial Phase Evaluation" and qualify for an increase in pay which will be explained in more detail during your Orientation.

Our industry requires that every employee pass a background check and submit to a criminal record search.  In addition, while at Orientation, you will be required to submit a fingerprint card that will be registered in the national fingerprint registry (IAFIS).  You'll also receive a basic physical examination administered by our physician on-site.  The background check & criminal record search costs $94 and is reimbursed to you after successfully completing 30 days of

continued employment.  This fee also includes any city, state or authoritative permits needed to successfully complete or maintain your Licensed Security Guard Training.  <u>Unfortunately, the background check, criminal record search and fingerprinting are mandatory even if you are currently licensed as a security officer.</u>

I have attached a copy of the "US Security Services Employee Handbook" and a "2015 W-4 IRS Tax Form".   Please take a moment to read and become familiar with both items.  You <u>DO NOT</u> need to send those back now.   Please bring those two documents with you to Orientation on October 24th.  Once you have familiarized yourself please go to www.ussecuritysrvs.com  and click the button on top of the screen reading:   "**US SECURITY EMPLOYEES ONLY**".  This will route you to the New Hire Form.   When asked, your employee number is **39244.**  Please fill out the form completely confirming your reading and understanding of the supplementary paperwork and authorizing us to perform a background check and obtain a criminal record report.   Upon submission of The New Hire Form, please pay the $94 background/criminal record fee. Our secure payment processor accepts all major credit cards and PayPal.  Please print and save your receipt for future reimbursement.  Once we receive your New Hire Form we will immediately start the New Hire Process and contact you within 2-4 weeks to confirm your reservation at Orientation.  Orientation will be held at:

**100 Highland Park Village**

**Dallas, Texas 75205**

<u>Once we determine the number of participants for the October 24th Orientation I will contact you with the room number and the schedule for the day</u>.  We ran out of space last month so we may change rooms for the upcoming Orientation.

Orientation starts at 9 AM and usually ends around 4 PM.   Please arrive 15 early.

Steven, from everyone here at US Security Services I would like to personally welcome you to our family.  I look forward to meeting you in person at Orientation.  Please return the New Hire Form by September 26th as we currently have limited space available for Orientation.

Warmest Regards,

*Robert Greenberg*

Robert Greenberg

Director of Operations, Dallas

www.ussecuritysrvs.com

## Attachments

- image001.jpg (15.10KB)
- image002.jpg (2.70KB)
- fw4.2015.pdf (112.70KB)
- US Security Services-Employee-Handbook110829.pdf (516.28KB)

**Subject:**   Your payment to FOSTER AND PARTNERS

**From:**   service@paypal.com (service@paypal.com)

**To:**   s3.sims@yahoo.com;

**Date:**   Friday, September 25, 2015 9:12 AM



**You sent a payment of $94.15 USD to FOSTER AND PARTNERS.**

Sep 25, 2015 07:12:31 PDT
Receipt No:1698-6550-7555-9001

Hello Steven Sims,

This charge will appear on your credit card statement as payment to PAYPAL *FOSTERPARTN.

| **Merchant information:** | **Instructions to merchant:** |
|---|---|
| FOSTER AND PARTNERS | None provided |

http://www.fosterandpartnersint.com

**Shipping information**      **Shipping method**
                             Not specified

| Description | Unit price | Qty | Amount |
|---|---|---|---|
| Base Price | $94.15 USD | 1 | $94.15 USD |

|  |  |
|---|---|
| Discount: | -$0.00 USD |
| **Total:** | $94.15 USD |

**Receipt No: 1698-6550-7555-9001**
Please keep this receipt number for future reference. You'll need it if you contact customer
service at FOSTER AND PARTNERS or PayPal.

---

**Use PayPal next time!**

It looks as if you already have a PayPal account.

When you shop online, it's faster and easier to check out with PayPal. Your financial
information is securely stored and never shared with merchants when you pay.

---

Help  |  Security Center

For assistance with matters regarding your PayPal account not identified above, please contact us toll free at 1-888-221-1161.

Please don't reply to this email. It'll just confuse the computer that sent it and you won't get a response.

Copyright © 2015 PayPal, Inc. All rights reserved. PayPal is located at 2211 N. First St., San Jose, CA 95131.

PayPal Email ID PP1469 - 24472babb76d9

**Subject:**   RESPONSE

**From:**   Rosaline Sims (RSims@garlandisd.net)

**To:**   s3.sims@yahoo.com;

**Date:**   Friday, April 22, 2016 11:27 PM

Did not have your P.O. Box  address.  If you need the hard copy, I have it.

*Rosaline Sims*
*6th Grade Science*
*Lyles Middle School*

---

## Attachments

- Pg 1 001.jpg (454.83KB)
- Pg. 2 001.jpg (608.88KB)
- Pg. 3 001.jpg (122.97KB)

NO. DC-16-03445

| | | |
|---|---|---|
| **RESPONSE TO SUIT ON** | § | **IN THE DISTRICT COURT** |
| **DEFAMATION AND REQUEST** | | FILED |
| **FOR DISMISSAL OF SUIT** | | |
| | § | **14TH JUDICIAL DISTRICT** 2016 APR 18 PM 4:29 |
| | § | **600 Commerce Street, suite 101** |
| | § | **DALLAS COUNTY, TEXAS** FELICIA PITRE CLERK |
| | § | DALLAS Co., TEXAS |
| **STEVEN S. SIMS** | § | **75202** _____ DEPUTY |
| **Plaintiff** | | |
| **vs** | § | |
| **ROSALINE D. SIMS** | § | |
| | § | |
| | § | |
| | § | **PRESENT DATE: April 18, 2016** |
| **Rosaline D-Sims, Responder •** | | |

**ANSWER TO PLAINTIFF BY Respondent, non-attorney**

1. As of the Complaint stated that I the defendant published false statements against plaintiff that caused undue stress and harm to plaintiff's character, reputation and body.

