IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEVEN S. SIMS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-3203-L** |
| | § | |
| **UNITED STATES, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the "Application for Temporary Restraining Order" ("Application") (Doc. 6), which was included in pro se Plaintiff Steven S. Sims's ("Plaintiff") Amended Complaint, filed December 18, 2017. After reviewing the Application, Plaintiff's sworn pleadings, and applicable law, the court **denies** Plaintiff's "Application for Temporary Restraining Order" (Doc. 6). Further, Plaintiff **shall** effect service on *all* Defendants by **October 26, 2018**, that have yet to be served with a summons and copy of Plaintiff's Amended Complaint in accordance with Federal Rule of Civil Procedure 4, except for Defendants who have filed motions to dismiss or waived service (Juana S. Acosta, Gradyne Brown, Garland ISD, Darren Hemphill, NFNs Fuka, Leftwich, Lehocky, and Rivera), or show good cause in writing for the failure or inability to do so by **October 26, 2018**.[1]

### I. Factual and Procedural Background

Plaintiff originally filed this action on November 22, 2017, based solely on federal question jurisdiction. Plaintiff's Amended Complaint lists the following persons and entities as Defendants:

---

[1] In ruling on Plaintiff's Application and requiring him to effect service on those Defendants yet to be served, the court expresses no opinion at this time regarding the pending motions to dismiss in light of the referral of this case to the magistrate judge for pretrial management, including the contention by Defendant Acosta that service was improper. Additionally, the court's entry of this order does not affect that referral.

**Memorandum Opinion and Order - Page 1**

Rosaline Chatham-Sims; the Garland Police Department; Dallas Police Department; Garland Independent School District ("Garland ISD"); John Doe; John Doe Business; Michael L. Sims; Thomas Williams; Catherine Ann Moses; Winfred Parnell; Jane Doe, Secretary for Garland Police Chief; Mitch Bates; W.S. Coffey; John Speara; Johnny Holiday; Justin Graham; Joe Tanguma; Darren Hemphill; Gradyne Brown; Kevin Brooks; Lieutenant NFN Holmes; Dallas Police Officer NFN Lehocky; Dallas Police Officer NFN Leftwich; Dallas Police Officer NFN Fuka; Dallas Police Officer NFN Rivera; Juana Saloma Acosta; Sam Martin; Dallas Fire Department Paramedic NFN NLN; Texas Ranger NFN NLN; Dwain Downing; Jack Downing; and Federal Agents NFN NLN. Because Plaintiff's Amended Complaint no longer includes the following persons or entities as Defendants, these Defendants are no longer parties to this action as of December 18, 2017: the United States; the Dallas County District Attorney's Office; Parkland Hospital; the City of Dallas; the Dallas Fire Department; the Federal Bureau of Investigation, Dallas Field Office; the State of Texas, Texas Rangers Garland Office; and the State of Texas Child Support Division.

In his Amended Complaint, Plaintiff asserts a multitude of claims, including alleged constitutional violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. §§ 1981 and 1983; violations of the Federal Torts Claim Act; fraud by nondisclosure, "personation," false records, false representations, false pretenses, falsification (obstructing justice), and fraudulent concealment; spoliation of evidence in connection with a summary judgment order entered in favor of Defendants on July 15, 2016, by the 14th District Court, Dallas County, Texas, which relates to cases pending in the 256th District Court, Dallas County, Texas; intentional infliction of emotional distress; abuse of powers; violation of the Health Insurance Portability and Accountability Act ("HIPPA"); aggravated perjury with conspiracy;

oppression and harassment; wrongful death of Plaintiff's biological parent; violation of Texas and federal wiretap statutes 18 U.S.C. § 2510[2] and Tex. Civ. Prac. Rem. Code Ann. § 123.001, *et seq*.; defamation; gross negligence; aiding and abetting; arson; and conspiracy. Plaintiff alleges that the foregoing claims were committed by Defendants "with conspiracy." Pl.'s Am. Compl. 26-40.

