IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN SHEROD SIMS,<br>　　Plaintiff, | §<br>§<br>§ | |
| v. | § | Case No. 3:17-cv-3203-L-BT |
| ROSALINE CHATHAM-SIMS, et al.,<br>　　Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Garland Independent School District ("GISD"), Gradyne Brown, and Darren Hemphill's (collectively, the "School District Defendants"), Motion to Dismiss Plaintiff's Third Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"). Mot. (ECF No. 60). For the reasons stated below, the District Court should GRANT Defendants' Motion and DISMISS Plaintiff's claims against them.

**Background[1]**

Plaintiff filed his Original Complaint on November 22, 2017. Compl. (ECF No. 3). Less than a month later, he filed an Amended Complaint. Am. Compl. (ECF No. 6). Ten months after that, Plaintiff filed a Second Amended Complaint without leave of court, causing Defendants to file a motion for clarification regarding the state of the pleadings. Sec. Am. Compl. (ECF No. 38); s*ee* Order (ECF No. 53). As

---

[1] Because this case is the subject of several Findings, Conclusions, and Recommendations on a series of motions to dismiss filed by different defendants, only the background facts and procedural history necessary to understand the present decision will be recounted here.

1

a result, the Court granted Plaintiff one final opportunity to amend his complaint and plead his case. Order (ECF No. 47). In response, Plaintiff filed his Third Amended Complaint, the live pleading in this case, on December 17, 2018. Third Am. Compl. (ECF No. 49).

The School District Defendants move to dismiss Plaintiff's claims against them under Rules 12(b)(1) and 12(b)(6). Plaintiff asserts more than 23 claims against 42 Defendants in his Third Amended Complaint, and it is unclear exactly which claims he brings against the School District Defendants. Specifically, Plaintiff alleges that Defendant Darren Hemphill, together with several other named Defendants and "unknown Defendants," "conspired to intentional [sic] inflict emotional distress upon [Plaintiff] by mocking him, humiliating him, and depriving him of the right to seek happiness." Third Am. Compl. 15. He further alleges that the School District Defendants, Justin Graham, and Joe Taguma, II conspired with the state of Texas to deprive him of "rights protected by the freedom of information act by denying his FOIA request" and to obstruct justice by withholding information from him regarding Defendant Rosaline Chatham-Sims in his family-court case. *Id.* 16, 27. However, Plaintiff claims that "Justin Graham" and "Joe Tanguma" are only false names that the School District Defendants used to withhold that information. *Id.* 34. Plaintiff also contends that Darren Hemphill "refused to investigate [Plaintiff's] claim of his wife, Defendant Rosaline Chatham-Sims who works for Garland Independent School District as a 6th grade science teacher, having workplace romance/sex" and encouraged her to continue the

2

"extra marital affair." *Id.* 17, 48. After Hemphill's refusal to investigate, Plaintiff states that he "escalated his complaint to Garland Independent School District primary grades supervisor Gradyne Brown." *Id.* 17-18. Plaintiff also maintains that Defendant Hemphill participated with "Defendants" in securing "an application for emergency detention against [Plaintiff]." *Id.* 37.

Plaintiff complains of "a list of continuing causes of action including, but not limited to, fraud, the intentional infliction of emotional distress, the deprivation of the rights of [Plaintiff], his family and friends, the torture and death of [Plaintiff's] mother from December 16-22, 2015, and obstruction of justice." *Id.* 17. Among other relief, Plaintiff seeks a court order requiring "Defendant Garland Independent School District to address in its employee conduct policy the consequences of extra-marital affairs in the workplace." *Id.* 84-85. Defendants' Motion is fully briefed and ripe for determination.

## Legal Standards and Analysis

### 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension*

*Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). The party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983) (citations omitted); *accord Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. May 1981); *see also Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted)). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only

4

consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. If the defendant makes a factual challenge, to defeat it, "a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Irwin v. Veterans Admin.,* 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom., Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89 (1990)).

I.

