IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN SHEROD SIMS, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Case No. 3:17-cv-3203-L-BT |
| § | | |
| ROSALINE CHATHAM-SIMS, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Juana S. Acosta's Amended Motion to Dismiss Plaintiff's Third Amended Complaint under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). Mot. (ECF No. 58). For the reasons stated below, the District Court should GRANT Defendant's motion and DISMISS Plaintiff's claims against her with prejudice.

**Background[1]**

Plaintiff filed his original Complaint on November 22, 2017. Compl. (ECF No. 3). Less than a month later, he filed an Amended Complaint. Am. Compl. (ECF No. 6). Ten months after that, Plaintiff filed a Second Amended Complaint without leave of court, causing Defendants to file a motion for clarification regarding the state of the pleadings. Sec. Am. Compl. (ECF No. 38); s*ee* Order (ECF No. 53). As a result, the Court granted Plaintiff one final opportunity to amend his complaint

---

[1] Because this case is the subject of several Findings, Conclusions, and Recommendations on a series of motions to dismiss filed by different defendants, only the background facts and procedural history necessary to understand the present decision will be recounted here.

1

and plead his case. Order (ECF No. 47). In response, Plaintiff filed his Third Amended Complaint, the live pleading in this case, on December 17, 2018. Third Am. Compl. (ECF No. 49).

Defendant Juana S. Acosta moves to dismiss Plaintiff's claims against her under Rules 12(b)(5) and 12(b)(6). Plaintiff asserts more than 23 claims against 42 Defendants in his Third Amended Complaint, and it is unclear exactly which claims he brings against Defendant Acosta. Other than within the list of "Parties," Acosta is only mentioned once in the Third Amended Complaint. Third Am. Compl. 7, 15. Her name appears in the "Facts" section, which provides, "Unknown Defendants and Juana Saloma Acosta conspired to defame Petitioner's character in order to create more work for themselves, thereby causing them to gain unjust enrichment." *Id.* 15. Defendant's Motion is fully briefed and ripe for determination.

## Legal Standards and Analysis

### 12(b)(5)

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999). When a defendant has not been properly served, and service has not been waived, "a court ordinarily may not exercise power over a party the complaint names as defendant." *Id.* (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987)). A motion to dismiss under Rule 12(b)(5) "turns on the legal sufficiency of the service of process." *Quinn v. Miller,* 470 F. App'x 321, 323 (5th Cir. 2012) (per curiam).

2

"Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1353). "Once the validity of service has been contested, the plaintiff bears the burden of establishing its validity." *In re Katrina Canal Breaches Litig.*, 309 F. App'x 833, 835 (5th Cir. 2009) (per curiam) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). When the serving party fails to meet this burden, the district court may exercise its discretion to quash the service and "dismiss without prejudice all claims against the improperly-served defendants." *Lucky v. Haynes,* 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) (citing *Gartin,* 289 Fed. App'x at 691-92). "*Pro se* status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citing *Kersh v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988) ("'[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'")).

Defendant Acosta moves to dismiss Plaintiff's Third Amended Complaint under Rule 12(b)(5). Acosta contends that Plaintiff failed to comply with Fed. R. Civ. P. 4(e) because "he personally mailed the Amended Complaint by certified mail" to her work address without a summons. Mot. 4. Further, Acosta asserts that

Plaintiff never served on her a copy of his Third Amended Complaint, the live pleading. *Id.*

Because the Court determines that Plaintiff's claims against Acosta should be dismissed under Rule 12(b)(6) for failure to state a claim, the Court need not reach Defendant's argument for dismissal under Rule 12(b)(5) for insufficiency of service of process. *Roque v. AT & T's Inc.*, 2013 WL 3832692, at *1 n.2 (E.D. La. July 23, 2013) (citing *Bova v. Pipefitters & Plumbers Local 60, AFL–CIO,* 554 F.2d 226, 227-28 & n.7 (5th Cir. 1977) (concluding that, because plaintiff failed to state a claim on which relief could be granted, it was "unnecessary to decide whether several of the defendants were properly subjected to the personal jurisdiction of the district court"); *Harris v. Holder,* 885 F. Supp. 2d 390, 396 n.4 (D.D.C. 2012) (declining to address defendants' motions to dismiss under Rules 12(b)(2), 12(b)(3), 12(b)(4), and 12(b)(5) because the complaint failed to state a claim on which relief could be granted)).

### 12(b)(6)

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive Defendant's Motion to Dismiss, therefore, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must

4

be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

I.