   -Defendant denies the allegations.
   Plaintiff is accusing me the Defendant of causing him harm and undue stress. During the past year, plaintiff made false claims against me for having an affair with a police officer. This claim was not only false but defaming to my character because without proof or evidence, plaintiff began to disseminate the claim to family friends and my own colleagues. Plaintiff then filed for a divorce on this false claim to prove to others that his claim was true. Plaintiff and I had numerous discussions to resolve the issue and I went above and beyond including taking two lie detector test to prove that the claim was not true. Plaintiff refused to accept results of test or my response to him about the claim.

2. As of the Complaint stated that I the Defendant cost Plaintiff his job as Pastor of the Greater Ideal Baptist Church in 2008 by the Deacon Staff

   -Defendant denies the allegations.
   Plaintiff was ask to resign from his position as Pastor of the Greater Ideal Baptist Church in 2008 but the request had to be reviewed, presented and voted on by the membership of the church. The majority of the membership of the church voted in favor of the Plaintiff remaining in his position as Pastor. The Plaintiff made the decision to clear his office and walk away. I did not have anything to do with the decision that the Plaintiff made.

3. As of the Complaint stated by Plaintiff that I, the Defendant maliciously and intently lied to Garland Police in March of 2015 claiming that plaintiff was Bipolar and Schizophrenic and then had him committed to a mental hospital

   -Defendant denies the allegations.
   Prior to this occurring, Plaintiff had made false claim of my, the Defendant having an affair with a police officer. This claim is what drove the Plaintiff to go to the Garland Police

Department to make a formal complaint against one of their officers for participating in an affair with me his spouse at the time. I was not aware of this occurring until I received a call from the officer handling the claim requesting an explanation of the Plaintiff's actions. I explain to the officer that the Plaintiff was making these claims falsely and that Plaintiff had suffered from depression in the past and had a stroke several years ago and that I the Defendant and our children had recently witnessed a sudden onset of abnormal behaviors from. The officer stated that Plaintiff was displaying behaviors of psychosis. At that time I was not educated about those symptoms therefore when the officer asked me what I thought needed to be done, I responded that I did not know and I then asked the officer what their normal procedures were for that type of situation. The officer stated that they took individuals to Green Oaks. I stated to the officer that I agreed for him to do that because I was unsure of Plaintiffs mindset and I had not spoken to the Plaintiff to know what had really occurred. Prior to this occurring, I the Defendant had not heard of Green Oaks Hospital nor had I been in contact with anyone at Green Oaks Hospital.

4. As of the Complaint stated by Plaintiff that I, the Defendant made false claims to his Physician in 2015

-Defendant denies the allegations.

After Plaintiff returned home from being in the Medical City Hospital, in which he was taken to from Green Oaks in an emergency after collapsing and hitting his head, Plaintiff's continued with the same abnormal behavior as before being admitted to the hospital. At this point Plaintiff refused to take any medications given to him by his doctor or the hospital because he accused the doctors and me the Defendant of conspiring against him and trying to kill him by poisoning him using his medications. I contacted Plaintiff's doctor as a result of defendant refusing to take his prescribed medications and displaying the abnormal behavior. I made a request to his Physicians to have been to go into the clinic for a check up to address the concerns of his decision and his behaviors. I also spoke with the social worker in the office at the doctor's request. My goal at that point was to find a way to get Plaintiff into the clinic for a checkup. As a result, the Plaintiff's physician and social worker were concerned about the behaviors that I had described and decided to make Child Protective Services aware which began the investigation process. I was not aware of the investigation occurring until I made a return call to the doctor to give him an update on my progress of getting the Plaintiff in for an appointment.

5. As of the Complaint stated by Plaintiff that I, the Defendant stated to him that there was a microchip implanted into his neck in 2014 for punishment for the way he had treated me down through the years

-Defendant denies the allegations.

I, the Defendant never stated that I was aware or had any part in the idea that a microchip was implanted into Plaintiff's neck for punishment. This is another false claim that the Plaintiff has stated to others about me the Defendant and this supports my claim of defamation of character by the Plaintiff.

Plaintiffs demand for payment of $500,000 by me the Defendant is unnecessary, excessive and based on false accusations. Plaintiff and I were married for 23 years and had 4 children together. The Plaintiff made the decision to leave his family and pursue a life alone with little involvement with our children. We have 2 younger children age 6 and 9 as well as the 17 & 23 year old that need continuous care and guidance and to legally force me the Defendant to pay the above mentioned amount is totally unreasonable causes undue stress and overburdening of responsibilities on my behalf. Plaintiff should be required to remove the suit from the court and

allow our family to heal and move on with our lives.   Plaintiff should also, take charge of his responsibility as a father to these 4 children and seek a professional for his health concerns.