In support of these claims, Plaintiff alleges that, in January 2015, he caught his wife Rosaline Chatham-Sims responding to a personal e-mail on her work-issued computer and, therefore, believed that she was cheating on him. Plaintiff alleges that, in February 2015, the principal of Garland ISD refused to investigate his claim that his wife, who is employed by Garland ISD as a teacher, was having "workplace romance/sex"; that, after he sent a request for information about his wife's conduct, Garland ISD, the Dallas Police and Fire Departments, the Garland Police Department, and other unnamed federal agents, working under color of law or as members of a hate group, intentionally inflicted emotional distress upon him; deprived him, his family and friends of unspecified rights; tortured his mother to death; and caused him to be homeless from October 2016 to present. *Id.* at 10.

Plaintiff further alleges that in February 2015, his wife and other Defendants "conspired to cause [him] fright and shock by acting like the laser lights that suddenly appeared on his phone were someone coming after him." *Id.* at 11. Plaintiff alleges that he filed a complaint with the Texas Education Agency Review Board regarding this matter, and when he attempted to file a complaint on March 11, 2015, with the internal affairs division of the Garland Police Department, the lobby personnel at the Garland Police Department "called in a disturbance in the lobby," his wife was telephoned and lied about him suffering from mental disorders, and Garland Police Chief Mitch

---

[2] Section 2510 only includes definitions of terms used in the statute.

**Memorandum Opinion and Order - Page 3**

Bates, Garland Police Officer W.S. Coffey, and Garland Police Lieutenant Holmes made the decision to have Plaintiff transported to the Green Oaks Mental Hospital ("Green Oaks") and held for 72 hours of observation, even though Plaintiff advised that he was not "homicidal or suicidal." *Id.* at 11-12. Plaintiff alleges that he was forced to stay at Green Oaks until he complied with all staff orders, including taking medication against his wishes. Plaintiff alleges that, after taking medication on March 18, 2015, he was rushed to the emergency room of Medical City of Dallas and subsequently released because Green Oaks and the Garland Police Department could not produce the legal documentation needed to hold him any longer at Green Oaks. Plaintiff further alleges that, while at Green Oaks, he learned that an electronic device had been implanted inside him without his consent; that the device was implanted to make it appear that he was having a heart attack while at work; that his wife already knew about the device; and that she worked with other "Unnamed Defendant(s)" to hide it from him. *Id.* at 12.

Regarding other matters, Plaintiff alleges that Defendants made false statements and withheld evidence in a divorce hearing in the 256th District Court that, among other things, involved paternity testing and Plaintiff's claim of infidelity; prevented him from gathering information needed to complete an income tax return; caused his favorite supplement to be removed from the stores where he normally purchased it; told employees of the Dallas Life Foundation that he was a pedophile; wiretapped his computer, stole his inventions and ideas stored on the computer, and downloaded a virus that damaged the documents he was using to prepare for a lawsuit; instructed his health care provider to violate his HIPPA rights; told persons at the Bridge Homeless Shelter that he has AIDS; grabbed his private parts in public; attempted to commit him to a mental hospital; coerced his mother to be the target of a hit-and-run accident and compounded her injury when she had an aneurism;

conspired to murder him and refused to investigate his claim of attempted murder; took actions to prevent him from obtaining information regarding the implanted device that caused him to fall down a flight of stairs and lose sleep; and sent him a fraudulent e-mail about a job and asked him to pay for a background check. Plaintiff also alleges that Dr. Carmichael, who is not a named Defendant in this case, was involved in the fire of his business and took him to court over a dispute regarding a riding lawnmower.

Regarding other matters, Plaintiff alleges that Defendants prevented him from gathering information needed to complete an income tax return; caused his favorite supplement to be removed from the stores where he normally purchased it; told employees of the Dallas Life Foundation that he was a pedophile; wiretapped his computer, stole his inventions and ideas stored on the computer, and downloaded a virus that damaged the documents he was using to prepare for a lawsuit; instructed his health care provider to violate his HIPPA rights; told persons at the Bridge Homeless Shelter that he has AIDS; grabbed his private parts in public; attempted to commit him to a mental hospital; coerced his mother to be the target of a hit-and-run accident and compounded her injury when she had an aneurism; conspired to murder him and refused to investigate his claim of attempted murder; took actions to prevent him from obtaining information regarding the implanted device that caused him to fall down a flight of stairs and lose sleep; and sent him a fraudulent e-mail about a job and asked him to pay for a background check. Plaintiff also alleges that Dr. Carmichael, who is not a named Defendant in this case, was involved in the fire of his business and took him to court over a dispute regarding a riding lawnmower.