The Court should dismiss Plaintiff's state-law tort claims against Defendants Brown and Hemphill because it lacks subject-matter jurisdiction over those claims under the Texas Tort Claims Act ("TTCA"). The TTCA's election-of-remedies provision requires plaintiffs to choose between suing a governmental unit or its employees. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 462 (5th Cir. 2010) (citing Tex. Civ. Prac. & Rem. Code § 101.106). Suing either the governmental unit or its employee constitutes an "irrevocable election by the plaintiff" and "forever bars any suit or recovery by the plaintiff . . . regarding the same subject matter" against the other. Tex. Civ. Prac. & Rem. Code § 101.106(a)-(b); *see also Bustos*, 599 F.3d at 462. But "[i]f a suit is filed . . . against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). Because the Texas Supreme Court interprets § 101.106 to apply to state-law claims for

negligence and intentional torts, "if a plaintiff brings virtually any state common law tort claim against both a governmental unit and its employees, § 101.106(e) will allow the employee defendants to be dismissed if the governmental unit so moves." *Bustos*, 599 F.3d at 463 (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 658 (Tex. 2008)).

Here, Plaintiff appears to bring state-law claims for intentional infliction of emotional distress, conspiracy,[2] "fraud by false personation," "obstructing justice,"[3] and "abuse of powers."[4] Third Am. Compl. 15-17, 34, 47-48, 72. In the School District Defendants' Motion, pursuant to the TTCA, GISD moves to dismiss Plaintiff's state-law tort claims against its employees Rosaline Chatham-Sims, Gradyne Brown, Darren Hemphill, and Justin Graham. Defs.' Br. 9 (ECF No. 61). Because GISD is a governmental unit under the TTCA, Plaintiff's state-law tort claims—including Plaintiff's claims for intentional infliction of emotional distress, conspiracy, and fraud, as well as any other claim asserted against Hemphill, Brown, Chatham-Sims, and Graham[5] that could be construed as a state-law tort

---

[2] To the extent Plaintiff intends a state-law, civil conspiracy claim against Defendants Hemphill, Brown, Chatham-Sims, and Graham, it should be dismissed. *See Matter of ATP Oil & Gas Corp.*, 711 F. App'x 216, 223 (5th Cir. 2017) (per curiam) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)) ("'An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'").

[3] Texas law does not appear to recognize a civil "obstruction of justice" claim, though Texas Penal Code § 36.06, "Obstruction or Retaliation," provides for criminal liability. *See* Third Am. Compl. 17.

[4] Texas law also does not appear to recognize an "abuse of powers" claim. *See* Third Am. Compl. 47-48.

[5] Though Defendants Rosaline Chatham-Sims and Justin Graham are not parties to the School District Defendants' Motion to Dismiss, as a governmental unit named in a lawsuit with its employees, Defendant GISD may move to dismiss claims against all of its employees also named in that suit. *See* Tex. Civ. Prac. & Rem. Code § 101.106(e).

claim—should be dismissed. *See* Tex. Civ. Prac. & Rem. Code § 101.001(3)(B) ("'Governmental unit' means: a political subdivision of this state, including any city, county, school district . . . .").

## II.

The Court should also dismiss Plaintiff's state-law tort claims against GISD because GISD enjoys governmental immunity. Governmental immunity exists to protect the state's "political subdivisions from lawsuits and liability for money damages." *Mission*, 253 S.W.3d at 655 (citing *Reata Constr. Corp. v. City of Dallas,* 197 S.W.3d 371, 374 (Tex. 2006)). Accordingly, "'no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent.'" *Id.* (quoting *Hosner v. DeYoung,* 1 Tex. 764, 769 (1847)). The TTCA "generally waives governmental immunity to the extent that liability arises from the 'use of a motor-driven vehicle or motor-driven equipment' or from 'a condition or use of tangible personal or real property.'" *Id.* at 655-56 (citing Tex. Civ. Prac. & Rem. Code § 101.021). But, "[f]or school districts, the Act's waiver is even narrower, encompassing only tort claims involving the use or operation of motor vehicles." *Id.* at 656 (citing Tex. Civ. Prac. & Rem. Code § 101.051).