Defendant Juana S. Acosta moves to dismiss Plaintiff's claims against her because Plaintiff "fail[s] to articulate a claim for which he is entitled to relief." Mot. 10. While it is unclear exactly which of Plaintiff's more-than-23 claims he brings against Defendant Acosta, he only specifically asserts, "Unknown Defendants and Juana Saloma Acosta conspired to defame Petitioner's character in order to create more work for themselves, thereby causing them to gain unjust enrichment." Third Am. Compl. 15. The Court, therefore, construes Plaintiff's Third Amended Complaint as bringing "defamation with conspiracy" and unjust-enrichment claims against Acosta.

### i. Defamation with Conspiracy and Unjust Enrichment

Plaintiff's Third Amended Complaint fails to state a claim for defamation. Though Plaintiff cites no legal support for his claim, because there is "no federal constitutional right to be free from defamation," the Court construes Plaintiff's Third Amended Complaint as bringing a state-law defamation claim. *Davis v. City of Aransas Pass*, 605 F. App'x 429, 429 (5th Cir. 2015) (per curiam). "Defamation is a tort, the threshold requirement for which is the publication of a false statement of fact to a third party." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018) (citing *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017)). In Texas, to bring a defamation claim, a Plaintiff must establish "(1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the

plaintiff is a private individual); and (4) damages (unless the statement constitutes defamation per se)." *D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017) (citing *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015); *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). In Plaintiff's Third Amended Complaint, under "18. Count 16 – Defamation with Conspiracy," he states that "Defendants attacked [his] professional character or standing, has [sic] caused [him] to be shamed, ridiculed, held in contempt, lowered in the estimation of the community, to lose employment status plus earnings, and otherwise suffer a damaged reputation." Third Am. Compl. 67. He further alleges that "Defendants knowingly made light of [his] unusual gullibility and published or otherwise distributed this information," that "Defendants acted intentionally or recklessly with conduct that was extreme and outrageous," and that Plaintiff suffered emotional distress as a result of this conduct. *Id.* Plaintiff does not identify any false, defamatory statement made about himself, nor plead that Acosta published it. Accordingly, since Plaintiff only makes conclusory allegations stating that Acosta "defamed [his] character," he fails to state a claim for defamation.

With respect to the "with conspiracy" piece, Plaintiff also fails to state a claim that Defendant Acosta conspired to defame him. Under "18. Count 16 – Defamation with Conspiracy," Plaintiff cites "§ 1513(F)" and alleges that "Defendants worked in concert to hide material facts from [him]." Third Am. Compl. 67. Because Plaintiff refers to § 1513 throughout his Complaint, the Court understands that he intends 18 U.S.C. § 1513, "Retaliating against a witness, victim,

7

or an informant." *See, e.g.*, Third Am. Compl. 9, 11, 36, 72. Section 1513(f) reads, "Whoever conspires to commit any offense under this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." However, "a private party may not enforce criminal statutes through a civil action." *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *5 (N.D. Tex. Nov. 12, 2004) (citations omitted) (dismissing Plaintiff's claim for criminal relief with prejudice as "legally untenable"); *see also Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."). Accordingly, Plaintiff's § 1513-conspiracy claim should be dismissed with prejudice.

Though Plaintiff cites no other grounds for a conspiracy claim, if he intended to bring a civil-conspiracy claim, his allegations would also fail under both federal and state law. In the Fifth Circuit, "[i]t is now well settled . . . that 'mere conclusory allegations of conspiracy [under 42 U.S.C. § 1983[2]] cannot, absent reference to material facts, state a substantial claim of federal conspiracy.'" *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222 (5th Cir. 1989) (per curiam) (quoting *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Because Plaintiff only makes conclusory allegations that "Unknown Defendants" and Acosta conspired

---

[2] Defendant Acosta is a clinical manager employed by a local governmental community mental health and intellectual disabilities center, "Metrocare Services." Mot. 1.; Def.'s App. 1 (ECF No. 59).

against him, he fails to state a civil-conspiracy claim under federal law against Acosta.

Further, under Texas law, "'An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'" *Matter of ATP Oil & Gas Corp.*, 711 F. App'x 216, 223 (5th Cir. 2017) (per curiam) (quoting *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). "'The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.'" *Id.* (quoting *Massey*, 652 S.W.2d at 934). Plaintiff fails to allege facts establishing any of these essential elements. Accordingly, Plaintiff's Third Amended Complaint also does not state a claim for civil conspiracy under state law against Acosta.