Respectfully Submitted,

By Rosaline Sims

705 Middleglen Drive
Garland, Texas 75043

**Baylor Community Care at Worth Street**
4001 Worth Street   Dallas, TX 75246
Phone:214-828-1745 Fax:214-828-1734

*January 21, 2016*
*Page 1*
*Phone Note*

**STEVEN S SIMS**   Home: (214)435-5049    Work: (214)398-6371
Gender:Male    DOB: 02/18/1970    Insurance: SELF

10/28/2015 - Phone Note
**Provider: Rita J Smith Social Worker**
**Location of Care: Baylor Community Care at Worth Street**

**Verified HIPAA Contacts:** I have verified the HIPAA contacts for this patient prior to speaking to caller regarding patients medical condition.

**HTPN Extended Phone Note**
**Call type:** Patient
**Caller:** Spouse
**Call For:** Jeffrey Zsohar MD
**Reason for Call:** Speak With Provider, Speak With Clinical Staff
**Action Taken:** Provider Consulted-Clinical Advice Given
**Summary of Call:** SWer spoke with spouse of patient regarding current concerns at request of provider. Dr Zsohar was present during call. Community referrals made and access explained. SWer will follow up with spouse. .................................................signed by: Rita J Smith Social Worker  October 29, 2015 8:54 AM

I was present for a majority of the phone encounter. Roseline Sims, husband of patient Steven Sims, voiced her concerns about her husband's mental health. His last encounter here with 7/2014 and all these events have occurred since that time. Roseline comment to the patient had been admitted to Green Oaks mental hospital in 3/15. He did not eat for his entire stay there. After one week, he developed a concerning symptom and was referred to the ED for evaluation. Patient was admitted to the medical hospital for a few days but was discharged home instead of back to the mental health Hospital. Roseline states that since that time, Steven has had periods of delusional paranoia and threatening behavior. She describes 2 separate incidences: The first event occurred when he was upset. Roseline reported that the patient attempted to choke her. He later denied her allegation. Roseline did feel threatened by the event. The second event was also when the patient was angry. They had a verbal altercation. Roseline walked away to deescalate the encounter. She went to the bathroom and close the door. Stephen followed her and broke the door down, destroying the frame of the door. She was not harmed during the event but again felt threatened.
Stephen works as a security officer and has a concealed gun permit. He has a gun in the home. The patient does not know where the gun is kept. He has never threatened her with a gun. He does not have a known history of violence or threatening behavior.
Based off her accounts and her fear of escalation and violent behavior, I recommended along with Rita Smith that Roseline contact either 911 or seek a mental health court order to apprehend her husband. We think this is in the best interest of Roseline, her children also living in the home, and Steven. She will contact us when she has spoken with the authorities. We offered to help with any other additional assistance. Patient did not want to pursue immediate referral to women's shelter or protective custody other than described.
.................................................signed by: Jeffrey Zsohar MD  October 29, 2015 8:22 AM

LCSW made CPS referral as a mandated reporter. Reference ID number is 66715948. See paper chart for more details. .................................................signed by: Rita J Smith Social Worker  October 29, 2015 3:20 PM

**Baylor Community Care at Worth Street**
4001  Worth Street  Dallas, TX 75246
Phone:214-828-1745  Fax:214-828-1734

*January 21, 2016*
Page 1
Phone Note

**STEVEN S SIMS**   Home: (214)435-5049      Work: (214)398-6371
Gender:Male      DOB: 02/18/1970            Insurance: SELF

**10/20/2015 - Phone Note: FM Phone note**
**Provider: Jeffrey Zsohar MD**
**Location of Care: Baylor Community Care at Worth Street**

**Verified HIPAA Contacts:** I have verified the HIPAA contacts for this patient prior to speaking to caller regarding patients medical condition.

**HTPN Extended Phone Note**
**Call type:** Patient
**Caller:** Spouse
**Call For:** Jeffrey Zsohar MD
**Summary of Call:** work # 972-240-3720 is school teacher, Patient wife Roseline called she wanted to speak with Dr. Zsohar to get advice on what to do with patient. She states patient has been acting paranoidal ever since Feb 2015. Patient wife states he has left house for days then comes back, makes threats to family but not violance no kiiling threats, makes false accusations, patient tells other people his wife tried to kill him. Roseline states patient was evaluated at GreenOaks in March 2015 for 7-10 days. Roseline has made doctor appointments but when she tries to take him patient refuses to get in vehicle, pt refuses to be evaulated by provider. Roseline does not want clinic to contact her at cell or home number cause she states patient goes through her phone, informed would forward to provider to review, Roseline states if you leave message at her work she will contact clinic back during her breaks.
**Initial call taken by:** Elizabeth Espinoza NRCMA,  October 20, 2015 4:30 PM

Rita. Would you work with me on this patient concern? I will call the school and leave a message for her to speak to either one of us.
.................................................signed by: Jeffrey Zsohar MD  October 21, 2015 7:54 AM

972-240-3720, Roseline called left vm she apologized for calling back so late she states today she was not able to get much break, she states if possible Dr. Zsohar could call her around 8:00am-8:45am, will forward to provider.  .................................................signed by: Elizabeth Espinoza NRCMA  October 21, 2015 5:22 PM

I have patients scheduled all morning. I attempted but was unable to reach the patient yesterday. I will ask Rita to speak with the patient's family as well.
After further thought, I would recommend she schedule some time to come by and talk about her concerns.
.................................................signed by: Jeffrey Zsohar MD  October 22, 2015 8:39 AM

Roseline called notified her that Per Dr Zsohar recommends to scheduled appointment to come and talk to him about her concerns. She will call us back to tell us what day is better for her.................................................signed by: Yoana Pedraza MA  October 22, 2015 11:47 AM