In his Application, Plaintiff seeks a temporary restraining order ("TRO"), as well as a preliminary injunction, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 65.01, "to prevent

Defendants from coming within 100 feet of [him], and to prevent Defendants and any member(s) of the groups represented by Defendants from activating the electronic device(s) implanted within [his] habitus." Application 44-45. Plaintiff requests that the court authorize him to use deadly force against anyone who violates the TRO that is entered and order a grand jury investigation of events that occurred in and led to decisions made by the courts in Texas Fifth Court of Appeals Case Nos. 05-16-00984-CV and DC-16-03445 and Family Court Case No. DF-15-06205. Plaintiff further asserts that he needs the court's assistance in identifying indispensible parties under Texas Rule of Civil Procedure 39 and requests that the court secure a knowledgeable and well-equipped investigator to perform a thorough investigation into all matters before the court. In addition, Plaintiff requests that a grand jury be impaneled to investigate the following matters:

> C. The value of the device(s)/equipment used illegally to determine whether conduct constitutes a felony of a higher degree.
>
> D. Whether the device(s) using short wave frequency. If so, then the person(s) activating the device has to be within 30 feet of Plaintiff.
>
> E. Whether state created danger contributed to [Plaintiff's] hostile environment.
>
> F. Whether any unnamed federal agent(s)/person(s) working under color of law had a duty to protect, but failed to protect.
>
> G. Whether any unjust enrichment was gained by any unnamed federal agent(s)/person(s) working under color of law.
>
> H. Whether any or how many unnamed federal agent(s)/person(s) working under color of law actively participated in using electronic device(s) on [Plaintiff's] mother while she was on life support.
>
> I. Whether any or how many unnamed federal agent(s)/person(s) working under color of law conspired to take the life of [Plaintiff's] mother.
>
> J. Whether any or how many unnamed federal agent(s)/person(s) working under color of law actively participated in negatively influencing the football career of [Plaintiff's] son.

K. Whether any or how or how many unnamed federal agent(s)/person(s) working under color of law actively participated in causing harm to [Plaintiff's] friends and relatives.

L. Whether the injury to [Plaintiff] is an isolated event, exhibits a pattern of behavior department wide, state wide, or nation wide.

*Id.* at 46-47. Finally, Plaintiff contends that a grand jury is necessary to investigate "[w]hether there is a need for a dedicated phone number (13) to report complaints" regarding: (1) persons or American citizens who had "run-ins" with, had "hits" put on them, or were murdered by federal agents; and (2) threats to expose "sex tape recordings" or persons "who don't comply with insane requests." *Id.* at 47.

In support of the requested relief, Plaintiff contends in conclusory fashion that "[i]t is probable that [he] will recover from Defendants [the] requested relief after a trial on the merits because factual evidence shows intent to cause harm, and the mountain of evidence is overwhelming." *Id.* at 44. Plaintiff asserts that he will suffer irreparable harm if the injunctive relief requested is not granted because, every time the implanted device is activated, it lowers his qualify of life, puts him at risk of permanent harm, and, "in the paramedic's own words, 'the heart doesn't regenerate like other muscles in the body, so the damage you are having in increasingly making your condition worse.'" *Id.* Plaintiff requests that he be granted the relief requested on an *ex parte* basis, even though the Application was included in his publicly-filed Amended Complaint.