Here, Plaintiff asserts intentional infliction of emotional distress, conspiracy, and "fraud by false personation" claims against GISD like the other School District Defendants. Third Am. Compl. 17, 34, 72. Because Plaintiff's claims do not arise out of conduct involving the use or operation of motor vehicles, GISD is immune from suit. Accordingly, the Court should dismiss Plaintiff's state-law

tort claims—including his intentional infliction of emotional distress, conspiracy, and fraud claims, and any other claim in Plaintiff's Third Amended Complaint that could be construed as a state-law tort claim— against GISD.

## 12(b)(6)

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive the School District Defendants' Motion, therefore, Plaintiff's Third Amended Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they

must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

I.

In his Third Amended Complaint, Plaintiff attempts to bring various claims under Title 18 of the United States Code, "Crimes and Criminal Procedure," and the Texas Penal Code. *See* Third Am. Compl. 10-12, 37-38, 46-52, 55-57, 61-63, 65, 67, 71-72, and 75. Plaintiff only references[6] the School District Defendants, however, in connection with "22. Count 20 – Conspiracy Under 18 U.S.C. § 1513(f), 1985(3)." Third Am. Compl. 72. 18 U.S.C. § 1513 creates liability for the offense of "Retaliating against a witness, victim, or an informant." Section 1513(f) provides, "Whoever conspires to commit any offense under this section shall be subject to

---

[6] Plaintiff's Third Amended Complaint also mentions that "while on Garland ISD property, Defendants Richard Carmichael and Rosaline Chatham-Sims discussed a plan to murder [Plaintiff]," but it does not assert any claim against GISD related to that allegation. Third Am. Compl. 69.

the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

In support of "22. Count 20 – Conspiracy Under 18 U.S.C. § 1513(f), 1985(3)," Plaintiff states that, "Defendants garland independent school district, Darren hemphill, And gradyne brown knowingly and intentionally prevented petitioner from gathering evidence under the freedom of information act," and that "THESE NAMED DEFENDANTS ALSO ENCOURAGED Defendant Rosaline chatham-sims to meet with UNKNOWN Defendants on property owned by garland independent school district." Third Am. Compl. 72. However, "a private party may not enforce criminal statutes through a civil action." *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004) (citations omitted) (dismissing Plaintiff's claim for criminal relief as "legally untenable"); *see also Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."). Accordingly, Plaintiff's § 1513-conspiracy claim should be dismissed.

Though Plaintiff cites no other grounds for a conspiracy claim, if he intended to bring a civil conspiracy claim under federal law, his claim would also fail. In the Fifth Circuit, "[i]t is now well settled . . . that 'mere conclusory allegations of conspiracy [under 42 U.S.C. § 1983] cannot, absent reference to material facts, state a substantial claim of federal conspiracy.'" *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (per curiam) (quoting *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Because Plaintiff only makes conclusory

10

allegations that the School District Defendants "conspired . . . to deprive [him] of rights protected by the freedom of information act by denying his FOIA request," he fails to state a civil conspiracy claim under federal law against them. *Id.* 16, 27, 34. Accordingly, the Court should dismiss Plaintiff's conspiracy claim against the School District Defendants.

II.

Plaintiff also asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 against Defendants Hemphill and Brown. Specifically, Plaintiff states:

> THIS IS AN ACTION FOR MONEY DAMAGES BROUGHT PURSUANT TO 42 USC §1981, §1983, §1985, and §1986 against the United States; unknown federal agents; unknown members of law enforcement; unknown persons working under color of law; the Dallas County District Attorney's Office; Dallas County; the Dallas County Health and Human Services Department; the Dallas County Law Library; the City of Dallas; the Dallas Fire Department; the State of Texas, Texas Rangers Garland Office; the State of Texas Child Support Division; City of Garland; Garland Police Department, Mitch Bates, W. S. Coffey, John Speara, GPD Lt. NFN Holmes, Gregory Hunter, Darren Hemphill, Gradyne Brown, Justin Graham, and John Doe IN THEIR OFFICAL AND UNOFFICIAL CAPACITY for conspiracy to deprive or interfere with civil rights, and wrongful neglect or refusal to protect.

Third Am. Compl. 68. While Plaintiff does not assert claims under §§ 1981, 1983, and 1986 against GISD in the foregoing quoted paragraph, he names GISD under the heading "22. Count 20 – Conspiracy Under 18 U.S.C. § 1513(f), 1985(3)," thus, asserting a § 1985(3) claim against GISD. *Id.* 72. Plaintiff's claims against Defendants Hemphill and Brown under §§ 1981, 1983, and 1986, and Plaintiff's

11

claim under § 1985 against all three School District Defendants, should be dismissed for failure to state a claim.

A.

Plaintiff's 42 U.S.C. § 1981 claim against Defendants Hemphill and Brown should be dismissed for failure to state a claim. "Section 1981 generally forbids racial discrimination in the making and enforcement of private contracts, including private employment contracts, whether the aggrieved party is black or white." *Bobo v. ITT, Cont'l Baking Co.*, 662 F.2d 340, 342 (5th Cir. Nov. 1981) (citations omitted); *accord Armbrister v. McFarland*, 2018 WL 6004310, at *5 (N.D. Tex. Oct. 30, 2018), *adopted by* 2018 WL 5994992 (N.D. Tex. Nov. 15, 2018). Section 1981 implies a cause of action only against private actors. *Armbrister*, 2018 2018 WL 6004310, at *5 (citing *Oden v. Oktibbeha Cty.*, 246 F.3d 458, 463 (5th Cir. 2001); *Olford v. City of Houston*, 2018 WL 3208196, at *3 (S.D. Tex. June 29, 2018)). To bring a § 1981 claim, a plaintiff must prove "purposeful discrimination." *Id.* (citing *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982)). In this case, Plaintiff does not plead that a contract existed between him and any of the School District Defendants, nor does he assert that he was purposefully discriminated against. Accordingly, the Court should dismiss Plaintiff's § 1981 claim against Defendants Hemphill and Brown for failure to state a claim.

B.

Plaintiff's 42 U.S.C. § 1983 claim against Defendants Hemphill and Brown should also be dismissed for failure to state a claim. Under § 1983, "anyone who, 'under color of' state law, deprives another of rights granted by the Constitution is liable for that deprivation." *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 376 (5th Cir. 2017). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140; *accord Oliver v. Scott*, 276 F.3d 736, 744 n.10 (5th Cir. 2002). Here, Plaintiff asserts claims for intentional infliction of emotional distress, conspiracy, and fraud against Defendants Hemphill and Brown, but he does not allege that they have violated any of his constitutional rights. Accordingly, Plaintiff fails to state a claim under § 1983 against Defendants Hemphill and Brown, and the Court should dismiss his § 1983 claim against them.[7]

---

[7] Plaintiff's Third Amended Complaint only asserts a claim under § 1983 against Defendants Hemphill and Brown and not GISD. *See* Third Am. Compl. 68. The Court, therefore, does not address the municipal-liability pleading requirements that a § 1983 claim against GISD would require. *See Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622-23 (5th Cir. 2018) ("Thus, to state a § 1983 claim against the school district, the amended complaint must allege sufficient factual content to permit the reasonable inference (1) that a constitutional violation occurred and (2) that an 'official policy' attributable to the school district's policymakers (3) 'was the moving force' behind it." (citations omitted)).

C.

Plaintiff also fails to state a claim under 42 U.S.C. § 1985 against Defendants Hemphill, Brown, and GISD. In his Third Amended Complaint, Plaintiff asserts a § 1985 claim, without reference to any subpart, against Defendants Hemphill and Brown. Third Am. Compl. 68. Later in Plaintiff's Complaint, however, he asserts a claim under § 1985(3)—at least in title—against all three Defendants: Hemphill, Brown, and GISD. *Id.* 72. Because § 1985 has three parts, and Plaintiff's Third Amended Complaint only references subpart three, the Court considers Plaintiff to only have alleged a § 1985 claim under subpart three.

Section 1985(3) allows for recovery of damages where a person "is injured by a conspiracy to deprive him of equal protection of the laws, or of equal privileges and immunities under the laws." *Pinedo v. City of Dallas*, 2015 WL 5021393, at *10 (N.D. Tex. Aug. 25, 2015). To bring a claim under § 1985(3), a plaintiff must establish that:

> (1) the defendants conspired (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, and (3) one or more of the conspirators committed some act in furtherance of the conspiracy; whereby (4) another person is injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States; and (5) the action of the conspirators is motivated by a racial animus.

*Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 n.12 (5th Cir. 2001) (quoting *Wong v. Stripling,* 881 F.2d 200, 202-03 (5th Cir. 1989)). Under the

heading "22. Count 20 – Conspiracy Under 18 U.S.C. § 1513(f), 1985(3)," Plaintiff alleges "Defendants garland independent school district, Darren hemphill, And gradyne brown knowingly and intentionally prevented petitioner from gathering evidence under the freedom of information act." Third Am. Compl. 72. Plaintiff does not allege that Defendants Hemphill, Brown, or GISD engaged in a conspiracy motivated by racial animus. *See id.* Accordingly, Plaintiff's § 1985(3) claim against Defendants Hemphill, Brown, and GISD should be dismissed.

D.

Plaintiff also fails to state a claim under 42 U.S.C. § 1986 against Defendants Hemphill and Brown. Section 1986 "provides a cause of action against those who neglect or refuse to prevent wrongful acts committed pursuant to a conspiracy under 42 U.S.C. § 1985." *Henderson v. Office Depot, Inc.*, 2016 WL 6653029, at *4 (W.D. La. Sept. 19, 2016), *adopted by* 2016 WL 6652751 (W.D. La. Nov. 10, 2016) (citing 42 U.S.C. § 1986). Therefore, "to prevail under § 1986, a plaintiff must prove all the elements of § 1985(3) and, additionally, show that a person having knowledge of a conspiracy could have prevented the wrongs that were the subject of the conspiracy by acting with reasonable diligence." *Mkt. v. Extended Stay Am.*, 2016 WL 2914994, at *3 (N.D. Tex. May 19, 2016) (citing *Martin v. City of Beaumont*, 1992 WL 52571, at *17 (E.D. Tex. Feb. 19, 1992)). The Court's decision with respect to Plaintiff's § 1985(3) claim is "thus dispositive of . . . [P]laintiff's § 1986 claim." *Id.* Because the Court concludes that Plaintiff failed to state a claim

15

against the School District Defendants under § 1985(3), Plaintiff's § 1986 claim should also be dismissed.

The Court pretermits consideration of the School District Defendants' qualified-immunity arguments for dismissal, since it determines that all of Plaintiff's claims against them should be dismissed. *See* Defs.' Br. 17-19.

E.

This Court gave Plaintiff one final opportunity to plead his case; in response to the Court's Order, Plaintiff filed his Third Amended Complaint. Order (ECF No. 47). Because Plaintiff's Third Amended Complaint fails to state any claim against the School District Defendants, all of Plaintiff's claims against them should be dismissed with prejudice.

## **RECOMMENDATION**

For the foregoing reasons, the Court should GRANT Defendant Garland Independent School District, Gradyne Brown, and Darren Hemphill's Motion to Dismiss (ECF No. 60). The Court should DISMISS Plaintiff's state-law tort claims against the School District Defendants under Rule 12(b)(1) for lack of subject-matter jurisdiction and DISMISS with prejudice Plaintiff's federal claims against the School District Defendants under Rule 12(b)(6) for failure to state a claim.

**SO RECOMMENDED.**

July 26, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

16

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).