Because Plaintiff's defamation claim fails, he is unable to sufficiently plead that he is entitled to recover for Defendant's allegedly defamatory conduct under an unjust-enrichment theory. However, even if Plaintiff had stated a defamation claim, he does not plead any facts demonstrating that he is entitled to recovery under this theory. Under Texas law, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citing *Pope v. Garrett,* 211 S.W.2d 559, 560, 562 (1948); *Austin v. Duval,* 735 S.W.2d 647, 649 (Tex. App.—Austin 1987, writ

denied)). Plaintiff refers to "unjust enrichment" throughout his Third Amended Complaint but does not explain how Acosta obtained a benefit from him by fraud, duress, or "the taking of an undue advantage." Third Am. Compl. 5, 15, 21, 51, 81, 84. In his Third Amended Complaint, Plaintiff includes the heading "29. Unjust Enrichment," but lists nothing beneath it. *Id.* 81. Accordingly, Plaintiff has not pleaded sufficient facts to support recovery under an unjust-enrichment theory.

## II.

In addition to the foregoing claims, in his response to Defendant's motion, Plaintiff maintains that Defendant "stands accused of violations of HIPAA, Invasion of Privacy,[3] the intentional infliction of emotional distress, and conspiracy to commit all other counts naming unknown defendants." Pl.'s Resp. 1 (ECF No. 63). And later in his response, Plaintiff states, "Defendant Juana Saloma Acosta was named in the Third Amended Complaint with regards to violations of the Health Insurance Portability and Accountability Act (HIPAA) with conspiracy, the Intentional Infliction of Emotional Distress with Conspiracy, Defamation with Conspiracy, Aiding and Abetting, AND will have a claim of perjury (Aggravated)[4] filed against her for submitting a false instrument to this Court." Pl.'s Resp. 3. However, Defendant Acosta points out in her reply that Plaintiff does not assert

---

[3] Though Plaintiff appears to recite the elements of an invasion-of-privacy claim within his Fourth Amendment claim, he does not allege an independent invasion-of-privacy claim in his Third Amended Complaint. Third Am. Compl. 1-2, 50-51. Accordingly, the Court does not consider it.

[4] As mentioned above, private parties may not enforce criminal statutes through civil actions. *Mass*, 2004 WL 2624255, at *5. For this reason, the Court will not address Plaintiff's threatened "aggravated perjury" claim.

any claim for a HIPAA violation, intentional infliction of emotional distress, or aiding and abetting against her in his Third Amended Complaint. Def.'s Reply 3-4 (ECF No. 70); *see* Third Am. Compl. Nonetheless, if Plaintiff amended his Complaint to assert claims for a HIPAA violation, intentional infliction of emotional distress, and aiding and abetting against Acosta, they would fail for the following reasons[5].

### i. HIPAA

Even if Plaintiff amended his Complaint to assert a claim for a HIPAA violation against Acosta, he would be unable to state a claim. HIPAA does not provide a private cause of action for individuals affected by a health-care privacy breach. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction . . . ."). Also, the District Court previously dismissed with prejudice Plaintiff's claim for relief with respect to alleged HIPAA violations for this same reason. Mem. Op. and Order 9 (ECF No. 29) (citing *Acara*, 470 F.3d at 571-72) ("Accordingly, the court will dismiss with prejudice any claim for relief asserted by Plaintiff for HIPAA violations."). Therefore, even if Plaintiff amended his Complaint to bring a claim for a HIPAA violation against Acosta, she would be entitled to dismissal of that claim.

---

[5] Plaintiff asserts all three of these claims "with conspiracy," and references 18 U.S.C. § 1513 in connection with them in his Third Amended Complaint. Third Am. Compl. 2, 36-37, 43-46, 48-49. The Court addressed Plaintiff's conspiracy claims under § 1513 in its discussion of Plaintiff's defamation claim in section I.

## ii. Intentional Infliction of Emotional Distress

Even if Plaintiff had brought an intentional-infliction-of-emotional-distress claim against Acosta, he would not be able to state a claim. As legal support for his intentional infliction of emotional distress claim, Plaintiff cites 18 U.S.C. § 1514, "Civil action to restrain harassment of a victim or witness." Third Am. Compl. 43. Specifically, he cites the definition of "harassment," which the section defines as "a serious act or course of conduct directed at a specific person that—(i) causes substantial emotional distress in such person; and (ii) serves no legitimate purpose." 18 U.S.C. § 1514(d)(1)(B). 18 U.S.C. § 1514, however, "creates a civil action to restrain harassment in the context of a federal criminal case." *Johnson v. Loyola Univ. New Orleans*, 673 F. App'x 436, 436-37 (5th Cir. 2017) (per curiam). Since there is no federal criminal case at issue, this statute is inapplicable. Accordingly, Plaintiff would be unable to state a claim against Acosta under this statute.

To the extent Plaintiff intended to bring a state-law intentional-infliction-of-emotional-distress claim, he fails to plead facts sufficient to allege each required element. In Texas, "[t]he elements of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress that the plaintiff suffered was severe." *Brewerton v. Dalrymple*, 997 S.W.2d 212, 215 (Tex. 1999) (citation omitted). Plaintiff recites these elements but does not plead facts sufficient to support each

12

element. Instead Plaintiff describes how "unknown Defendants" conspired with his ex-wife to implant an electronic device within him, "place [him] in a mental hospital," "prevent him from proceeding with his complaint of his phone being illegally wiretapped by his wife and someone in law enforcement who was having sex while on duty with her," and other similar allegations. Third Am. Compl. 44. While a court cannot dismiss a plaintiff's complaint under Rule 12(b)(6) because the court does not believe the plaintiff's allegations, "dismissal may nonetheless be appropriate when the facts set forth in the complaint are clearly baseless because they are fanciful, fantastic, or delusional." *Starrett v. Lockeed Martin Corp.*, 2018 WL 1399177, at *3 (N.D. Tex. Mar. 9, 2018), *adopted by Starrett v. Lockheed Martin Corp.*, 2018 WL 1383398, at *1 (N.D. Tex. Mar. 19, 2018) (citing *Mason v. AT & T Servs., Inc.*, 2014 WL 804019, at *2 (N.D. Tex. Feb. 28, 2014) (finding plaintiff's claims that her employer played audible sounds and noises in an attempt to make her quit, intercepted her telephone and internet activity in retaliation, and spied on her and her family members' houses with cameras and audio equipment fantastic, delusional, and factually frivolous and dismissing such claims under 28 U.S.C. § 1915(e)); *Patterson v. U.S. Gov't*, 2008 WL 5061800, at *1-2 (N.D. Tex. Nov. 25, 2008) (same as to allegations that plaintiff received messages through the television to return to her husband, that she was being tracked by a remote control bracelet, and that someone at a family crisis center threatened to put her in a dungeon); *Jackson v. Johnson*, 2005 WL 1521495, at *1-2 (N.D. Tex. June. 25, 2005) (same as to allegations that the FBI conspired with state and local police to

13

invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry")). Because Plaintiff's allegations are fanciful, fantastic, or delusional, Defendant Acosta would be entitled to dismissal of Plaintiff's state-law intentional-infliction-of-emotional-distress claim even if he amended his Complaint to assert such a claim against her.

### iii. Aiding and Abetting

Even if Plaintiff had brought an aiding-and-abetting claim against Acosta, he would not be able to state a claim. The Texas Supreme Court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (citing *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996)). Even so, "the court of appeals determined that such a claim requires evidence that the defendant, with wrongful intent, substantially assisted and encouraged a tortfeasor in a wrongful act that harmed the plaintiff." *Id.* at 225. It appears that the wrongful act for which Plaintiff seeks aiding-and-abetting relief is "church arson" under 18 U.S.C. § 247, "Damage to religious property; obstruction of persons in the free exercise of religious beliefs." Third Am. Compl. 71. 18 U.S.C. § 247 only provides for criminal liability. As previously discussed, private parties may not enforce criminal statutes through civil actions. Accordingly, even if Plaintiff amended his Complaint to bring this aiding-and-abetting claim against Defendant Acosta, he would not be able to state an aiding-and-abetting claim against her.

This Court gave Plaintiff one final opportunity to plead his case; in response to the Court's Order, Plaintiff filed his Third Amended Complaint. Order (ECF No. 47). Because Plaintiff's Third Amended Complaint fails to state any claim against Defendant Acosta, all of Plaintiff's claims against her should be dismissed with prejudice.

## RECOMMENDATION

For the foregoing reasons, the Court should GRANT Defendant Juana S. Acosta's Amended Motion to Dismiss, (ECF No. 58), and DISMISS Plaintiff's claims against her with prejudice.

**SO RECOMMENDED.**

July 26, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).