I followed up on this patient concern today. I called Mrs. Sims at her place of employment. She was not available to speak for a long period at this time. I asked if she felt safe at home. She said currently she does feel safe but is concerned that her home situation may decline over time in which case she may not be safe. I asked her to come to clinic to discuss further her concerns and to determine a plan for management. She has one car and would not be able to come without notifying her husband. We compromised to have a phone conversation tomorrow afternoon at 4:30. I will ask our social worker to also be a part of the conversation. Patient agreed that this would be the most ideal plan and said that she

**Baylor Community Care at Worth Street**
4001  Worth Street   Dallas, TX 75246
Phone:214-828-1745  Fax:214-828-1734

*January 21, 2016*
Page 1
Phone Note

**STEVEN S SIMS**   Home: (214)435-5049      Work: (214)398-6371
Gender:Male      DOB: 02/18/1970               Insurance: SELF

**12/16/2015 - Phone Note**
**Provider: Jeffrey Zsohar MD**
**Location of Care: Baylor Community Care at Worth Street**

---- Converted from flag ----
---- 12/16/2015 12:03 PM, Elizabeth Espinoza NRCMA wrote:
214-435-5049, patient called wanted to speak with Dr. Zsohar regarding his wife contacting office in Oct,
will forward to provider to review.
-----------------------------

## HTPN Extended Phone Note

I called and left a voice mail returning the patients call.
.................................................signed by: Jeffrey Zsohar MD  December 16, 2015 1:59 PM

I spoke with the patient for 15 min regarding recent events. He was questioning why we had not contacted
him before notifying CPS of the threats reported by his wife. I told him we were obligated to report physical
threats but we are not making a determination as to the truth of the statements.
Pt reports he caught his wife cheating on him in 3/15. He told her we was filing for a divorce. Since then,
she has been fabricating untruths and trying to "paint an unfavorable picture" about his behavior. He was
unvoluntarily admitted to a mental health hospital in 3/15 based on what she reported. He said that the
reports his wife was making were all untrue.
The patient was not agitated during our discussion. He was completely appropriate. He was not upset
when I explained that we were obligated to report to CPS. His parahrased response, " I am a preacher
and know we have to respond when a concern is raised about a child." I encouraged him to be honest with
CPS and all parties involved and I hope that the truth will come to light.
He requested his medical records.
.................................................signed by: Jeffrey Zsohar MD  December 16, 2015 2:22 PM

**Electronically Signed by Jeffrey Zsohar MD on 12/16/2015 at 2:23 PM**

**Baylor Community Care at Worth Street**
4001 Worth Street   Dallas, TX 75246
Phone:214-828-1745  Fax:214-828-1734

*January 21, 2016*
Page 2
Phone Note

**STEVEN S SIMS**   Home: (214)435-5049   Work: (214)398-6371
Gender:Male     DOB: 02/18/1970          Insurance: SELF

would be fine waiting until tomorrow.
Rita, could you join a phone conversation tomorrow from 4:30-5pm?
...................................................signed by: Jeffrey Zsohar MD  October 27, 2015 1:32 PM
Yes Dr Zsohar, I will be available tomorrow for the phone conference with patient.
...................................................signed by: Rita J Smith Social Worker  October 27, 2015 2:28 PM

Please see phone note from 10/28.
...................................................signed by: Jeffrey Zsohar MD  October 29, 2015 8:23 AM


**Electronically Signed by Jeffrey Zsohar MD on 10/29/2015 at 8:23 AM**



# GARLAND POLICE DEPARTMENT
# OPEN RECORDS REQUEST
# RECEIPT NUMBER  2015-0119

Date:  4/10/2015

Received From:

Steven Sims
705 Middle Glen Dr.
Garland, TX  75043

Accident Report

Offense / Arrest / CFS Reports
$0.10 per page                              $0.60

Digital Video Disc

Audio Disc

Certification

**AMOUNT DUE       $0.60**

_____

PAYMENT FORM:  ☐ Cash

☐ Check # _____

Date received:_____

RECORDS PERSONNEL: _____
                                              Name                                      ID #

## GARLAND POLICE DEPARTMENT
## OPEN RECORDS REQUEST

LEAVE THIS AREA BLANK

RECEIVED

MAR 2 7 2015

POLICE SUPPORT
SERVICES

DATE OF REQUEST: _March 22, 2015_

Information about person making request for records:

NAME: _Steven Sherod Sims_

DATE OF BIRTH: _02-18-1970_

DL/ID NUMBER: _14569456_

ADDRESS: _705 Middle Glen Dr_

CITY, STATE, ZIP: _Garland, TX 75043_

PHONE NUMBER: _(214)435-5099_

Please describe the records you are requesting. Please include report number (incident/arrest/accident, etc.)
names with dates of birth; location; date of occurrence or time periods; and type of document requested.

_On March 11, 2015 I came in to the Garland Police Station to file_
_a complaint against an officer. I wasn't combative or confrontational,_
_but I was taken to Green Oaks Hospital by GPD. I'm_
_requesting a copy of all records and reports made concerning_
_me on that day. If there is a separate report concerning_
_the dropoff at Green Oaks Hospital I am requesting a_
_copy of that report as well. Thank you._

Signature of person requesting records: _Steven S Sims_

# Garland Police Department
## Incident/Investigation Report

Agency: GPD    Case Number: 2015R005403    Date: 04/01/2015 16:11:25

## Incident Information

| Date/Time Reported | Date/Time Occ. From | Date/Time Occ. To | Officer |
|---|---|---|---|
| 03/11/2015 14:22 WE | 03/11/2015 12:30 WE | 03/11/2015 12:30 WE | (4824) COFFEY, W S |

| Incident Location | |
|---|---|
| 1891 Forest Ln, Garland, TX 75042 | |

| Police District: 23 | Council District: | City Beat: 24 |
|---|---|---|

| Case Status: | Case Status Date: |
|---|---|
| OPEN , ASSIGNED | 03/12/2015 |

| Case Disposition: | Investigator: |
|---|---|
| | (4824) COFFEY, W S |

## Charges

| Seq. # 1 | PROTECTIVE CUSTODY-APOWW-GREEN OAKS | ☑ Com ☐ Att |
|---|---|---|

Statute  573    UCR  999

| Alcohol, Drugs or Computers Used | Location Type | Premises Entered | Forced Entry | Weapons |
|---|---|---|---|---|
| ☐ Alcohol ☐ Drugs ☐ Computers | GOVERNMENT/PUBLIC | | ☐ Yes ☑ No | 1. |

| Entry | Exit | Criminal Activity | 2. |
|---|---|---|---|
| | | | 3. |

| Bias Motivation | Bias Target | Bias Circumstances | Hate Group |
|---|---|---|---|
| | | | |

## Victims

| Seq. # 1 | Type SOCIETY/ PUBLIC | Injuries None | Residency Status | Ethnicity |
|---|---|---|---|---|

| Name(Last, First, M) | Race | Sex | DOB | Age |
|---|---|---|---|---|
| GARLAND PD | | | | 00 |

| Address | Home Phone |
|---|---|
| 1891 FOREST LN, GARLAND, TX 75042 | (972) 485-4800 |

| Employer Name/Address | Business Phone |
|---|---|
| CHIEF MITCH BATES        / | 485-4840 |

| Victim of Crimes | E-Mail | Cell Phone |
|---|---|---|
| 1 | | |

# Garland Police Department
## Incident/Investigation Report

| Agency: GPD | Case Number: 2015R005403 | Date: 04/01/2015 16:11:25 |
|---|---|---|

## Offenders

| Seq. # | Type | Name(Last, First, M) | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | INDIVIDUAL | SIMS, STEVEN SHEROD SR | | | | | | |

| AKA | | Race | Sex | DOB | Age | Height | Weight |
|---|---|---|---|---|---|---|---|
| | | B | M | 02/18/1970 | 45 | 5'10" | 190 lbs |

| Address | Home Phone |
|---|---|
| 705 MIDDLE GLEN DR, GARLAND, TX 75043 | (214) 435-5041 |

| Employer Name/Address | Business Phone |
|---|---|
| / | |

| E-Mail | Cell Phone |
|---|---|
| | (214) 435-5049 |

**Scars, Marks, Tatoos or other distinguishing features**

**Physical Characteristics**

**Suspect Details**

## Other Persons Involved

| Name Code | Seq. # | Name (Last, First, M) | Race | Sex | DOB |
|---|---|---|---|---|---|
| Involved, Other | 1 | SIMS, ROSALINE DEANN | B | F | 01/26/1972 |

| Address | Home Phone |
|---|---|
| 705 MIDDLE GLEN DR, GARLAND, TX 75043 | (214) 929-9473 |

| Employer Name/Address | Business Phone |
|---|---|
| LYLES MIDDLE SCHOOL / | (972) 481-2200 |

| E-Mail | Cell Phone |
|---|---|
| | (214) 497-0878 |

## Garland Police Department
## Incident/Investigation Report

Agency: GPD          Case Number: 2015R005403          Date: 04/01/2015 16:11:25

---

## Notes/Narratives

### NARRATIVE

On 3-11-2015 at 12:30pm officers were dispatched to 1891 Forest Lane in reference to a disturbance in the front lobby.

---

### OFFICER NARRATIVE

On 3-11-2015 at 12:30pm officers were dispatched to 1891 Forest Lane in reference to a disturbance in the front lobby of the Garland Police Department. Lt. Holmes arrived on scene and contacted the suspect Steven Sims 2-18-70. Steven advised that his wife Rosaline Sims 1-26-72 is a school teacher with Garland ISD and that she has been having an affair with the School Resource Officer at her school. Steven also advised that Rosaline and the Garland officer had a child together five years ago and that they have continued their affair since the child was born. Steven advised that Rosaline advised him that she was going to hospital for a doctors appointment this morning, but that he called the doctors office and was advised that she did not have an appointment. Steven then determined that Rosaline and the Garland officer were meeting one another this morning and that the story of a doctors appointment was a lie. Steven also advised that he believes his cellular phones have been bugged by his wife and that she has several people watching and following him.

Officer Coffey then contacted Rosaline by phone and she advised that Steven suffers from depression and schizophrenia. She advised that he is prescribed Respidole for his depression, but that he refuses to take his medications. She advised that he has been hallucinating and he also believes he is being followed. Rosaline advised that she believes that Steven needs to go to the hospital and have a mental health evaluation. Steven was then taken into protective custody and transported to Green Oaks without incident.

### CFS NOTES

Field Event
360 REQ 27
** Event Type changed from TS to RIN at: 03/11/15 12:24:44
** Event Priority changed from 3 to 2 at: 03/11/15 12:24:44
** >>>> by: AMBER E. OTTEN on terminal: gpdpdn
** >>>> by: AMBER E. OTTEN on terminal: gpdpdn
2330 -- REQ XPRT UNIT
BC FOR UNIT
BC FOR UNIT ON SOUTH
*NEED A UNIT FOR TRANSPORT
BC FOR UNIT MADE AGAIN
NEED XPORT TO GREENOAKS
** Case number R15R005403 has been assigned to event P2015E025255
** >>>> by: BILLY S. COFFEY on terminal: $221
** LOI search completed at 03/11/15 13:20:36
221 -- 4824P OUT AT 110 WORKING ON PAPER

---

## Garland Police Department
## Incident/Investigation Report

| Agency: GPD | Case Number: 2015R005403 | Date: 04/01/2015 16:11:25 |
|---|---|---|

## Supplement Information

| Supplement Date | Supplement Type | Supplement Officer |
|---|---|---|
| 03/27/2015 13:58:35 FR | FOLLOW-UP/INFORMATION ADDED | (3187) BREZIK, J A |
| Contact Name | | Supervising Officer |
| | | (2895) SMITH, E |

| Police District: 23 | Council District: | City Beat: 24 |
|---|---|---|

| Case Status: OPEN , ASSIGNED | Case Status Date: |
|---|---|
| Case Disposition: | Investigator: |

## Supplement Notes

On 03-27-15 Officer Brezik, SRO at Lyles Middle School, was advised by school principal, D. Hemphill (Hemphill), that he had recieved an open records request from offender Steven Sims (Sims). Brezik read the letter and observed the letter to read as follows:

From: Steven S. Sims
705 Middle Glen Drive,
Garland, TX 75043

To: Mr. Darrin Hemphill
Principal, Lyles Middle School
4655 S Country Club Rd,
Garland, TX 75043

RE: Open Records Request

Dear Mr. Hemphill,

In accordance with the Public Information Act, I'm asking for a copy of all video surveillance securityfootage contained at Lyles Middle School for the school year of 2014-2015.

Thank you,
Steven S. Sims

The letter was observed to have been signed by Sims. Hemphill advised he would forward the letter to Garland Independent School District's attorney. Lt. Smith was notified.

**Incident / Investigation Report**

*GPD*

OCA: *2015R005403*

---

**Attached Picture: OFFICER`S NOTES - PG1 / COFFEY**

---

NAME Coffey    ID# 4824

R# R005403    Date 3/11/15

1/26/77    12:30 pm

Rosalino Sims S

214 497-0878

705 Middle Glen

Steven Sims r

3/18/70

1891 Forest Lawn

Resaridone

Tramadol

PAGE 1 OF 1

---

**Incident / Investigation Report**

*GPD*

OCA: *2015R005403*

---

**Attached Picture: APPOW**

---

Notification -- Emergency Detention   NO. *2015005403*   Date: *3/1/2015*   Time: *1330*

THE STATE OF TEXAS
FOR THE BEST INTEREST AND PROTECTION OF:

*Sams, Steven*   DOB: *2/18/70*   SS #: _____

### NOTIFICATION OF EMERGENCY DETENTION

Now comes ____ *E. Collins, 9329* ____ a peace officer with (name of agency) *Garland PD*

_____ of the State of Texas, and states as follows:

1. I have reason to believe and do believe that (name of person to be detained) *Steven Sams* _____ evidences mental illness.

   Address of site of apprehension _____ zip code: _____

2. I have reason to believe and do believe that the above-named person evidences a substantial risk of serious harm to himself/herself or others based upon the following:

   _____
   _____
   _____

3. I have reason to believe and do believe that the above risk of harm is imminent unless the above-named person is immediately restrained.

4. My beliefs are based upon the following recent behavior, overt acts, attempts, statements, or threats observed by me or reliably reported to me:

   _____
   _____
   _____

5. The names, addresses, and relationship to the above-named person of those persons who reported or observed recent behavior, acts, attempts, statements, or threats of the above-named person are (if applicable):

   _____
   _____

   Telephone of family / friend: _____

For the above reasons, I present this notification to seek temporary admission to the (name of facility) *Green Oaks* inpatient mental health facility or hospital facility for the detention of (name of person to be detained) *Steven Sams* on an emergency basis.

6. Was the person restrained in any way? Yes ☐ No

   _____   BADGE NO *9329*
   PEACE OFFICER'S SIGNATURE

A mental health facility or hospital emergency department may not require a peace officer to execute any form other than this form as a predicate to accepting for temporary admission a person detained under Section 573.001, Texas Health and Safety Code.

**GREEN OAKS HOSPITAL**   7808 Clodus Fields Drive ■ Dallas, TX 75251
(972) 991-9504

PATIENT IDENTIFICATION

**PEACE OFFICER APPLICATION FOR EMERGENCY DETENTION**

GOH00015 (Rev 3/16/14)

---



# POLSINELLI

2501 N. Harwood Street, Ste. 1900, Dallas, TX, 75201  ·  214.397.0030

July 28, 2015

Alexis L. Angell
(214) 661-5571
(214) 279-2335  Direct Fax
aangell@polsinelli.com

Via First Class Mail and E-Mail: s3.sims@yahoo.com

Steven Sherod Sims
842 Hillburn Drive
Dallas, TX 75217

**Re:**  *Cause No. DF-15-06205; Sims v. Chatham-Sims; in the 256th Judicial District Court of Dallas County, Texas*

Dear Steven:

This will reflect that, per our discussion, you have agreed to withdraw your subpoena to Alexis Johnson and Green Oaks Hospital dated June 22, 2015, upon discovering that any audio or video footage that may have existed for the dates identified in the subpoena, and which were subject to your subpoena request, were recorded over in the ordinary course of business.  An affidavit to this effect was provided contemporaneously with this letter.

If this letter accurately reflects our agreement, please sign below and return to me as soon as possible.  Thank you.

Sincerely,

*Alexis Angell*

Alexis Angell

AGREED:

_____

Steven Sherod Sims
Pro Se

polsinelli.com

Atlanta   Chicago   Dallas   Denver   Kansas City   Los Angeles   New York   Phoenix   San Francisco   St. Louis   Washington, DC   Wilmington
Polsinelli PC, Polsinelli LLP in California

49226816.1

Cause No. DF-15-06205

| | | |
|---|---|---|
| STEVEN SHEROD SIMS | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | DALLAS COUNTY, TEXAS |
| v. | § | |
| | § | 256TH JUDICIAL DISTRICT |
| ROSALINE DEANN CHATHAM-SIMS | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF ALEXIS JOHNSON

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned Notary Public, personally appeared Alexis Johnson, who, being by me first duly sworn, on her oath, stated as follows:

1.  My name is Alexis Johnson. I have personal knowledge of the facts set forth in this Affidavit. I am duly authorized to make this Affidavit and am competent to testify to the matters contained in this Affidavit. I swear that every statement made in this Affidavit is made on my personal knowledge and is true and correct to the best of my understanding.

2.  I am the Executive Director – Risk Management, as well as the Ethics and Compliance Officer for Green Oaks Hospital

3.  I received a subpoena from Steven Sims in the matter of *Sims v. Sims*, Cause No. DF-15-06205, Dallas County, 256th Judicial District.

4.  Upon due inquiry, I can attest to the following:

    a.  Green Oaks does not create and did not create any audio recordings in any patient rooms located in Psychiatric Emergency Services ("PES") or Unit A2 from March 11 through March 18, 2015;

AFFIDAVIT OF ALEXIS JOHNSON - Page 1

b. Any audio recordings are limited to the Triage Room of PES and are maintained for only thirty (30) days, and then they are recorded over with new security footage. Any audio recordings of the Hospital from the Triage Room of PES from March 11 through March 18, 2015 no longer exist;

c. Green Oaks does not create and did not create any video recordings in any patient rooms located in PES or Unit A2 from March 11 through March 18, 2015; and

d. The video recordings for the public areas of PES and Unit A2 are maintained for only thirty (30) days, and then they are recorded over with new security footage. Any video recordings of the Hospital from the public areas of PES and Unit A2 from March 11 through March 18, 2015 no longer exist.

FURTHER AFFIANT SAYETH NOT.

Alexis Johnson

SUBSCRIBED AND SWORN TO BEFORE ME, on this _28th_ day of July, 2015.



SAMUEL STRICKLIN
MY COMMISSION EXPIRES
October 14, 2017

Notary Public in and for the State of Texas
My Commission Expires:

_10/14/17_

**AFFIDAVIT OF ALEXIS JOHNSON - Page 2**



**GREEN OAKS**

**GREEN OAKS**

July 28, 2015

Via First Class Mail and E-Mail: s3.sims@yahoo.com

Steven Sherod Sims
842 Hillburn Drive
Dallas, TX 75217

**Re:** *Cause No. DF-15-06205; Sims v. Chatham-Sims; in the 256th Judicial District Court of Dallas County, Texas.*

Dear Steven,

The following questions were sent by you to the attorney for Green Oaks Hospital, Alexis Angell, via email on July 27, 2015. I have copied those questions as you asked them verbatim and have provided my answers below to the best of my knowledge:

1. Did any member(s) of law enforcement gain access to the P.E.S. or to the Unit A2 during the week of March 11-18, 2015 for the purpose of investigating or observing me (Steven S. Sims) in any capacity not related to working as security for Green Oaks Hospital?

     Answer:    No.

2. If so, then who authorized this, and please provide all official documentation including summaries of phone conversations.

     No answer needed

3. Did Green Oaks Hospital or officials allow any member(s) of law enforcement to pose as patients in Unit A2 during the week of March 11-18, 2015 believing that they were cooperating with a law enforcement agency?

     Answer:    No.

4. If so, who were the people who stayed, made contact with officials at Green Oaks, supplied legal documents to support the request(s)?

No answer needed.

I appreciate your cooperation in resolving this subpoena without Green Oaks needing to file a Motion to Quash.

Sincerely,

Alexis Johnson, BS, MBA
Executive Director- Risk Management
Ethics and Compliance Officer





**Garland Independent School District**
Office of General Counsel

April 9, 2015

Mr. Steven S. Sims                    VIA CMRRR – 7014-2120-0002-7215-6671
705 Middle Glen Drive
Garland, TX 75043

**Street Address**
Harris Hill Administration Building
501 S. Jupiter Rd.
Garland, TX
75042

**Phone**
972-487-3396

**FAX**
972-485-4936

      Re:     Public Information Request

Dear Mr. Sims,

      I am General Counsel at Garland Independent School District (referred to herein as "Garland ISD" or "District"). This letter is written in response to a request for information you submitted. The District received your request on March 26, 2015. This letter seeks clarification of the request for records set forth in the letter. Specifically, pursuant to Texas Government Code §552.222, the District asks that you clarify and/or narrow the scope of the request. Please note that the District is not inquiring into the purpose for which the information will be used.

      Specifically, you request the following: Copies of all video surveillance security footage contained at Lyles Middle School for the school year of 2014-2015.

      With regard to your request the District seeks clarification and/or narrowing. According to the Texas Government Code, Section 552.222(b) provides that if a large amount of information has been requested, the governmental body may discuss with the requestor how the scope of the request might be narrowed." Tex. Gov't Code §552.222(b).

      The District seeks clarification and/or narrowing based on the overly broad nature of the information sought in the request, which has not been clarified or limited in scope or nature, asking for all video surveillance from Lyles Middle School for an entire year. Lyles Middle School has 48 different video cameras, each recording twenty-four hour per day, seven days per week. Although the District may not maintain videos for an entire year based on the District's video retention schedule, and some videos cannot be provided because they are protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), the videos available for release still constitute a large volume of information. To illustrate, fifteen minutes of video from one camera is almost a gigabyte of data. It is up to you to decide how to rephrase, define, or explain the request in order to identify with sufficient or reasonable particularity the information requested. By way of example, if you are able to provide the District with more defined parameters of days, times, and areas of the school for which video sought, then the District may be able to identify and provide responsive information to your request.

      Once we receive clarification as stated above, we will begin processing the request and provide an estimated date of completion and costs, if applicable. Additionally, if required, we will proceed with a request to the Texas Attorney General. If you do not respond in writing to this inquiry by the 61st day after the date this request for clarification and/or narrowing of the

*Diverse Community. Shared Vision. Exceptional Education.*

scope of your request is sent, the request will be considered withdrawn. Tex. Gov't Code §552.222(d).

Thank you for your cooperation and assistance in this matter. Please do not hesitate to contact me should you have additional questions regarding this letter.

Sincerely,

Justin Graham
GARLAND INDEPENDENT SCHOOL DISTRICT
GENERAL COUNSEL

cc:    Darrin Hemphill                    VIA EMAIL: dlhemphi@garlandisd.net
       Principal, Lyles Middle School





**Garland Independent School District**
Office of General Counsel

May 14, 2015

**Street Address**
Harris Hill Administration Building
501 S. Jupiter Rd.
Garland, TX
75042

**Phone**
972-487-3396

**FAX**
972-485-4936

Office of the Attorney General
Open Records Division
P.O. Box 12548
Austin, Texas 78711

VIA CMRRR: 7014-1050-0000-8849-6999

Re:    Public Information Act Disclosure Determination Request

Dear Sir or Madam:

On Thursday, March 26, 2015, Garland Independent School District (referred to herein as "Garland ISD or "District") received a request for information (the "Initial Request") from Mr. Steven Sims. Thereafter, the District timely requested clarification of this overly broad request. On Thursday, April 30, 2015, Mr. Sims clarified this request for information (hereinafter referred to as the "Request"). For your reference a copy of the Request is attached hereto as Exhibit A. Garland ISD believes some information sought may not be subject to public disclosure or may be private under current law. As such, the District wishes to obtain a ruling on withholding from public disclosure such information and asserts that Texas Government Code Section 552.101 (Confidentiality under Specific Statutes and Judicial Decision), and/or other laws under 552.022 and/or other rules requiring confidentiality, apply to information sought in the Request. The District seeks the opinion of the Office of the Attorney General regarding whether it may withhold certain information sought in the Request and respectfully requests your determination as to whether the exception to required disclosure asserted by Garland ISD applies to such information sought in the Request.

As noted, the Initial Request was received by the District on March 25, 2015. The District and its Administration offices were closed on Friday, April 3, 2015 for a District-wide holiday. Open Records Letter Ruling 2005-02099 states that the Attorney General's office "does not count any holidays, including skeleton crew days observed by a governmental body, as business days for the purpose of calculating a governmental body's deadline under the Public Information Act." On Friday, April 6, 2015, the District sent a timely request for clarification and narrowing to Mr. Sims. On Thursday, April 30, 2015, Mr. Sims submitted the clarified Request. Garland ISD asserts that this request is timely under the Texas Government Code.

Responsive information not at issue in this request for an opinion from the Office of the Attorney General will be made available to the requestor. If any responsive information being produced to the requestor are protected by FERPA, the information will be withheld or, as appropriate, redacted in the information provided.

Page 2

Pursuant to Texas Government Code Section 552.301(e), not later than the fifteenth business day after the day of receiving the Request, the District will submit to the Attorney General written comments stating the reasons why the stated exceptions apply that would allow the information to be withheld and labeled copies of the specific information requested that Garland ISD seeks to withhold. The District respectfully requests that the office of the Attorney General advise Garland ISD on the District's duty of release of any of the documents or portions of documents so submitted.

By copy of this letter, I am hereby notifying the requestor of the District's request for opinion from the office of the Attorney General.

Thank you for your attention in this matter.

Sincerely,

Justin Graham
GARLAND INDEPENDENT SCHOOL DISTRICT
GENERAL COUNSEL

Enclosures
AFS/

Page 3

cc: (w/o enclosures)

Steven Sims                                    VIA CMRRR: 7014-2870-0001-6985-3421
705 Middle Glen Dr.
Garland, Texas 75043

JS 44   (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _Dallas_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _Dallas_
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

_Pro Se_

Attorneys *(If Known)*

RECEIVED

NOV 22 2017

3-17CV3203-L

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_USC §1981 § USC §1983_

Brief description of cause: _I have an electronic device implanted in me without my knowledge of consent being controlled by unnamed federal agents_

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _David Lopez_   DOCKET NUMBER _DF-15-06205_

DATE

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

JS 44 Reverse (Rev. 06/17) - TXND (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.