This action was initially referred to the magistrate judge for screening because Plaintiff had not paid the filing fee and had moved to proceed *in forma pauperis*. On January 8, 2018, the magistrate judge determined that Plaintiff was not entitled to proceed in forma pauperis and ordered Plaintiff to pay the filing fee within 30 days. After Plaintiff paid the filing fee, the magistrate judge entered an order on February 13, 2018, requiring Plaintiff to serve all Defendants within 90 days

pursuant to Federal Rule of Civil Procedure 4. On May 3, 2018, Defendants Gradyne Brown, Garland ISD, and Darren Hemphill moved to dismiss Plaintiff's claims against them under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) and, alternatively, moved for a more definite statement under Rule 12(e). On September 14, 2018, Defendant Juana S. Acosta also moved for dismissal pursuant to Rules 12(b)(5) and (b)(6). On September 14, 2018, NFNs Fuka, Leftwich, Lehocky, and Rivera filed waivers of service. There is no indication from the docket sheet, however, that Plaintiff has effected service on any of the other Defendants named in his Amended Complaint.

On September 21, 2018, the court referred this case to the magistrate judge for pretrial management not realizing that Plaintiff's Amended Complaint included a request for injunctive relief. Shortly after entry of the order referring the case to the magistrate judge, Plaintiff contacted the court's staff and asked about the status of the injunctive relief that he had requested several months earlier in December 2017. The court, therefore, enters this order to address Plaintiff's Application for injunctive relief.

## II. Plaintiff's Application for Injunctive Relief

As noted, Plaintiff relies on the standard under Texas law for the injunctive relief sought. This action and his request for injunctive relief, however, are governed by the Federal Rules of Civil Procedure. Under federal law, there are four prerequisites for the extraordinary relief of a TRO or preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.

The Supreme Court has held that, when a plaintiff's pleadings are "so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion," a federal court lacks subject matter jurisdiction to adjudicate the claim. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations omitted). Even accepting as true Plaintiff's sworn allegations, the court questions whether it has subject matter jurisdiction over this action because his federal claims appear to be based on allegations that are frivolous. *See id.* Further, even though Plaintiff's HIPPA allegations appear to be plausible on their face, "there is no private cause of action under HIPPA and therefore no federal subject matter jurisdiction." *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006). Accordingly, the court will dismiss with prejudice any claim for relief asserted by Plaintiff for HIPPA violations.[3] Alternatively, even assuming that the court has subject matter jurisdiction over Plaintiff's remaining federal claims, it determines that he has not demonstrated a substantial likelihood of prevailing on the merits of any of his claims as currently pleaded. As a result, Plaintiff has failed to meet each of the requirements necessary for the extraordinary relief of preliminary injunction or a TRO.

---

[3] Ordinarily, a claim dismissed for lack of subject matter jurisdiction should be dismissed without prejudice to refiling the claim in a court of competent jurisdiction; however, as the Fifth Circuit has held that there is no private cause of action for violations of HIPPA, dismissal with prejudice of this claim is appropriate.

**Memorandum Opinion and Order - Page 9**

Moreover, more than ninety days have passed since Plaintiff was ordered to effect service on *all* Defendants, and it does not appear from the docket sheet that he has done so. When service is not made on a defendant within 90 days after the filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice, or, instruct the plaintiff to effect service within a specific time. Fed. R. Civ. P. 4(m). Accordingly, the court **directs** Plaintiff to effect service on *all* Defendants by **October 26, 2018**, that have yet to be served with a summons and copy of Plaintiff's Amended Complaint in accordance with Federal Rule of Civil Procedure 4, except for Defendants who have filed motions to dismiss or waived service (Juana S. Acosta, Gradyne Brown, Garland ISD, Darren Hemphill, NFNs Fuka, Leftwich, Lehocky, and Rivera), or show good cause in writing for the failure or inability to do so by **October 26, 2018**.

### III. Conclusion

For the reasons stated, the court **denies** "Application for Temporary Restraining Order" (Doc. 6) and **dismisses with prejudice** Plaintiff's claim based on HIPPA violations. Further, the court **directs** Plaintiff to effect service on the remaining unserved Defendants no later than **October 26, 2018**, or show good cause in writing for the failure or inability to do so by **October 26, 2018**. *Failure of Plaintiff to effect service on the remaining unserved Defendants or show good cause in writing for the failure or inability to do by October 26, 2018, will result in dismissal of this action without prejudice as to the unserved Defendants.*

**It is so ordered** this 26th day of September, 2018.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge